Laura Leigh Geist (CSB No. 180826)
Barrington Dyer (CSB No. 264762)
WILLKIE FARR & GALLAGHER LLP
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:  (415) 858-7400
E-mail:  lgeist@willkie.com
        bdyer@willkie.com

Tariq Mundiya (*pro hac vice*)
Charles Cording (*pro hac vice*)
Brady Sullivan (*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Telephone:  (212) 728-8000
E-mail:  tmundiya@willkie.com
        ccording@willkie.com
        bsullivan@willkie.com

Attorneys for Defendants
CareDx, Inc., Reginald Seeto,
Ankur Dhingra, Marcel Konrad,
and Peter Maag

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL UNION #295 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CAREDX, INC., et al.,<br><br>                    Defendants. | Case No.  22-cv-03023-TLT<br><br>**NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date: May 16, 2023<br>Time: 2:00 PM<br>Courtroom: 9, 19th Floor<br>Judge: Hon. Trina L. Thompson |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AC
No. 22-cv-03023-TLT

In connection with their motion to dismiss the Amended Complaint ("AC," ECF No. 153), Defendants CareDx, Inc. ("CareDx"), Peter Maag, Reginald Seeto, Marcel Konrad, and Ankur Dhingra (collectively "Defendants") submit that the Court may consider the contents of **Exhibits A–U** attached to the accompanying Declaration of Charles D. Cording (the "Cording Declaration"). These documents are referred to, relied on, and quoted in the AC, and are also subject to judicial notice by the Court pursuant to Rule 201 of the Federal Rules of Evidence and relevant case law. The documents submitted for the Court's consideration are as follows:

1. Excerpts from CareDx's SEC Form 10-K for the year 2020, filed February 24, 2021, attached as **Exhibit A** to the Cording Declaration. Plaintiffs purport to refer to or rely on Exhibit A at paragraphs 37–38 and 229 of the AC.

2. Excerpts from CareDx's SEC Form 10-K for the year 2021, filed February 24, 2022, attached as **Exhibit B** to the Cording Declaration. Plaintiffs purport to refer to or rely on Exhibit B at paragraph 229 of the AC.

3. Excerpts from CareDx's SEC Form 10-Q for the first quarter of 2022, filed May 5, 2022, attached as **Exhibit C** to the Cording Declaration. Plaintiffs purport to refer to or rely on Exhibit C at paragraphs 99, 102, 161–163 and 198 of the AC.

4. Excerpts from CareDx's SEC Form 10-Q for the third quarter of 2022, filed November 3, 2022, attached as **Exhibit D** to the Cording Declaration. Plaintiffs purport to refer to or rely on Exhibit D at paragraphs 13, 14, 111, and 201 of the AC.

5. Excerpts from CareDx's SEC Form 8-K, filed January 21, 2021, disclosing, among other things, the underwriting agreement entered in January 20, 2021, attached as **Exhibit E** to the Cording Declaration. Plaintiffs purport to refer to, rely on, or quote Exhibit E at paragraphs 27, 44, and 126–28 of the AC.

6. Excerpts from CareDx's SEC Form 8-K, filed April 15, 2022, disclosing, among other things, the sale agreement entered in April 14, 2022, attached as **Exhibit F** to the Cording Declaration. Plaintiffs purport to refer to, rely on, or quote Exhibit F at paragraphs 28 and 158–60 of the AC.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AC
No. 22-cv-03023-TLT

7. A compendium of SEC Form 4s filed on behalf of Defendant Reginald Seeto, from March 1, 2021 to March 23, 2022, corresponding to the trades alleged in paragraph 184 of the AC, attached as **Exhibit G** to the Cording Declaration.

8. Transcript of CareDx's earnings call from April 30, 2020, attached as **Exhibit H** to the Cording Declaration.

9. Transcript of CareDx's earnings call from February 24, 2021, attached as **Exhibit I** to the Cording Declaration. Plaintiffs purport to refer to, rely on, or quote Exhibit I at paragraphs 134–38 and 155–57 of the AC.

10. Transcript of CareDx's earnings call from May 5, 2021, attached as **Exhibit J** to the Cording Declaration. Plaintiffs purport to refer to, rely on, or quote Exhibit J at paragraphs 139–42 of the AC.

11. Transcript of CareDx's earnings call from July 29, 2021, attached as **Exhibit K** to the Cording Declaration. Plaintiffs purport to refer to, rely on, or quote Exhibit K at paragraphs 145–47 of the AC.

12. Transcript of CareDx's earnings call from October 28, 2021, attached as **Exhibit L** to the Cording Declaration. Plaintiffs purport to refer to, rely on, or quote Exhibit L at paragraphs 148–54 and 197 of the AC.

13. Transcript of CareDx's earnings call from May 5, 2022, attached as **Exhibit M** to the Cording Declaration. Plaintiffs purport to refer to, rely on, or quote Exhibit M at paragraphs 108, 161–63, and 198 of the AC.

14. Transcript of CareDx's earnings call from November 3, 2022, attached as **Exhibit N** to the Cording Declaration. Plaintiffs purport to refer to, rely on, or quote Exhibit N at paragraphs 111, 115, and 201 of the AC.

15. Transcript of the Jefferies LLC London Healthcare Conference, held on November 15, 2022, attached as **Exhibit O** to the Cording Declaration. Plaintiffs purport to refer to, rely on, or quote Exhibit P at paragraphs 121–122 of the AC.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AC
No. 22-cv-03023-TLT

16. Transcript of the BTIG Virtual MedTech, Digital Health, Life Sciences, and Diagnostic Tools Conference, held on February 18, 2021, attached as **Exhibit P** to the Cording Declaration. Plaintiffs purport to refer to or rely on Exhibit P at paragraph 130 of the AC.

