ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
JASON C. DAVIS (253370)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jdavis@rgrdlaw.com
        – and –
SPENCER A. BURKHOLZ (147029)
SEAN C. MCGUIRE (319521)
NICOLE Q. GILLILAND (335132)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
smcguire@rgrdlaw.com
ngilliland@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL UNION #295 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br>                              Plaintiff, <br><br>        vs. <br><br> CAREDX, INC., et al., <br><br>                              Defendants. | Case No. 3:22-cv-03023-TLT <br><br> CLASS ACTION <br><br> DECLARATION OF LESTER R. HOOKER IN SUPPORT OF LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE ALLEGATIONS IN PLAINTIFFS' AMENDED COMPLAINT <br><br> Date:        May 16, 2023 <br> Time:        2:00 PM <br> Courtroom:  9, 19th Floor <br> Judge:       Hon. Trina L. Thompson |

I, Lester R. Hooker, declare as follows:

1.       I am a Director at the law firm Saxena White P.A., counsel for lead plaintiffs Oklahoma Police Pension and Retirement System, Sheet Metal Workers Local 19 Pension Fund, Local 353, I.B.E.W. Pension Fund, and Beaumont Firemen's Relief & Retirement Fund (collectively, "Lead Plaintiffs"). I respectfully submit this declaration in support of Lead Plaintiffs' Opposition to Defendants' Motion to Strike Allegations in Plaintiffs' Amended Complaint. I have personal knowledge of the matters stated herein, and, if called upon, I could and would competently testify thereto.[1]

2.       Attached as Exhibit 1 hereto is a true and correct copy of an email from counsel for Dr. Olymbios dated April 8, 2022, to participants in an arbitration between CareDx and Dr. Olymbios, in which counsel describes Dr. Olymbios' belief that the proceedings are an attempt to "chill legitimate whistleblowing activ[ity]." Exhibit 1 was filed in related proceedings, *Olymbios v. CareDx, Inc.*, No. 22-civ-01582 (Cal. Sup. Ct., San Mateo Cnty., Apr. 25, 2022), as Exhibit J to the Declaration of Jessica Mendelson.

3.       Attached as Exhibit 2 hereto is a true and correct copy of an email from Dr. Olymbios to counsel for Lead Plaintiffs dated January 26, 2023. Lead Plaintiffs' investigation and subsequent discussions with counsel for Dr. Olymbios revealed this email was from Dr. Olymbios.

4.       Attached as Exhibit 3 hereto is a true and correct copy of an email chain between Dr. Olymbios and Defendant Maag dated February 20, 2020. Exhibit 3 was filed in related proceedings, *Olymbios v. CareDx, Inc.*, No. 22-civ-01582 (Cal. Sup. Ct., San Mateo Cnty., Apr. 25, 2022), as Exhibit F to the Declaration of Jessica Mendelson.

5.       I conferred with counsel for Dr. Olymbios on multiple occasions, both prior to and after the filing of the Complaint in this matter, to discuss the basis for Dr. Olymbios' allegations and to arrange an interview with Dr. Olymbios. In the course of these discussions, which occurred on or about September 1, 2022, September 7, 2022, February 7, 2023, February 9, 2023, and February 21, 2023, I unequivocally believed in good faith that counsel for Dr. Olymbios had acted with diligence

---

[1]     All terms not otherwise defined have the same meanings as in the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF 53) ("Complaint").

and professionalism in accurately reporting facts provided by Dr. Olymbios, which were supported and corroborated by documentary evidence also provided by Dr. Olymbios to his counsel. I shared the substance of my discussions and bases for my beliefs with my colleagues, who provided those facts to Jason C. Davis, who is also lead counsel for Lead Plaintiffs, and who also attended a call with counsel for Dr. Olymbios, in which counsel reiterated that Dr. Olymbios' factual allegations are sound.

6.    In the course of my discussions with counsel for Dr. Olymbios, counsel for Dr. Olymbios confirmed that they had a sound evidentiary basis for the allegations in the Olymbios complaint and that counsel for Dr. Olymbios had complied with their own Rule 11 obligations. As noted, co-lead counsel for Lead Plaintiffs, Mr. Davis, attended one of these discussions.

7.    Neither Dr. Olymbios nor his counsel have ever disputed any of the facts advanced in the Olymbios complaint or the Complaint and have, instead, confirmed the evidentiary basis for those allegations.

8.    Lead Plaintiffs' extensive pre-filing investigation involved contacting over 85 former CareDx employees, eight of whom are detailed in the Complaint and who corroborate the facts alleged by Dr. Olymbios in his complaint. It also involved retaining the services of an outside consulting firm to conduct an extensive analysis and financial modeling of CareDx's business with Medicare.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of March, 2023.

s/ Lester R. Hooker
LESTER R. HOOKER

HOOKER DECL IN SUPPORT OF LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE ALLEGATIONS IN PLAINTIFFS' AMENDED COMPLAINT - 3:22-cv-03023-TLT        - 2 -