Laura Leigh Geist (CSB No. 180826)
Barrington Dyer (CSB No. 264762)
WILLKIE FARR & GALLAGHER LLP
One Front Street, 34th Floor
San Francisco, CA  94111
Telephone:  (415) 858-7400
E-mail:  lgeist@willkie.com
         bdyer@willkie.com


Tariq Mundiya (*pro hac vice*)
Charles Cording (*pro hac vice*)
Brady Sullivan (*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY  10019-6099
Telephone:  (212) 728-8000
E-mail:  tmundiya@willkie.com
         ccording@willkie.com
         bsullivan@willkie.com


Attorneys for Defendants
*CareDx, Inc., Reginald Seeto,*
*Ankur Dhingra, Marcel Konrad,*
*and Peter Maag*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL UNION #295 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | Case No. 22-cv-03023-TLT |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT** |
| vs. | |
| CAREDX, INC., REGINALD SEETO, ANKUR DHINGRA, MARCEL KONRAD, and PETER MAAG, | Date:  May 23, 2023 Time:  2:00 PM Courtroom:  9, 19th Floor Judge:  Hon. Trina L. Thompson |
| Defendants. | |

Defendants CareDx, Inc. ("CareDx"), Peter Maag, Reginald Seeto, Marcel Konrad, and Ankur Dhingra submit this Reply in further support of Defendants' Notice of Incorporation by Reference and Request for Judicial Notice ("RJN," ECF No. 59) and in response to Plaintiffs' Opposition to Defendants' RJN ("RJN Opp.," ECF No. 70).

In the RJN, Defendants demonstrated that sixteen documents attached to the Declaration of Charles D. Cording ("Cording Declaration," ECF No. 58-1) (Exhibits A–G, I–P, and R) were incorporated by reference in the Amended Complaint ("AC") and that therefore the Court may consider the full contents of those documents on a motion to dismiss.  RJN 3–4.  Defendants also showed that five other documents (Exhibits H, Q, S, T, and U to the Cording Declaration) were properly subject to judicial notice by the Court pursuant to Rule 201 of the Federal Rules of Evidence and relevant case law.  RJN 1, 4–5.

Plaintiffs offer no meaningful rebuttal to the RJN.

### Exhibits A–G, I–P, and R Are Incorporated By Reference

Plaintiffs do not dispute that the AC incorporates by reference Exhibits A–G, I–P, and R. RJN Opp. at 1.  Thus, the full contents of Exhibits A–G, I–P, and R should be treated as "part of the complaint."  *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). The rationale behind this rule—to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom— their claims"—is especially applicable in a securities fraud case where the context of alleged misstatements is critical to the Court's analysis of whether those statements constitute actionable false statements.  *Id.*[1]  For example, here, Plaintiffs cherry-pick certain statements made by Defendants without providing the necessary context.  Plaintiffs argue in the Opposition to Defendants' Motion to Dismiss that Dr. "Seeto told investors the Company had a 'record' year

---

[1] Indeed, the Supreme Court has directed that, in assessing securities fraud claims, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

because they 'creat[ed] this mobile phlebotomy service' called RemoTraC." Opp. to Mot. to Dismiss (ECF No. 68) 15. But an examination of the call transcript that Plaintiffs quote—Exhibit P to the Cording Declaration—reveals that Plaintiffs misstate what was said, as Dr. Seeto's quoted response was to a *separate* question by an analyst about the future prospects for RemoTraC beyond the pandemic, and had no connection to CareDx's prior financial success or record year. Ex. P at 3–4. Plaintiffs rely on *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–99 (9th Cir. 2018) (cited at RJN Opp. 1), but "nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context." *Eventbrite*, 2020 WL 204078, at *7.

There is no dispute that the Court may consider the full contents of Exhibits A–G, I–P, and R in deciding Defendants' Motion to Dismiss.

### Exhibit H, Q, S, T, and U Are Properly Subject To Judicial Notice

Plaintiffs also do not meaningfully contest that Exhibits H, Q, S, T, and U—analyst reports covering CareDx, a court filing from *Olymbios v. CareDx Inc.*, No. 22-CIV-01582 (Sup. Ct. Apr. 15, 2022), and an earnings call transcript—are subject to judicial notice. As Defendants demonstrated in the RJN, courts hearing motions to dismiss securities fraud cases routinely take judicial notice of these exact kinds of documents. RJN at 4–5; *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (taking judicial notice of analyst reports); *McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051–52 (N.D. Cal. 2019) (taking judicial notice of earnings call transcripts); *Voss v. Sutardja*, 2015 WL 349444, at *5 (N.D. Cal. 2015) (taking judicial notice of publicly available court filings).

Plaintiffs suggest that Defendants are improperly using these Exhibits to "present their own version of the facts." RJN Opp. 1. But Plaintiffs do not provide a single citation or even reference to Defendants' Motion to Dismiss where Defendants purportedly use the Exhibits to improperly raise factual arguments. Nor do Defendants do so. For example, Defendants cite analyst reports (Exhibits Q and T) from November 2022 to show how the market perceived a MolDX advisory meeting discussed in the AC, not for the truth of the contents of the analyst report. Defendants' Mot. to Dismiss (ECF No. 58) 20 n.24. *See also id.* at 19 n.23 (citing analyst report, Exhibit S, to show that the market understood that "'[Medicare Advantage] plans contract more aggressively and

3

are more likely to refuse payment, resulting in lower ASPs than Medicare'"). Nor are Defendants raising factual arguments by citing to Exhibit U, CareDx's Motion to Compel Arbitration in response to the state court complaint filed by Dr. Olymbios that forms the basis of this action. RJN 4–5. The Court may take judicial notice of CareDx's allegations against Dr. Olymbios, and the undisputed factual circumstances surrounding Dr. Olymbios' filing of a public complaint against CareDx, such as his leaving CareDx to work at Natera, CareDx's top competitor, after taking tens of thousands of CareDx documents. *Sutardja*, 2015 WL 349444, at *5. Plaintiffs do not argue otherwise.

Accordingly, Defendants respectfully request that the Court grant the RJN.

DEFENDANTS' REPLY ISO REQUEST FOR JUDICIAL NOTICE
No. 22-cv-03023-TLT

Dated:  April 13, 2023

Respectfully submitted,

By: */s/ Laura Leigh Geist*
    Laura Leigh Geist


WILLKIE FARR & GALLAGHER LLP
Laura Leigh Geist (CSB No. 180826)
Barrington Dyer (CSB No. 264762)
One Front Street, 34th Floor
San Francisco, CA  94111
Telephone:  (415) 848-7400
E-mail:  lgeist@willkie.com
         bdyer@willkie.com


WILLKIE FARR & GALLAGHER LLP
Tariq Mundiya (admitted *pro hac vice*)
Charles Cording (admitted *pro hac vice*)
Brady Sullivan (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY  10019-6099
Telephone:  (212) 728-8000
E-mail:  tmundiya@willkie.com
         ccording@willkie.com
         bsullivan@willkie.com

Attorneys for Defendants
*CareDx, Inc., Reginald Seeto,
Ankur Dhingra, Marcel Konrad,
and Peter Maag*

DEFENDANTS' REPLY ISO REQUEST FOR JUDICIAL NOTICE
No. 22-cv-03023-TLT