**WILLKIE FARR & GALLAGHER LLP**
Laura Leigh Geist (CSB No. 180826)
Barrington Dyer (CSB No. 264762)
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:  (415) 858-7400
E-mail:  lgeist@willkie.com
        bdyer@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Tariq Mundiya (*pro hac vice*)
Charles Cording (*pro hac vice*)
Brady Sullivan (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone:  (212) 728-8000
E-mail:  tmundiya@willkie.com
        ccording@willkie.com
        bsullivan@willkie.com

Attorneys for Defendants
*CareDx, Inc., Reginald Seeto,
and Peter Maag*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL UNION #295 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br>                          Plaintiffs, <br><br> vs. <br><br> CAREDX, INC., PETER MAAG, and REGINALD SEETO <br><br>                          Defendants. | Case No. 22-cv-03023-TLT <br><br> **NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT** <br><br> Date: January 28, 2025 <br> Time: 2:00 p.m. PT <br> Courtroom: 10, 19th Floor – San Francisco <br> Judge: Hon. Trina L. Thompson |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS TAC
No. 22-cv-03023-TLT

In connection with their motion to dismiss the [Corrected] Third Amended Complaint ("TAC," ECF No. 133), Defendants CareDx, Inc. ("CareDx"), Peter Maag, and Reginald Seeto (collectively, "Defendants") submit that the Court may consider the contents of **Exhibits A–T** attached to the accompanying Declaration of Charles D. Cording (the "Cording Declaration"). These documents are referred to, relied on, and quoted in the TAC, and/or are subject to judicial notice by the Court pursuant to Rule 201 of the Federal Rules of Evidence and relevant case law. The documents submitted for the Court's consideration are as follows:

1. Excerpts from analyst report covering CareDx titled, "CareDx (CDNA, Buy, $115 PT)," dated July 20, 2021, attached as **Exhibit A** to the Cording Declaration.

2. Medicare Coverage Database document titled, "Article - Response to Comments: MolDX: AlloSure Donor-Derived Cell-Free DNA Test (A55760)," effective as of December 11, 2017, attached as **Exhibit B** to the Cording Declaration.

3. Excerpts from Medicare Coverage Database document titled, "Article - Response to Comments: MolDX: Molecular Testing for Solid Organ Allograft Rejection (A58778)," effective as of July 4, 2021, attached as **Exhibit C** to the Cording Declaration.

4. CareDx webpage titled, "CareDx - Your Partner in Transplant Care," captured as it existed on June 14, 2020, attached as **Exhibit D** to the Cording Declaration.

5. Excerpts from CareDx's SEC Form 10-K for the year 2020, filed February 24, 2021, attached as **Exhibit E** to the Cording Declaration. Plaintiffs purport to refer to or rely on Exhibit E at paragraphs 243 and 246 of the TAC.

6. Excerpts from transcript of CareDx's earnings call from August 9, 2018, attached as **Exhibit F** to the Cording Declaration.

7. Excerpts from transcript of CareDx's earnings call from February 24, 2021, attached as **Exhibit G** to the Cording Declaration.

8. Excerpts from transcript of CareDx's earnings call from October 29, 2020, attached as **Exhibit H** to the Cording Declaration.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS TAC
No. 22-cv-03023-TLT

9. Excerpts from transcript of CareDx's earnings call from May 5, 2021, attached as **Exhibit I** to the Cording Declaration. Plaintiffs purport to refer to or rely on portions of Exhibit I at paragraph 249 of the TAC.

10. Excerpts from transcript of CareDx's earnings call from October 28, 2021, attached as **Exhibit J** to the Cording Declaration. Plaintiffs purport to refer to or rely on portions of Exhibit J at paragraphs 257 and 315 of the TAC.

11. Excerpts from transcript of CareDx's earnings call from May 5, 2022, attached as **Exhibit K** to the Cording Declaration.

12. Excerpts from CareDx's SEC Form 10-K for the year 2021, filed February 24, 2022, attached as **Exhibit L** to the Cording Declaration. Plaintiffs purport to refer to or rely on portions of Exhibit L at paragraphs 260 and 264 of the TAC.

13. Excerpts from transcript of CareDx's earnings call from April 30, 2020, attached as **Exhibit M** to the Cording Declaration. Plaintiffs purport to refer to or rely on portions of Exhibit M at paragraphs 76 and 218 of the TAC.

