# Exhibit W

**COHEN**MILSTEIN

Cohen Milstein Sellers & Toll PLLC
88 Pine Street, 14th Floor
New York, NY 10005
cohenmilstein.com

Michael Eisenkraft
**O:** 212.838.7797
**D:** 212.838.7893
meisenkraft@cohenmilstein.com

December 20, 2024

*Via ECF*

The Honorable Lara K. Eshkenazi
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom N322

      Re:    *U.S. ex rel. Olymbios v. CareDx, Inc., et al.*, No. 1:21-cv-00774

Dear Judge Eshkenazi:

Plaintiff-Relator Michael Olymbios, M.D., submits this response in opposition to Defendant CareDx, Inc.'s ("CareDx") Motion for Reconsideration (ECF No. 26) of the Court's December 10, 2024 Order granting Plaintiff an extension of the time to serve his Complaint. (ECF Text Order Only).

CareDx's Motion for Reconsideration should be denied because it has not demonstrated that the Court's prior order was clearly erroneous or will cause a manifest injustice. Additionally, CareDx's unfounded and false accusations concerning company documents and the disclosure of the Complaint are entirely irrelevant to Plaintiff's request for additional time to serve the Complaint and are appropriately addressed after the Complaint has been served in the normal course of litigation.

This matter concerns allegations that Defendants committed fraud through the submission of false claims to the Centers for Medicare and Medicaid Services and individual state Medicaid programs for reimbursement of CareDx's AlloSure product related to kidney transplant monitoring. Plaintiff filed the Complaint in this matter under seal on February 2, 2021. (ECF No. 1). Earlier this year, the Government concluded its investigation and declined to intervene. (ECF No. 15). On October 7, 2024, the Court ordered that this action be unsealed and that the Plaintiff serve the Complaint on Defendants. (ECF # 21). Well in advance of the service deadline, the Plaintiff sought a 60-day extension of the service deadline, which was granted. (ECF No. 22). Defendant CareDx now seeks to have the Court revisit that decision.

COHENMILSTEIN

December 20, 2024
Page 2

### I. As the Court Determined, There Is Good Cause For a 60-Day Extension of the Date By Which the Complaint Must Be Served

The Complaint has been unsealed for less than 75 days. As explained in Plaintiff's initial extension request, he has been diligently engaging with potential co-counsel or substitute counsel and analyzing possible amendment of the Complaint. (ECF No. 22 at 1). The Court found these bases constitute good cause and granted Plaintiff's request for an extension the next day. Consequently, Plaintiff continues to examine amendment of the Complaint while pursuing potential co-counsel.

While CareDx attempts to cast the Department of Justice and Securities and Exchange Commission's decisions not to pursue the company's fraud as discrediting Plaintiff's allegations, (ECF No. 26 at 4), it is well settled that a declination implies nothing about the merits of a *qui tam* case. *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 n.17 (11th Cir. 2006) ("We do not assume that in each instance in which the government declines intervention in an FCA case, it does so because it considers the evidence of wrong doing insufficient or the *qui tam* relator's allegations for fraud to be without merit. In any given case, the government may have a host of reasons for not pursuing a claim."); *U.S. ex rel. Chandler v. Cook Cnty., Ill.*, 277 F.3d 969, 974 n.5 (7th Cir. 2002) ("There is no reason to presume that a decision by the Justice Department not to assume control of the suit is a commentary on its merits. The Justice Department may have myriad reasons for permitting the private suit to go forward including limited prosecutorial resources and confidence in the relator's attorney.") Besides, other private litigants have sought to hold CareDx accountable for the same fraud alleged in this matter. In 2022, CareDx investors brought a class action lawsuit against the company for substantially similar conduct that corroborates the allegations in this matter through various confidential witnesses. *See Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*, No. 22-CV-03023-TLT (N.D. Cal. May 23, 2022) (ECF No. 1).[1]

Given the circumstances, Plaintiff's request for a 60-day extension is reasonable and enables this case to be litigated more efficiently. An extension will allow the Plaintiff to continue to consider potential co-counsel who may also analyze potential amendment of the Complaint. Additionally, the Court understood these reasons and the procedural posture of this matter when it granted Plaintiff's initial request for an extension. CareDx has provided no new facts that show Plaintiff has failed to act diligently in seeking the requested extension or that the extension is unnecessary, and its motion for reconsideration should be denied accordingly.

