ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
JASON C. DAVIS (253370)
ALAINA L. GILCHRIST (335807)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jdavis@rgrdlaw.com
agilchrist@rgrdlaw.com
         – and –
SPENCER A. BURKHOLZ (147029)
NICOLE Q. GILLILAND (335132)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
ngilliland@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL UNION #295 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) | Case No. 3:22-cv-03023-TLT |
| Plaintiff, ) ) | CLASS ACTION |
| vs. ) ) | PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND REQUEST FOR JUDICIAL NOTICE |
| CAREDX, INC., et al., ) ) | |
| Defendants. ) ) | |

4918-5004-0336.v2

The Court should reject Defendants' tardy request that the Court notice four *more* documents (ECF 144 ("Reply RJN")) on top of the 20 other documents they ask the Court to notice on procedurally and substantively improper grounds (ECF 137 ("RJN Opp.")) as set forth in Plaintiffs' Opposition to Defendants' Request for Judicial Notice.  ECF 139.  It is well established that the "district court need not consider arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), and the Court should reject the Reply RJN for this reason alone.  If the Court reaches Defendants' late request, the Court should deny it under *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), and related authorities, including this Court's own prior orders.  If the Court considers the documents, the Court should convert Defendants' pending motions into one for summary judgment and allow discovery to proceed.

The Court should not consider Exhibits U-W.  The Ninth Circuit warns against "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint," *Khoja*, 899 F.3d at 998, but that is exactly what Defendants continue to do in this case.  To start, Exhibits U-W to the Reply RJN are supposedly letters that were filed in *United States of America, ex. rel. Olymbios v. CareDx, Inc.*, No. 21-cv-00774 (E.D.N.Y.), dated December 9, 2024 through December 20, 2024.  ECF 143-1.  The Third Amended Class Action Complaint for Violations of the Federal Securities Laws ("TAC") in *this* case was filed November 1, 2024.  ECF 133.  It was impossible for the TAC to rely on them, yet Defendants argue that because the TAC cites the complaint in that other case, the Court must consider all other filings in that same case.

This argument fails for three reasons.  First, the *letters* at issue (one written by lawyers for CareDx) are similar to the Form 8-K (written by CareDx) that was dated *after* a prior complaint was filed in this case (ECF 101 at 2).  The Court rejected that request.  ECF 103 ("The Court DENIES Defendants request").  The Court noted the Form 8-K was "not central to the complaint" (*id.*), and the three letters about a scheduling dispute, all dated after the TAC, are similarly not central to the TAC.  Second, Defendants ask the Court to notice the three letters for the first time in a reply, which the Ninth Circuit discourages (*Zamani,* 491 F.3d at 997), consistent with the Court's prior orders rejecting judicial notice of documents filed after briefing was complete.  ECF 103.  Third, Defendants argue that this Court noticed a motion to compel in a related case (Reply RJN at 1 n.1),

but the Court noticed "only the existence of [the] exhibit but not of the facts contained within." ECF 75 at 4.  Here, Defendants ask the Court to notice supposed facts in the **letters** about a scheduling dispute that supposedly "calls into question" Dr. Olymbios' "inten[t]" or state of mind (ECF 143 at 1 (citing Ex. U)) as to the facts he conveyed to Plaintiffs in this case.  This purpose is improper under the Court's prior rulings that it would not notice "the facts" contained in other court filings.  ECF 75 at 4; *see also Khoja*, 899 F.3d at 1000 ("To the extent that the district court judicially noticed the September 11, 2014, investors' call transcript for the purpose for which [it] was offered, *i.e.*, to determine what the investors knew about the status of the Light Study at that time, the district court abused its discretion.").

The Court should not consider Exhibit X.  Defendants ask the Court to notice Exhibit X because the TAC refers to it in one paragraph.  They argue that Exhibit X is a "**press release** by Medicare regulators **concerning** the scope of the local coverage determination ('LCD') **for AlloSure**" (Reply RJN at 2) and include the following text of Exhibit X (ECF 143-5):

> Over time, the MACs **became aware of improper billing and overutilization of these tests**.  In response, the MACs issued revised billing instructions to providers on March 31, 2023.  Billing and coding articles provide additional educational content to help providers, suppliers, and other interested parties better understand the intent of the existing LCD criteria language.

