**WILLKIE FARR & GALLAGHER LLP**
Laura Leigh Geist (SBN No. 180826)
Barrington Dyer (SBN No. 264762)
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone: (415) 858-7400
lgeist@willkie.com
bdyer@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Tariq Mundiya (*pro hac vice*)
Charles Cording (*pro hac vice*)
Brady Sullivan (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
tmundiya@willkie.com
ccording@willkie.com
bsullivan@willkie.com

Attorneys for Defendants
*CareDx, Inc., Reginald Seeto,*
*and Peter Maag*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL UNION #295 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAREDX, INC., PETER MAAG, and REGINALD SEETO,<br><br>Defendants. | Case No. 22-cv-03023-TLT<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>Date: January 28, 2025<br>Time: 2:00 pm PT<br>Ctrm: 10, 19th Floor – San Francisco<br>Hon. Trina L. Thompson |

Defendants[1] submit this Reply in further support of Defendants' Notice of Documents Incorporated by Reference and Request for Judicial Notice ("Reply RJN," ECF No. 144) and in response to Plaintiffs' Opposition ("Reply RJN Opp.," ECF No. 146).

Exhibits U, V, and W, court filings from the Olymbios qui tam action, *United States of America, ex. rel. Olymbios v. CareDx, Inc.*, No. 21-cv-00774 (E.D.N.Y.), are subject to judicial notice. Defendants offer these exhibits for the undisputed facts that (i) Olymbios sought additional time to serve the qui tam complaint because he is "engaged in ongoing discussions with potential co-counsel or substitute counsel to prosecute his claims on a declined basis," (ii) Olymbios acknowledged that the arbitration with CareDx resulted in him making a settlement payment *to CareDx*, and (iii) Olymbios cited the pendency of this securities case as a reason for why an extension to file his qui tam complaint should be granted. *See* MTD Reply, ECF No. 143 at 1 n.2, 15 n.20.

Exhibit X is a September 2023 Medicare press release cited in the Third Amended Complaint ("TAC," ECF No. 133) (and Plaintiffs' opposition papers) and therefore incorporated by reference in the TAC. Defendants offer Exhibit X for the undisputed facts that the release makes no specific reference to CareDx and was superseded by a later release by Medicare. *Id.* at 3 n.4.

**A. Exhibits U–W Are Appropriate for Judicial Notice**

Plaintiffs argue that Exhibits U–W are "not central to the TAC." Reply RJN Opp. at 1. But that is not the test for judicial notice. Rather, the question is whether the facts sought to be noticed "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. § 201(b)(2). Plaintiffs present no basis to question the contents of these court filings. And even if judicial notice turned on whether Exhibits U–W were "central," the status of the qui tam action *is* central to the TAC, since the TAC largely rests on Olymbios' allegations in the qui tam case. Next, Plaintiffs claim Defendants are using Exhibits U–W to "resolve competing theories" against the TAC. *See* Reply RJN Opp. at 1–2. But there are no "competing theories" as to what Olymbios represented to the court in the qui tam action, which is all Defendants offer Exhibits

---

[1] Unless otherwise noted, all defined terms have the meaning set forth in Defendants' Motion to Dismiss the Third Amended Complaint ("Motion to Dismiss" or "MTD," ECF No. 136).

U–W to show.[2]  In fact, on a prior motion to dismiss, this Court inquired as to the status of the Olymbios arbitration proceeding.  *See* May 16, 2023 Mot. Hearing Tr. 10:5–25 (question from the Court regarding "the status of the arbitration").

**B.  <u>Exhibit X Is Incorporated by Reference</u>**

Exhibit X is incorporated by reference in the TAC.  *See* Reply RJN at 2 (citing ¶ 344).  The TAC—and Plaintiffs' opposition—selectively quotes from the September 2023 release, but fails to acknowledge that the release was superseded by a later Medicare statement.  *See* Ex. X at 1 ("Important:  On 2/29/2024 CMS issued an updated statement on this issue.").  This is a textbook example of why courts apply the incorporation by reference doctrine.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

Plaintiffs claim that Exhibit X is not incorporated by reference because the TAC refers to it only once.  Reply RJN Opp. at 2.  But there is no bright line rule, even after *Khoja*, that a document must be referenced numerous times in order to be incorporated by reference into a complaint.  *See, e.g.*, *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *6–7 (N.D. Cal. Nov. 23, 2021) (holding that six exhibits were incorporated by reference when each was cited in only one paragraph in the complaint); *Khoja*, 899 F.3d at 1005 (finding that a "single brief quotation" of a report in complaint was sufficient for incorporation by reference where the complaint used the report as basis for a particular allegation).