17. Analyst report from Jefferies Equity Research titled "Positive Initial View from CAC Meeting on MDx Tests for Kidney Transplants," dated November 16, 2022, attached as **Exhibit Q** to the Cording Declaration.

18. Analyst report from Craig-Hallum Capital Group LLC titled "Initial Thoughts on MolDx CAC Meeting: KOLs Defend dd-cfDNA's Value in Transplant, But Is MolDx Questioning The Surveillance Setting?," dated November 17, 2022, attached as **Exhibit R** to the Cording Declaration. Plaintiffs purport to refer to, rely on, or quote Exhibit R at paragraph 124 of the AC.

19. Analyst report from Raymond James & Associates titled "3Q Beats Slightly, Unchanged Outlook Still Supports Strong Buy," dated October 29, 2021, attached as **Exhibit S** to the Cording Declaration.

20. Analyst report from Raymond James & Associates titled "Yakety Yak, Let's Talk CAC: Meeting Supports cfDNA Value as Opposed to Raising Major Red Flags," dated November 16, 2022, attached as **Exhibit T** to the Cording Declaration.

21. The Motion to Compel Arbitration filed by CareDx in the Superior Court of the State of California, County of San Mateo on April 21, 2022, captioned *Olymbios v. CareDx Inc.*, No. 22-civ-01582 (Sup. Ct. Apr. 15, 2022), attached as **Exhibit U** to the Cording Declaration.

**Exhibits A–G, I–P, and R Are Materials Referred To, Relied On, And Quoted In The AC And Are Incorporated By Reference**

Because Plaintiffs in the AC refer to, rely on, quote, and/or base their claims on portions of Exhibits A–G, I–P, and R, the incorporation-by-reference doctrine allows the Court to consider such documents on a motion to dismiss. *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (holding that courts may "properly consider [a document] in its entirety" if the document is referenced in the complaint); *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308,

3

322 (2007) ("courts must consider the complaint in its entirety [including] . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). The Court may consider the full contents of such documents, even if a complaint only relies on certain portions. *See Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citing cases and noting that the doctrine of incorporation by reference prevents plaintiffs from omitting "documents that weaken—or doom—their claims" in favor of only those that support them).[1]

**Exhibit H, Q, S, T, and U Are Properly Subject To Judicial Notice**

Exhibits H, Q, S, T, and U—analyst reports covering CareDx, a court filing from *Olymbios v. CareDx Inc.*, No. 22-civ-01582 (Sup. Ct. Apr. 15, 2022), and an earnings call transcript— although not expressly referenced in the AC, are subject to judicial notice. *See generally* Fed. R. Evid. 201 (providing court may take notice of a fact that is not subject to reasonable dispute).

Courts routinely take judicial notice of publicly available analyst reports covering the corporate defendant in a securities fraud action, such as Exhibits Q, S, and T. *See Khoja*, 899 F.3d at 1004–05 (granting judicial notice of analyst reports); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (granting judicial notice of analyst report "not for the truth of [its] contents, but to determine the information available to the market"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *6–7 (N.D. Cal. Apr. 28, 2020) (taking judicial notice of JP Morgan Securities analyst reports).

Likewise, public court filings such as CareDx's Motion to Compel Arbitration filed in *Olymbios v. CareDx Inc.*, No. 22-civ-01582 (Sup. Ct. Apr. 15, 2022) are also subject to judicial notice. *See Voss v. Sutardja*, 2015 WL 349444, at *5 (N.D. Cal. Jan. 26, 2015) (on a motion to

---

[1] To the extent the Court determines that any of Exhibits A–G, I–P, or R are not incorporated by reference in the AC, they are all subject to judicial notice at the pleading stage of a securities fraud suit. *See McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051–52 (N.D. Cal. 2019) (taking judicial notice of earnings call transcripts); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (taking judicial notice of SEC filings, including Form 4 filings); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *6–7 (N.D. Cal. Apr. 28, 2020) (taking judicial notice of analyst reports); *Voss v. Sutardja*, 2015 WL 349444, at *5 (N.D. Cal. Jan. 26, 2015) (taking judicial notice of court filings).

dismiss, taking judicial notice of publicly available court filings, including trial exhibits filed in a separate litigation). Here, Plaintiffs extensively rely on and quote from the Complaint filed by Dr. Olymbios in the above-referenced matter. This Court should also take judicial notice of CareDx's response to that Complaint, the Motion to Compel Arbitration (Exhibit U), which was granted on June 10, 2022.

Courts also take judicial notice of earnings call transcripts, such as Exhibit H. *See McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051–52 (N.D. Cal. 2019) (taking judicial notice of earnings call transcripts); *In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006) (taking judicial notice of earnings call transcripts and stating these documents are the "type of documents of which this Court properly make take judicial notice").

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AC
No. 22-cv-03023-TLT

Dated: January 27, 2023

By: /s/ *Laura Leigh Geist*
Laura Leigh Geist


WILLKIE FARR & GALLAGHER LLP
Laura Leigh Geist (CSB No. 180826)
Barrington Dyer (CSB No. 264762)
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:  (415) 848-7400
E-mail:  lgeist@willkie.com
         bdyer@willkie.com


WILLKIE FARR & GALLAGHER LLP
Tariq Mundiya (admitted *pro hac vice*)
Charles Cording (admitted *pro hac vice*)
Brady Sullivan (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone:  (212) 728-8000
E-mail:  tmundiya@willkie.com
         ccording@willkie.com
         bsullivan@willkie.com

*Counsel for Defendants*
*CareDx, Inc., Reginald Seeto,*
*Ankur Dhingra, Marcel Konrad,*
*and Peter Maag*

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AC
No. 22-cv-03023-TLT