14. Excerpts from CareDx's SEC Form 10-K for the year 2022, filed February 27, 2023, announcing that the state regulatory agency completed its review of CareDx's business practices and determined that no further information or action was required, attached as **Exhibit N** to the Cording Declaration.

15. CareDx's SEC Form 8-K, filed September 25, 2023, disclosing that CareDx was notified by the staff of the SEC that it concluded its investigation as to CareDx and did not intend to recommend an enforcement action, attached as **Exhibit O** to the Cording Declaration.

16. Press release from the Centers for Medicare & Medicaid Services ("CMS") titled, "MolDx Local Coverage Determination Statement," dated August 16, 2024, attached as **Exhibit P** to the Cording Declaration.

17. CareDx's SEC Form 8-K, filed October 8, 2024, disclosing that the U.S. Department of Justice declined to intervene in the qui tam action filed by Dr. Olymbios, attached as **Exhibit Q** to the Cording Declaration.

18. Excerpts from CareDx's SEC Form 8-K, filed June 11, 2020, attached as **Exhibit R** to the Cording Declaration.

19. Excerpts from CareDx's SEC Form 8-K, filed January 21, 2021, attached as **Exhibit S** to the Cording Declaration.

20. Notice of Election to Decline Intervention filed by the United States on July 12, 2024 in *United States of America, ex. rel. Olymbios v. CareDx, Inc.*, No. 21-CV-00774 (E.D.N.Y. July 12, 2024), ECF No. 15, attached as **Exhibit T** to the Cording Declaration.

A.  **The Court May Consider the Full Contents of Documents Incorporated By Reference in the TAC**

The Supreme Court has held that, in private securities fraud cases, "courts must consider the complaint in its entirety [including] . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  The Court may consider the full contents of documents incorporated by reference, even if a complaint only relies on certain portions.  *See Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citing cases and noting that the doctrine of incorporation by reference prevents plaintiffs from omitting portions of "documents that weaken—or doom—their claims" in favor of only those that support them).  Here, the TAC refers to, relies on, quotes, and/or bases its claims on portions of Exhibits E, I, J, L, and M.  *See* ¶¶ 76, 218, 243, 246, 249, 257, 260, 264, and 315.[1]  Accordingly, these exhibits are incorporated by reference.

B.  **The Court May Take Judicial Notice of Publicly Available Information For Purposes of Determining Information Available to the Market**

Exhibits A, D, F, G, H, K, R, and S—analyst reports covering CareDx, CareDx earnings call transcripts, CareDx SEC filings, and a CareDx webpage—although not expressly referenced in the TAC, are subject to judicial notice.  Defendants are not asking the Court to consider these documents—or any of the documents incorporated by reference—for the truth of the matter asserted, but rather for the fact that investors were aware of the information contained therein.

---

[1] To the extent the Court determines that any of Exhibits E, I, J, L, and M are not incorporated by reference in the TAC, they are all subject to judicial notice as public records, for the reasons set forth below.

Courts routinely take judicial notice of public documents for the purpose of determining what information was available to the market. *See In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) ("courts routinely take judicial notice of analyst reports . . . in order to determine what may or may not have been disclosed to the public"); *Pardi v. Tricida, Inc.*, 2024 WL 1056013, at *4 (N.D. Cal. Mar. 11, 2024) (taking judicial notice of SEC filings "for the purpose of considering what was disclosed to the market").

In addition, these exhibits are the types of public documents of which courts customarily take judicial notice. *See In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *6–7 (N.D. Cal. Apr. 28, 2020) (analyst report covering corporate defendant in securities fraud action); *Wong v. Arlo Technologies, Inc.*, 2019 WL 7834762, at *4 (N.D. Cal. Dec. 19, 2019) (earnings call transcript); *In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006) (investor call transcripts and SEC filings); *Sneed v. AcelRx Pharms., Inc.*, 2024 WL 2059121, at *4 (N.D. Cal. May 7, 2024) ("pages from the AcelRx and FDA websites"); *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (webpages available through Internet Archive's Wayback Machine).