---

[1] Attached herein as Exhibit 1 is the recently filed Third Amended Class Action Complaint's Table of Contents (ECF No. 133), which succinctly underscores the similarities between the allegations in the class action suit and Plaintiff's allegations here.

**COHEN**MILSTEIN

December 20, 2024
Page 3

### II. Reconsideration of the December 10, 2024 Order Should Denied Because The Ruling Was Not Clearly Erroneous and Will Not Cause a Manifest Injustice

In an apparent attempt to stymie Plaintiff from securing co-counsel or substitute counsel to represent him in this litigation and affording Plaintiff and his new counsel time to assess a potential amendment of his claims, CareDx has requested that the Court reverse its ruling and order that the Complaint be served by January 1, 2025. Because CareDx has not demonstrated that the ordered 60-day extension was clearly erroneous or will result in a manifest injustice, its motion for reconsideration should be denied.

The Court was clear in its order that it "will consider [CareDx's] submission to be a motion for reconsideration of the Court's Order granting the extension." (ECF Text Only Order). While CareDx briefly cites to the standard of review for a motion for reconsideration, it otherwise entirely ignores that standard, apparently aware that it cannot make the requisite showing. (ECF No. 26 at 2). Instead, CareDx argues that its submission should be construed as an opposition by relying on *In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-CV-8585 (LJL), 2024 WL 791545 (S.D.N.Y. Feb. 26, 2024). However, the parties in *Turquoise Hill* had already entered their appearances and the court was considering a motion for leave to file a third amended complaint, which a party had yet to be heard on prior to the court's ruling. *Id.* at *1. Here, the Court appropriately considered Plaintiff's request for an extension to serve the initial Complaint because the Defendants had yet to be served or enter an appearance, so they were not entitled to an opposition as a matter of course. Thus, the Court appropriately categorized CareDx's submission as a motion for reconsideration. Accordingly, CareDx's Motion for Reconsideration can only be granted if it identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). Indeed, the relevant law related to Federal Rule 4(m) has not changed, CareDx provides no new evidence to upend the Court's prior decision, and points to no clear error by the Court or manifest injustice. Because CareDx does not argue any of the three circumstances above have occurred, its request for reconsideration should be denied.

At most, CareDx argues it is prejudiced by the extension. However, CareDx entirely fails to present any cognizable prejudice it will suffer from a 60-day extension of the service deadline. As an initial matter, CareDx has been aware of the allegations in the Complaint because it reached out to Plaintiff's counsel shortly after the Complaint was unsealed to inquire as to Plaintiff's plans going forward. Ironically, CareDx argues that any delay in this matter harms its reputation and standing–with no reference to any concrete showing of such harm–while simultaneously harming Plaintiff's reputation with specious allegations of breaching the seal in this matter. (ECF No. 26 at 4-6).

**COHEN**MILSTEIN

December 20, 2024
Page 4

CareDx also argues that some of the events in this matter took place 5–8 years ago, which would be exacerbated by an extension of the service deadline and make it more difficult for CareDx to defend itself. (*Id.*). If this reasoning is credited by the Court, it would support the absurd conclusion that a simple 60-day service extension amounts to a significant enough delay to make defending against this suit substantially more difficult. Even worse, this conclusion is belied by CareDx's own detailed arguments related to the substance of Plaintiff's allegations, which accentuates that it can readily defend against the allegations against it. (*Id.*).

Finally, since at least May 2022, CareDx has been on notice of, and is currently defending against, similar allegations of fraud on a class action basis, as discussed above. In that matter, investors are alleging fraud substantially similar to the allegations made by the Plaintiff related to the submission of false claims and kickbacks for CareDx's AlloSure product. *See Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*, No. 22-CV-03023-TLT (N.D. Cal. May 23, 2022) (ECF Nos. 1 and 133); *see also* Exhibit 1, Table of Contents to Third Amended Class Action Complaint. Therefore, any false claims of prejudice or harm to CareDx's reputation as a result of a minor delay of service of the Complaint in this matter are moot because the company is currently, and has been for years, defending against substantially similar, publicly available, allegations.