After Defendants argue in their Reply RJN that the press release **did** concern AlloSure (Reply RJN at 2), they argue in two footnotes in their reply in support of their motion to dismiss (ECF 143 ("Reply MTD")) that the press release did **not** concern AlloSure.  Reply MTD at 3 n.4; *id.* at 15 n.19 (citing ¶344).[1]

Defendants' Reply MTD arguments about Exhibit X are procedurally improper.  First, Defendants' request is untimely as noted above.  Second, the TAC refers to Exhibit X once – not the "'extensive[]'" discussion that the Ninth Circuit requires for incorporation purposes.  *Khoja,* 899 F.3d at 1002.  Third, the Ninth Circuit rejects Defendants' attempt to pluck Exhibit X from the rest of the TAC to "insert their own version of events into the complaint." *Id.*  Defendants' Reply MTD isolates one paragraph in the TAC to argue Exhibit X did **not** concern AlloSure as noted.  But the

---

[1]   All ¶_ citations are to the TAC.

TAC situates Exhibit X in the context of facts that Medicare was increasingly rejecting AlloSure claims in 2021-2022 (*e.g.*, ¶¶334, 338-340) and corroborating reports from former employees that Medicare was rejecting payment ***because*** the tests were not medically necessary during that same time. *See, e.g.*, ¶141 (FE-21 detailing how, during his April 2021-September 2022 tenure, Medicare "began scrutinizing and auditing CareDx's billing for AlloSure, CareDx's Medicare revenue began declining dramatically as it became much harder to receive payment for medically unnecessary tests"); *see also* ¶¶128-130, 132 (FE-10 detailing how, during his October 2022-March 2023 tenure, CareDx's claims were being rejected at a 50% rate and "Medicare had refused to pay [reimbursement claims] because it did not find them to be medically necessary"). Just as Defendants' tardy RJN Reply explains, Exhibit X ***does*** concern "***AlloSure***" (Reply RJN at 2) and Defendants' self-contradictory, untimely arguments in their Reply MTD are precisely the type of "unscrupulous" (*Khoja*, 899 F.3d at 998) claims that are procedurally improper.

In short, the Court should not consider Defendants' late requests concerning Exhibits U-X at all, much less for the purposes Defendants offer those documents; if the Court does consider them, the Court should convert Defendants' motion into one for summary judgment and allow discovery to proceed. *Khoja*, 899 F.3d at 1003 ("unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts").

DATED:  January 21, 2025                     Respectfully submitted,

                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             SHAWN A. WILLIAMS
                                             JASON C. DAVIS
                                             ALAINA L. GILCHRIST


                                                    s/ Jason C. Davis
                                             JASON C. DAVIS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jdavis@rgrdlaw.com
agilchrist@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
NICOLE Q. GILLILAND
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
ngilliland@rgrdlaw.com

SAXENA WHITE P.A.
DAVID R. KAPLAN
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA  92075
Telephone:  858/997-0860
858/369-0096 (fax)
dkaplan@saxenawhite.com

SAXENA WHITE P.A.
STEVEN B. SINGER
RACHEL A. AVAN
JOSHUA H. SALTZMAN (admitted *pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY  10606
Telephone:  914/437-8551
888/631-3611 (fax)
ssinger@saxenawhite.com
ravan@saxenawhite.com
jsaltzman@saxenawhite.com

SAXENA WHITE P.A.
LESTER R. HOOKER
7777 Glades Road, Suite 300
Boca Raton, FL  33434
Telephone:  561/394-3399
561/394-3382 (fax)
lhooker@saxenawhite.com

Lead Counsel for Lead Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND REQUEST FOR JUDICIAL NOTICE -
3:22-cv-03023-TLT                                                                                                    - 4 -
4918-5004-0336.v2