Plaintiffs also accuse Defendants of flip-flopping in their characterization of whether Exhibit X concerns AlloSure.  Reply RJN Opp. at 2–3.  Not so.  The specific language in Exhibit X upon which Plaintiffs rely—the reference to "improper billing and overutilization"—was not, in fact,

---

[2] The Court previously took judicial notice of the existence of, but not the facts contained within, CareDx's motion to compel arbitration in *Olymbios v. CareDx Inc.*, No. 22-civ-01582 (Sup. Ct. Apr. 15, 2022) because it was a "brief [] filed by CareDx." ECF No. 75 at 4; Reply RJN Opp. at 1–2. Here, by contrast, Defendants are seeking judicial notice of briefs filed by Olymbios. Although Exhibit V is a brief filed by CareDx, Defendants are not relying on any facts asserted therein, and have provided that letter brief so the Court has the full briefing.

addressed specifically to AlloSure or any other CareDx test.  MTD Reply 3, n.4.  That is because, as Defendants also explained in their brief, the Local Coverage Determination discussed in Exhibit X encompasses diagnostic tests for transplant patients "*as a class*," which, although it includes AlloSure, also includes other tests from other companies.  *Id.*

The remainder of Plaintiffs' arguments—namely, that Exhibit X somehow shows that Medicare rejected AlloSure tests, Reply RJN Opp. at 2–3—go to the merits, not Defendants' request for judicial notice, and therefore should be rejected.

C. **Defendants' Request for Judicial Notice on Reply Is Timely**

The Reply RJN is timely.  *See* Reply RJN Opp. at 1.  Exhibits U, V, and W were filed in the qui tam action *after* Defendants moved to dismiss.  Accordingly, Defendants could not have sought judicial notice of those documents in connection with the Motion to Dismiss.  Nor are Defendants raising "arguments" for the first time in a reply brief.  *Id.*  Defendants' arguments for dismissal remain the same; Defendants are simply updating the Court on the status of Olymbios' qui tam action against CareDx, which forms the foundation of the TAC.  *See In Re Google Location History Litig.,* 428 F. Supp. 3d 185, 190 (N.D. Cal. Dec. 19, 2019) (taking judicial notice of exhibits submitted with defendants' reply, notwithstanding plaintiffs' argument that requests "attempt[ed] to impermissibly introduce new facts on a reply," where "[t]he information sought to be noticed" pertained to matters "which Plaintiffs have already discussed in their Complaint and oppositions."); *TIW Holdings LLC v. Hotbox Farms LLC*, 2024 WL 1829656, at *3–4 (C.D. Cal. Jan. 18, 2024) (judicially noticing public records in defendant's reply, despite plaintiff's argument that request was "untimely," because "[defendant's] request for judicial notice is a valid means of responding to the arguments made in [plaintiff's] opposition").[3]  Plaintiffs also rely on the fact that this Court previously denied Defendants' administrative motion to file supplemental material (an 8-K filing) after briefing had concluded on a prior motion to dismiss.  Reply RJN Opp. at 1.  But this is not an administrative motion, and Plaintiffs had a full and fair opportunity to oppose the Reply RJN.  *See Simpson v. Vantage Hosp. Grp., Inc.*,

---

[3] By contrast, in *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (Reply RJN Opp. at 1), a litigant raised an new legal theory for the first time on reply.

3

2012 WL 6025772, at *4 n.5 (N.D. Cal. Dec. 4, 2012) (taking judicial notice of court filing submitted after defendant's motion to dismiss and attached as exhibit to defendant's motion to dismiss reply); *Albers v. Yarbrough World Sols., LLC*, 2020 WL 2218964, at *3 n.2 (N.D. Cal. May 7, 2020) (taking judicial notice of court filings from related litigation submitted with defendants' motion to dismiss reply because they are "matters of public record").

With respect to Exhibit X, Plaintiffs raised numerous arguments about Exhibit X in their opposition papers. *See* ECF No. 138 at 14 n.10, 25 n.27. Defendants are entitled to respond to those arguments, and Plaintiffs cite no authority to the contrary. *See* Reply RJN Opp. at 2.

For these reasons, Defendants respectfully request that the Court grant the Reply RJN.

Dated: January 24, 2025

By: */s/ Laura Leigh Geist*
**WILLKIE FARR & GALLAGHER LLP**
Laura Leigh Geist (SBN No. 180826)
Barrington Dyer (SBN No. 264762)
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone: (415) 848-7400
lgeist@willkie.com
bdyer@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Tariq Mundiya (admitted *pro hac vice*)
Charles Cording (admitted *pro hac vice*)
Brady Sullivan (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
tmundiya@willkie.com
ccording@willkie.com
bsullivan@willkie.com

*Attorneys for Defendants*
*CareDx, Inc., Reginald Seeto,*
*and Peter Maag*

DEFENDANTS' REPLY ISO REQUEST FOR JUDICIAL NOTICE
No. 22-cv-03023-TLT