**C.** **The Court May Take Judicial Notice of Actions and Statements Made By the Government and Medicare Regulators**

Exhibits B, C, and P—public comments available on the Medicare Coverage Database and a press release by Medicare regulators concerning the scope of the local coverage determination ("LCD") for AlloSure—are subject to judicial notice because they are matters of public record and not reasonably subject to dispute. *See Mehedi v. View, Inc.*, 2024 WL 3236706, at *5 (N.D. Cal. June 28, 2024) (taking judicial notice of SEC's publicly available litigation release because "information on government agency websites and agency filings are matters of public record and not subject to reasonable dispute"); *Habelt*, 2022 WL 971580, at *5 ("courts in the Ninth Circuit routinely take judicial notice of . . . documents published by the government itself").

The Court may consider these public statements for the fact that CMS and Medicare Contractors said what they said about the scope of the AlloSure LCD and surveillance testing. Doing so is not uncommon in securities fraud suits premised on alleged regulatory misconduct. For example, in *Jasin v. Vivus, Inc.*, 2016 WL 1570164, at *14, 21–22 (N.D. Cal. Apr. 19, 2016),

plaintiffs alleged that defendants misrepresented the obstacles barring regulatory approval for a drug. However, judicially noticed reports issued by a European regulatory agency undermined these allegations because the reports, though raising concerns, did not communicate that a pre-approval study was required or take the position that the drug's potential side effects entirely foreclosed approval. *Id.* Similarly, in *In re Philip Morris Int'l Inc. Securities Litigation*, 2021 WL 4135059, at *1, 7 (S.D.N.Y. Sept. 10, 2021), the court took judicial notice of the FDA's approvals of defendants' product, as well as the scientific reviews associated with those approvals, because the FDA's determinations—like the Medicare regulators' determinations in Exhibit P—were public. Ultimately, the court found that the FDA's approval "severely undermine[d] any allegations of falsity" with respect to defendants' positive statements about the drug, and the "FDA's endorsement of the Company's statements about the health risks . . . [was] fatal to Plaintiffs' claims." *Id.* at *1, 10–11. *See also Kovtun v. VIVUS, Inc.*, 2012 WL 4477647, at *10 (N.D. Cal. Sept. 27, 2012) (judicially noticed and publicly released FDA briefing documents, containing analysis of potential safety issues, undermined plaintiffs' allegations that defendants concealed material facts prior to FDA's vote on drug approval).

For similar reasons, the Court may also take judicial notice of the government's decision not to intervene in the qui tam action, as reflected in Exhibits Q and T, as well as the conclusion of the SEC and state regulatory authority's investigations into CareDx, reflected in Exhibits N and O (CareDx SEC filings). *See Pardi*, 2024 WL 1056013, at *4 (taking judicial notice of court filing as a matter of public record); *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, at *6 (N.D. Cal. Mar. 31, 2022) (taking judicial notice of SEC filings); *cf. Simon v. Abiomed, Inc.*, 37 F. Supp. 3d 499, 510 (D. Mass. 2014) (considering FDA's "Close-Out Letter," disclosed in defendant's 8-K filing, and the fact that "FDA terminated its investigation without assessing any penalty or sanction").[2] Judicial notice of these records is particularly important here because the TAC relies on the qui tam

---

[2] The Court previously denied Defendants' request for leave to file Exhibit O as supplemental material on the basis that "[b]riefing was complete and the requested material [was] not central to the complaint." Order Denying Admin. Mot. (Oct. 10, 2023), ECF No. 103. Defendants' request is now timely and, for the reasons stated herein, judicial notice is proper.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS TAC
No. 22-cv-03023-TLT

action and the SEC/state regulatory investigation, yet says nothing about the *outcome* of those proceedings.  *See e.g.*, ¶¶ 28–29, 311–18, 320, 323, 332, 350; *cf.* Fed. R. Civ. P. 11(b)(3).

Dated: November 15, 2024                         By: /s/ *Laura Leigh Geist*

WILLKIE FARR & GALLAGHER LLP
Laura Leigh Geist (CSB No. 180826)
Barrington Dyer (CSB No. 264762)
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:  (415) 848-7400
E-mail:  lgeist@willkie.com
          bdyer@willkie.com

WILLKIE FARR & GALLAGHER LLP
Tariq Mundiya (admitted *pro hac vice*)
Charles Cording (admitted *pro hac vice*)
Brady Sullivan (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone:  (212) 728-8000
E-mail:  tmundiya@willkie.com
          ccording@willkie.com
          bsullivan@willkie.com

*Counsel for Defendants*
*CareDx, Inc., Reginald Seeto,*
*and Peter Maag*

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS TAC
No. 22-cv-03023-TLT