**III.     CareDx's Unsupported Accusations Concerning Company Documents and the Disclosure of the Complaint Are Irrelevant To Plaintiff's Need for a 60-Day Extension and Are More Appropriately Addressed Later in this Litigation After the Complaint Has Been Served**

In an attempt to deflect from the actual issue before the Court – a simple request to extend the service deadline – CareDx focuses significant portions of its Motion for Reconsideration on accusing Plaintiff of stealing sensitive documents from the company upon his departure and circulating the Complaint in this matter while it was under seal to an association of transplant surgeons in an attempt to harm CareDx's reputation. (ECF No. 26 at 1-2, 5-6).

First, Plaintiff did not steal "thousands of competitively sensitive documents" when Plaintiff's employment with CareDx ended; he simply took his computer with him to ensure he could provide the government with documents relevant to the claims of fraud alleged in this matter and assist with any investigation. Furthermore, CareDx filed suit over Plaintiff's retention of documents, and then pursued its claim through slash and burn arbitration in which it ended up paying Plaintiff far more in sanctions resulting from its bad faith conduct then Plaintiff paid in a very nominal settlement.

Second, CareDx repeatedly misrepresents that Plaintiff and his counsel have not denied Plaintiff's involvement in the alleged dissemination of the sealed Complaint in this matter. (ECF

**COHEN**MILSTEIN

December 20, 2024
Page 5

No. 26 at 2, 5) ("Plaintiff's counsel did not deny that their client had been involved . . . . Olymbios and his counsel have refused to provide a straight answer."). However, in a letter to CareDx's counsel dated September 28, 2023, attached herein as Exhibit 2 ("2023 Letter to CareDx"), Plaintiff and his counsel repeatedly and unequivocally denied these same allegations. (Ex. 1, 2023 Letter to CareDx at 1, 4) ("Dr. Olymbios denies any knowledge concerning the creation or use of the email addresses fight.medicare.fraud@proton.me and stop.medicare.fraud.now@proton.me . . . . [H]e denies engaging in any of the activities about which you express concern . . . ."). Indeed, Plaintiff's counsel requested any and all evidence to support such accusations to no avail, so it is unsurprising that CareDx has failed to provide any evidence of its purely speculative and defamatory claims to the Court. (*Id.* at 1). Moreover, this issue is more appropriately addressed and heard after the Complaint is served and in the normal course of litigation based on a more developed record. Thus, the Court should not allow CareDx to rely on these misrepresentations and bald accusations and instead should use its discretion, if needed, to deny its Motion for Reconsideration for this reason alone.[2]

## IV.    Conclusion

For all these reasons, Plaintiff respectfully requests that the Court uphold its prior order and the current service deadline of March 2, 2025 by denying CareDx's Motion for Reconsideration, (ECF No. 26).

---

[2] Alternatively, if the Court decides to credit CareDx's arguments against a finding of good cause, the Court should nonetheless use its discretion to uphold its order granting the 60-day extension of the service deadline because Plaintiff has not failed to seek an extension within the service period or effect service within the deadline and has advanced a cognizable excuse for the delay. *See Zapata v. City of New York,* 502 F.3d 192, 199 (2d Cir. 2007); *see also Harper v. City of New York*, No. 09-CV-05571 JG SMG, 2010 WL 4788016, at *6 (E.D.N.Y. Nov. 17, 2010) (noting that the plaintiff only requested an extension eight days after the service deadline had passed); *see also Taylor v. Milly's Pizzeria Inc.*, No. 15-CV-4366 (KAM)(LB), 2016 WL 2991090, at *1 (E.D.N.Y. Apr. 19, 2016), *report and recommendation adopted,* No. 15-CV-4366 (KAM)(LB), 2016 WL 2992121 (E.D.N.Y. May 23, 2016) (noting that the plaintiff failed to advance any excuse for failing to timely serve process or request an extension).

COHENMILSTEIN

December 20, 2024
Page 6

Sincerely,

/s/
Michael Eisenkraft

COHENMILSTEIN