**WILLKIE FARR & GALLAGHER LLP**
Laura Leigh Geist (CSB No. 180826)
Barrington Dyer (CSB No. 264762)
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:  (415) 848-7400
lgeist@willkie.com
bdyer@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Tariq Mundiya (admitted pro hac vice)
Charles Cording (admitted pro hac vice)
Brady Sullivan (admitted pro hac vice)
787 Seventh Avenue
New York, NY  10019-6099
Telephone:  (212) 728-8000
tmundiya@willkie.com
ccording@willkie.com
bsullivan@willkie.com

Attorneys for Defendants
*CareDx, Inc., Reginald Seeto,*
*and Peter Maag*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL UNION #295 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAREDX, INC., PETER MAAG, and REGINALD SEETO,<br><br>Defendants. | Case No. 22-cv-03023-TLT<br><br>**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT**<br><br>Hon. Trina L. Thompson |

Defendants CareDx, Inc., Peter Maag, and Reginald Seeto (collectively, "Defendants"), by their undersigned counsel, hereby answer Lead Plaintiffs' Third Amended Complaint (ECF No. 133) ("TAC") in the above-captioned proceeding.  For the avoidance of doubt, any allegations not expressly admitted herein by Defendants are denied.  Further, Defendants are not required to respond to headings, sub-headings, or footnotes of the TAC, but, to the extent any response is required, unless otherwise expressly stated, Defendants deny the allegations and characterizations of allegations set forth in the headings, subheadings, or footnotes of the TAC.  Defendants answer the allegations of the like-numbered paragraphs and subparagraphs of the TAC as follows:[1]

The TAC contains an unnumbered paragraph describing this action, to which no response is required.  To the extent a response is required, Defendants admit that Lead Plaintiffs purport to bring this action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 on behalf of a putative class of persons or entities who purchased CareDx stock between April 30, 2020 and November 3, 2022, inclusive.  Defendants deny that a class action may be maintained by Lead Plaintiffs or that Lead Plaintiffs suffered any damages.

The TAC contains a second unnumbered paragraph presenting the alleged bases for Lead Plaintiffs' allegations, to which no response is required.  To the extent a response is required, Defendants deny the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis deny them.

The TAC contains a third unnumbered paragraph describing future bases for Lead Plaintiffs' allegations, to which no response is required.  To the extent a response is required, Defendants deny that many of the relevant facts are known only by Defendants or are exclusively within their custody or control, and otherwise deny the allegations in this paragraph.

1.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, this paragraph purports to characterize the Order, which speaks for

---

[1] All responses in this Answer are made as of the date of this filing.  Defendants reserve the right to amend any response in this Answer and Affirmative Defenses to the extent that they receive additional information in discovery.

itself.  Defendants respectfully refer the Court to the Order for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

2.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, this paragraph purports to characterize the Order, which speaks for itself.  Defendants respectfully refer the Court to the Order for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

3.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, this paragraph purports to characterize the TAC, which speaks for itself.  Defendants otherwise deny the allegations in this paragraph.

4.    Defendants admit that the Whistleblower Complaint was previously under seal by court order and was unsealed on October 7, 2024, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

5.    Defendants deny the allegations in this paragraph.

6.    Defendants admit that CareDx has accessed the public stock markets in the United States, and otherwise deny the allegations directed at CareDx in this paragraph.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning Lead Plaintiffs, and on that basis deny them.

7.    Defendants deny the allegations directed at CareDx in this paragraph.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning Lead Plaintiffs, and on that basis deny them.

8.    Defendants deny the allegations in this paragraph.

9.    Defendants admit that, during the Class Period, AlloSure was one of CareDx's revenue-generating products and that CareDx publicly disclosed that the Medicare reimbursement rate for AlloSure was $2,841, but otherwise deny the allegations in this paragraph.

10.    Defendants admit that, during the Class Period, Medicare was a significant payor for CareDx, but otherwise deny the allegations in this paragraph.

11.    Defendants deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

12. Defendants admit that CareDx's 2019 annual report disclosed a net loss of approximately $21.97 million, and otherwise deny the allegations in this paragraph.

13. Defendants admit that Dr. Maag emailed Dr. Olymbios on February 19, 2020 and that the email contains the quoted language. Defendants respectfully refer the Court to the email for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

14. Defendants admit that CareDx launched its remote, home-based blood draw service, RemoTraC, during the beginning of the COVID-19 pandemic, and that RemoTraC involved sending phlebotomists into patients' homes, and otherwise deny the allegations in this paragraph.

15. The allegations in this paragraph purport to characterize and quote from CareDx's April 30, 2020 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to CareDx's April 30, 2020 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of this paragraph.

16. Defendants admit that Dr. Olymbios emailed Dr. Seeto on May 1, 2020 and that the email contains the quoted language. Defendants respectfully refer the Court to the May 1, 2020 email for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

17. Defendants admit that Dr. Olymbios was promoted on or around May 1, 2020 and that Dr. Olymbios then reported to Dr. Seeto, and otherwise deny the allegations in this paragraph.

18. Defendants admit that RemoTraC included AlloSure and standard monitoring testing, but otherwise deny the allegations in this paragraph, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of this paragraph.

19. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what an unidentified medical doctor allegedly told Lead Plaintiffs, and on that basis deny them, and otherwise deny the allegations in this paragraph.

20. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what an unidentified medical professional allegedly told Lead Plaintiffs, and on that basis deny them, and otherwise deny the allegations in this paragraph, including the allegation that Dr. Maag participated in the alleged improper activities.

21. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Dr. Maag and Dr. Seeto signed certain of CareDx SEC filings, but otherwise deny the allegations in this paragraph.

22. Defendants deny the allegations in this paragraph.

23. Defendants admit that in June 2020, CareDx engaged in a public stock offering and that Dr. Maag signed certain documents filed publicly in connection with that offering, but otherwise deny the allegations in this paragraph.

24. This paragraph purports to characterize CareDx's June 11, 2020 8-K and attachments thereto, which speaks for themselves. Defendants respectfully refer the Court to CareDx's June 11, 2020 8-K and attachments for a complete and accurate description of their contents. Defendants admit that Dr. Maag signed the June 10, 2020 Underwriting Agreement and that CareDx was required by SEC regulations to file the Underwriting Agreement publicly. Otherwise, Defendants deny the allegations in this paragraph.

25. Defendants deny the allegations in this paragraph.

26. Defendants admit that CareDx's stock price closed at $95.11 on June 28, 2021 and otherwise deny the allegations in this paragraph.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios or other unidentified people allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph, including the allegation that Defendants sought to hide alleged misconduct.

28. Defendants admit that Dr. Olymbios and Dr. Seeto communicated in July of 2020. Defendants deny knowledge or information sufficient to form a belief as to the truth of the

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs or others in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

29.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

30.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-20 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

32.     This paragraph purports to characterize CareDx's October 28, 2021 10-Q, which speaks for itself.  Defendants respectfully refer the Court to CareDx's October 28, 2021 10-Q for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

33.     Defendants admit that CareDx's stock price closed at approximately $70.34 on October 28, 2021 and at approximately $51 on October 29, 2021.  This paragraph purports to characterize an October 29, 2021 BTIG analyst report, which speaks for itself.  Defendants respectfully refer the Court to the October 29, 2021 BTIG analyst report for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

34.     Defendants admit that Erin Tokunaga's title was Director, Clinical Trial Operations. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Erin Tokunaga allegedly told others, FE-19's role, and what FE-19 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-19 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

36. Defendants deny the allegations in this paragraph.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-11 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

40. The allegations in this paragraph purport to describe the nature of the relief sought by Lead Plaintiffs, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

41. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

42. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over the subject matter of this action.

43. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this judicial district, and otherwise deny the allegations in this paragraph.

44. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them, except deny the allegations in the final sentence of this paragraph concerning Defendants.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

46.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them, except deny the allegations in the final sentence of this paragraph concerning Defendants.

47.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them, except deny the allegations in the final sentence of this paragraph concerning Defendants.

48.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them, except deny the allegations in the final sentence of this paragraph concerning Defendants.

49.    Defendants admit the allegations in this paragraph.

50.    Defendants admit that Dr. Maag was CEO of CareDx from 2012 through November 2020 and Executive Chairman from November 2020 through October 2021 and that Dr. Maag signed certain of CareDx's SEC filings, and otherwise deny the allegations in this paragraph.

51.    Defendants admit that Dr. Seeto was CEO of CareDx from November 2020 until November 1, 2023 when he transitioned to the role of Senior Advisor to the Chairperson, and that Dr. Seeto signed certain of CareDx's SEC filings, and otherwise deny the allegations in this paragraph.

52.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

53.    Defendants admit that the TAC uses the defined term "Defendants" and otherwise deny the allegations in this paragraph.

54.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

55.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

56.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

57.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

58.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them, except admit that Dr. Olymbios joined CareDx on July 1, 2019.

59.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

60.    Defendants deny the allegations in this paragraph.

61.    The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the *CareDx, Inc. v. Natera, Inc.*, C.A. No. 19-662 CFC (D. Del.) ("CareDx-Natera Litigation") matter.  Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript in the CareDx-Natera Litigation for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

62.    The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation.  Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

63.    The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation.  Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

64.    The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation.  Defendants respectfully refer the Court to Dr.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

Maag's trial testimony transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

65. The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation. Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

66. The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation. Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

67. The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation. Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

68. Defendants admit that Dr. Olymbios was promoted to Head of Medical Marketing in October 2019 where he reported to Sasha King, and otherwise deny the allegations in this paragraph.

69. The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation. Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

70. The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation. Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

71. Defendants admit that CareDx designated Dr. Olymbios as a corporate representative witness in the CareDx-Natera Litigation and that Dr. Olymbios provided testimony in that matter. The allegations in this paragraph purport to characterize and quote from Dr. Olymbios' testimony.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

Defendants respectfully refer the Court to Dr. Olymbios' testimony transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

72. The allegations in this paragraph purport to characterize and quote from Dr. Olymbios' testimony in the CareDx-Natera Litigation. Defendants respectfully refer the Court to Dr. Olymbios' testimony transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

73. Defendants admit that Dr. Maag emailed Dr. Olymbios on February 19, 2020 and that the email contains the quoted language, and otherwise deny the allegations in this paragraph.

74. Defendants admit that Dr. Olymbios emailed Dr. Maag on February 20, 2020 and that the emails contains the quoted language, and otherwise deny the allegations in this paragraph.

75. Defendants admit that Dholakia emailed Dr. Olymbios on March 24, 2020. To the extent the allegations in this paragraph purport to characterize and quote from Dholakia's trial testimony in the CareDx-Natera Litigation, Defendants respectfully refer the Court to Dholakia's trial testimony transcript in the CareDx-Natera Litigation for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

76. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

77. The allegations in this paragraph purport to characterize and quote from an April 30, 2020 email from Dr. Seeto to Dr. Olymbios. Defendants respectfully refer the Court to the April 30, 2020 email from Dr. Seeto to Dr. Olymbios for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

78. Defendants admit that Dr. Olymbios emailed Dr. Seeto on May 1, 2020 and that the email contains the quoted language, and otherwise deny the allegations in this paragraph.

79. Defendants admit that Dr. Olymbios became the Head of Community Nephrology on May 1, 2020, but otherwise deny the allegations in this paragraph.

80. Defendants deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

81. Defendants admit that Greg Quinn emailed Dr. Olymbios and others on October 2, 2020 and that the email contains the quoted language, and otherwise deny the allegations in this paragraph.

82. Defendants admit that the Business Leadership Team included Dr. Seeto, Dr. Maag, and Dr. Olymbios, and otherwise deny the allegations in this paragraph.

83. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-19 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

84. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-19 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

85. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-19 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

86. Defendants admit that, as part of RemoTraC, standard of care blood tests were not performed by CareDx, and otherwise deny the allegations in this paragraph.

87. Defendants admit that CareDx relied in part on payments from Medicare as a significant source of revenue during the Class Period.

88. Defendants admit that, at certain points during the Class Period, CareDx's testing services business segment represented at least 85% of CareDx's total revenues. Defendants further admit that AlloSure Kidney is a transplant surveillance solution that is part of CareDx's testing services business. To the extent the allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation, Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript in the CareDx-Natera Litigation for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

89. Defendants admit that, during the Class Period, Medicare was a significant source of revenue, but otherwise deny the allegations in the first sentence. To the extent the allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-

11

Natera Litigation, Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript in the CareDx-Natera Litigation for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

90.    The allegations in this paragraph purport to characterize and quote from MolDX: AlloSure Cell-Free DNA Testing LCD (DL38355), which speaks for itself. Defendants respectfully refer the Court to the MolDX: AlloSure Cell-Free DNA Testing LCD (DL38355) for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

91.    The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation. Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript in the CareDx-Natera Litigation for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

92.    Defendants admit that Sarah James emailed Gregg Quinn on October 2, 2020 and that the email contains the quoted language, and otherwise deny the allegations in this paragraph.

93.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-1 and FE-2 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

94.    Defendants deny the allegations in this paragraph.

95.    Defendants admit the allegations in the first two sentences of this paragraph, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph, and on that basis deny them.

96.    The allegations in this paragraph purport to characterize and quote from CareDx's August 4, 2020 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to CareDx's August 4, 2020 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

97.    Defendants admit that CareDx's stock price closed at approximately $95.60 on June 28, 2021, and that Dr. Maag and Dr. Seeto engaged in various transactions of CareDx stock during the Class Period, as reflected in the SEC Form 4s publicly filed by Dr. Maag and Dr. Seeto, and otherwise deny the allegations in this paragraph.

98.    Defendants admit that CareDx publicly disclosed that the Medicare reimbursement rate for AlloSure was $2,841, but otherwise deny the allegations in this paragraph.

99.    Defendants deny the allegations in this paragraph.

100.    Defendants deny the allegations in this paragraph.

101.    Defendants deny the allegations in this paragraph.

102.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios and unnamed employees allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph, including the allegations that Defendants attempted to suppress alleged compliance or regulatory concerns.

103.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

104.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

105.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

106.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

107.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

108.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

109.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

110.    Defendants admit that CareDx did not charge patients for the RemoTraC blood draw. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.  The allegations in the final sentence of this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the final sentence of this paragraph.

111.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

112.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, this paragraph purports to characterize and quote from the Patient Protection and Affordable Care Act of 2010 ("PPACA"), which speaks for itself. Defendants respectfully refer the Court to the PPACA for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

113.    This paragraph contains allegations purportedly sourced from Dr. Olymbios. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them.  To the extent the allegations in this paragraph have not been sourced from Dr. Olymbios, Lead Plaintiffs have not identified the source of these allegations and Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

114.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

115.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios and FE-1 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

116.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-1 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

117.    Defendants deny the allegations in this paragraph, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-1 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them.

118.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-1 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

119.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-2 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

120.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-20 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

121.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-3 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

122.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-3 and Dr. Olymbios allegedly told Lead Plaintiffs and others in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

123.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-4 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

124. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios and other former employees allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

125. Defendants admit that clinicians placed orders for surveillance testing of patients over time based on their independent clinical judgment of medical necessity. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

126. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs or others in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

127. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-5 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

128. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-10 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

129. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-10 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

130. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-10 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

131. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-11 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

132.   Defendants admit that Dr. Seeto had meetings with individuals who had oversight of billing.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-19 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

133.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-19 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

134.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-12 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

135.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-13 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

136.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-14 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

137.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-15 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

138.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-16 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

139.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-17 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

140.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-18 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

141. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

142. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-10 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

143. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

144. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

145. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

146. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

147. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

148. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

149. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph, including the allegations that Defendants "drank all day" at an event.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

150. This paragraph contains allegations purportedly sourced from Dr. Olymbios. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them. To the extent the allegations in this paragraph have not been sourced from Dr. Olymbios, Lead Plaintiffs have not identified the source of these allegations and Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

151. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

152. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what former employees allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

153. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-6 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph, including the allegations concerning Dr. Maag's alleged conduct.

154. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

155. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

156. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

157. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

158. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

159. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

160. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

161. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

162. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

163. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

164. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

165. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

166.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

167.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

168.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-1 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

169.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-19 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

170.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

171.    The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation.  Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript in the CareDx-Natera Litigation for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

172.    The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation.  Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript in the CareDx-Natera Litigation for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

173.    The allegations in this paragraph purport to characterize and quote from Dholakia's trial testimony in the CareDx-Natera Litigation.  Defendants respectfully refer the Court to Dholakia's trial testimony in the CareDx-Natera Litigation for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

174. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-8 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

175. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-9 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

176. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

177. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph purport to characterize Centers for Medicare & Medicaid Services' ("CMS") Clinical Laboratory Fee Schedule, which speaks for itself. Defendants respectfully refer the Court to CMS's Clinical Laboratory Fee Schedule for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph, except Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations concerning what FE-4 allegedly told Lead Plaintiffs, and on that basis deny them.

178. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-4 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them. To the extent this paragraph purports to characterize the April 28, 2017 DOJ press release, entitled "Blood Testing Laboratory to Pay $6 Million to Settle Allegations of Kickbacks and Unnecessary Testing," which speaks for itself, Defendants respectfully refer the Court to the April 28, 2017 DOJ press release for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

179. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-7 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

180. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-7 allegedly told Lead Plaintiffs in this paragraph, and on that

22

basis deny them. To the extent this paragraph purports to characterize the U.S. Department of Health and Human Services and Office of the Inspector General's advisory opinions and other publications, which speak for themselves, Defendants respectfully refer the Court to those publications for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

181. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-7 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

182. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph, including the allegations directed at Dr. Maag.

183. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

184. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios and unnamed witnesses allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

185. This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

186. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-8 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

187.    Defendants admit that CareDx provided grants and financial funding for IITs. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

188.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

189.    Defendants admit that KOAR was a registry study commenced in 2018 that enrolled over 1,700 patients.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-8 and Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

190.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-8 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them.  The remaining allegations state legal conclusions to which no response is required, and to the extent a response is required, Defendants deny them.

191.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

192.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph, except Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-8 allegedly told Lead Plaintiffs, and on that basis deny them.

193.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

194.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph, except Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-8 allegedly told Lead Plaintiffs, and on that basis deny them.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

195.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

196.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Olymbios allegedly told Lead Plaintiffs, and on that basis deny them, and otherwise deny the allegations in this paragraph.

197.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

198.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-11 allegedly told Lead Plaintiffs, and on that basis deny them, and otherwise deny the allegations in this paragraph.

199.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs, and on that basis deny them, and otherwise deny the allegations in this paragraph.

200.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs, and on that basis deny them.

201.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs, and on that basis deny them, and otherwise deny the allegations in this paragraph.

202.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-1 allegedly told Lead Plaintiffs, and on that basis deny them, and otherwise deny the allegations in this paragraph, except admit that the "Braveheart" team met to discuss sales and marketing, that Clarice McCauley left CareDx on or around the end of 2021, and that Dr. Shekhtman reported to Dholakia.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

203. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-11 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

204. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-19 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

205. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

206. The allegations in this paragraph purport to characterize and quote from a Business Leadership Team PowerPoint presentation dated July 28, 2020 titled "BLT Master Deck," which speaks for itself, and Defendants respectfully refer the Court to the BLT Master Deck for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph, except Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs, and on that basis deny them.

207. Defendants admit that Dr. Seeto was a member of the Business Leadership Team, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny them.

208. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios and FE-3 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

209. Defendants deny the allegations in this paragraph.

210. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Dr. Maag and Dr. Seeto signed certain of CareDx's 10-K filings. To the extent the allegations in this paragraph purport to characterize and quote from various of CareDx's 10-Ks, which speak for themselves, Defendants

respectfully refer the Court to CareDx's 10-Ks for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

211.  The allegations in this paragraph purport to characterize and quote from certain of CareDx's 10-Ks, which speak for themselves.  Defendants respectfully refer the Court to CareDx's 10-Ks for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

212.  Defendants admit that Dr. Maag and Dr. Seeto signed various of CareDx's 10-Ks, but to the extent the allegations in this paragraph purport to characterize and quote from various of CareDx's 10-Ks, which speak for themselves, Defendants respectfully refer the Court to CareDx's 10-Ks for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

213.  The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph purport to characterize and quote from the Stark Law, which speaks for itself, and Defendants respectfully refer the Court to the Stark Law for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

214.  The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

215.  The allegations in this paragraph purport to characterize and quote CareDx's 10-Q filed on April 30, 2020, which speaks for itself.  Defendants respectfully refer the Court to the CareDx's 10-Q filed on April 30, 2020 for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

216.  The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

217.  The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

218.  The allegations in this paragraph purport to characterize and quote CareDx's April 30, 2020 earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to

27

CareDx's April 30, 2020 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

219.  The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

220.  The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

221.  The allegations in this paragraph purport to characterize and quote CareDx's June 10, 2020 press release, which speaks for itself.  Defendants respectfully refer the Court to CareDx's June 10, 2020 press release for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

222.  The allegations in this paragraph purport to characterize and quote from the underwriting agreement publicly filed on June 11, 2020 with CareDx's 8-K, which speaks for itself.  Defendants admit that Dr. Maag signed the underwriting agreement, but respectfully refer the Court to CareDx's June 11, 2020 8-K for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

223.  The allegations in this paragraph purport to characterize and quote from CareDx's 8-K filed on June 11, 2020, which speaks for itself.  Defendants respectfully refer the Court to CareDx's June 11, 2020 8-K for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

224.  The allegations in this paragraph purport to characterize and/or quote from CareDx's 10-Q filed on April 30, 2020 and CareDx's annual report filed on February 28, 2020, which speak for themselves.  Defendants respectfully refer the Court to CareDx's 10-Q filed on April 30, 2020 and CareDx's annual report filed on February 28, 2020 for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph, except that Defendants admit that Dr. Maag signed CareDx's 10-Q filed on April 30, 2020.

225.  The allegations in this paragraph purport to characterize CareDx's June 9, 2020 offering documents, which speak for themselves.  Defendants respectfully refer the Court to June 9, 2020 offering documents for a complete and accurate description of their contents, and otherwise

deny the allegations in this paragraph except that Defendants admit that Dr. Maag signed the April 29, 2020 proxy statement.

226. The allegations in this paragraph purport to characterize and quote CareDx's June 10 and 15, 2020 press releases, which speak for themselves. Defendants respectfully refer the Court to CareDx's June 10 and 15, 2020 press releases for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

227. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, and on that basis deny them. The allegations in this paragraph purport to characterize and quote a June 19, 2020 analyst report from H.C. Wainwright. Defendants respectfully refer the Court to the June 19, 2020 analyst report from H.C. Wainwright for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

228. The allegations in this paragraph purport to characterize and quote from CareDx's August 7, 2022 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the press releases concerning CareDx's August 7, 2022 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

229. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

230. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph purport to characterize and quote from CareDx's August 4, 2020 quarterly report, which speaks for itself. Defendants respectfully refer the Court to CareDx's August 4, 2020 quarterly report for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

231. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

232. The allegations in this paragraph purport to characterize and quote CareDx's report for the third financial quarter on October 29, 2020, which speaks for itself. Defendants respectfully

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

refer the Court to CareDx's October 29, 2020 quarterly report for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

233.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

234.   The allegations in this paragraph purport to characterize and quote from CareDx's January 20, 2021 press release entitled "CareDx Announces Pricing of Public Offering of Common Stock," which speaks for itself.  Defendants respectfully refer the Court to CareDx's January 20, 2021 press release for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

235.   Defendants admit that Dr. Seeto signed the underwriting agreement.  The allegations in this paragraph purport to characterize and quote from the underwriting agreement publicly filed on January 21, 2021 with CareDx's 8-K, which speaks for itself, but respectfully refer the Court to CareDx's January 21, 2021 8-K for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

236.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

237.   Defendants deny the allegations in this paragraph.

238.   Defendants deny the allegations in this paragraph.

239.   The allegations in this paragraph purport to characterize and quote from CareDx's August 7, 2022 earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the press releases concerning CareDx's August 7, 2022 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

240.   The allegations in this paragraph purport to characterize and quote statements made during the February 18, 2021 BTIG Virtual MedTech, Digital Health, Life Sciences, and Diagnostic Tools Conference, which speak for themselves.  Defendants respectfully refer the Court to the transcript of the February 18, 2021 BTIG Virtual MedTech, Digital Health, Life Sciences, and

Diagnostic Tools Conference for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

241.   The allegations in this paragraph purport to characterize and quote statements made during the February 18, 2021 BTIG Virtual MedTech, Digital Health, Life Sciences, and Diagnostic Tools Conference, which speak for themselves.  Defendants respectfully refer the Court to the transcript of the February 18, 2021 BTIG Virtual MedTech, Digital Health, Life Sciences, and Diagnostic Tools Conference for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

242.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

243.   The allegations in this paragraph purport to characterize and quote from CareDx's 10-K filed on February 24, 2021, which speaks for itself.  Defendants respectfully refer the Court to CareDx's 10-K filed on February 24, 2021 for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

244.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

245.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

246.   The allegations in this paragraph purport to characterize and quote from CareDx's 10-K filed on February 24, 2021, which speaks for itself.  Defendants respectfully refer the Court to CareDx's 10-K filed on February 24, 2021 for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

247.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

248.   The allegations in this paragraph purport to characterize and quote from CareDx's 10-Q filed on May 5, 2021, which speaks for itself.  Defendants respectfully refer the Court to CareDx's 10-Q filed on May 5, 2021 for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

249.    The allegations in this paragraph purport to characterize and quote from CareDx's May 5, 2021 earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to CareDx's May 5, 2021 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

250.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

251.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

252.    The allegations in this paragraph purport to characterize and quote from CareDx's 10-Q filed on July 29, 2021, which speaks for itself.  Defendants respectfully refer the Court to CareDx's 10-Q filed on July 29, 2021 for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph, except that Defendants admit Dr. Seeto signed CareDx's 10-Q filed on July 29, 2021.

253.    The allegations in this paragraph purport to characterize and quote from CareDx's July 29, 2021 earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to CareDx's July 29, 2021 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

254.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

255.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

256.    The allegations in this paragraph purport to characterize and quote from CareDx's 10-Q filed on October 28, 2021, which speaks for itself.  Defendants respectfully refer the Court to CareDx's 10-Q filed on October 28, 2021 for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph, except that Defendants admit Dr. Seeto signed CareDx's 10-Q filed on October 28, 2021.

257.    The allegations in this paragraph purport to characterize and quote from CareDx's October 28, 2021 earnings call transcript, which speaks for itself.  Defendants respectfully refer the

32

Court to CareDx's October 28, 2021 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

258. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

259. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

260. The allegations in this paragraph purport to characterize and quote from CareDx's 2021 Annual Report, filed on February 24, 2022, which speaks for itself. Defendants respectfully refer the Court to CareDx's 2021 Annual Report for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph, except that Dr. Maag and Dr. Seeto signed the 2021 Annual Report.

261. The allegations in this paragraph purport to characterize and quote from CareDx's February 24, 2022 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to CareDx's February 24, 2022 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

262. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

263. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

264. The allegations in this paragraph purport to characterize and quote from CareDx's 10-K filed on February 24, 2022, which speaks for itself. Defendants respectfully refer the Court to CareDx's 10-K filed on February 24, 2022 for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

265. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

266. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

267. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

268. Defendants deny the allegations in this paragraph.

269. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

270. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

271. This paragraph contains allegations purportedly sourced from Dr. Olymbios and other former employees. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios and other former employees allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them. To the extent the allegations in this paragraph have not been sourced from Dr. Olymbios and other former employees, Lead Plaintiffs have not identified the source of these allegations and Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

272. This paragraph contains allegations purportedly sourced from Dr. Olymbios. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them. To the extent the allegations in this paragraph have not been sourced from Dr. Olymbios, Lead Plaintiffs have not identified the source of these allegations and Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

273. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-6 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

274. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

34

275.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

276.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

277.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

278.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

279.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

280.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-1 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

281.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-19 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

282.   The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony in the CareDx-Natera Litigation.  Defendants respectfully refer the Court to Dr. Maag's trial testimony transcript in the CareDx-Natera Litigation for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

283.   The allegations in this paragraph purport to characterize and quote from Dr. Maag's trial testimony, which speaks for itself.  Defendants respectfully refer the Court to Dr. Maag's trial

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

testimony for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

284.    Defendants deny the allegations in this paragraph.

285.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

286.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-11 allegedly told Lead Plaintiffs, and on that basis deny them, and otherwise deny the allegations in this paragraph.

287.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

288.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

289.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

290.    This paragraph contains allegations purportedly sourced from Dr. Olymbios and FE-3.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios and FE-3 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them.  To the extent the allegations in this paragraph have not been sourced from Dr. Olymbios or FE-3, Lead Plaintiffs have not identified the source of these allegations and Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

291.    Defendants deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

292.   The allegations in this paragraph purport to characterize a Business Leadership Team PowerPoint presentation dated July 28, 2020 titled "BLT Master Deck," which speaks for itself. Defendants respectfully refer the Court to the BLT Master Deck for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

293.   The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Dr. Maag and Dr. Seeto signed certain of CareDx's 10-Ks, and to the extent the allegations in this paragraph purport to characterize and quote from various of CareDx's 10-Ks, which speak for themselves, Defendants respectfully refer the Court to CareDx's 10-Ks for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

294.   Defendants admit that Dr. Maag and Dr. Seeto signed certain of CareDx's SEC filings, and to the extent the allegations in this paragraph purport to characterize and quote from various of CareDx's SEC filings concerning the Anti-Kickback Statute, which speak for themselves, Defendants respectfully refer the Court to CareDx's SEC filings for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

295.   Defendants admit that Dr. Maag and Dr. Seeto signed certain of CareDx's SEC filings, and to the extent the allegations in this paragraph purport to characterize and quote from various of CareDx's SEC filings concerning the Anti-Kickback Statute, which speak for themselves, Defendants respectfully refer the Court to CareDx's SEC filings for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

296.   Defendants admit that Dr. Maag and Dr. Seeto signed certain of CareDx's 10-Ks, and to the extent the allegations in this paragraph purport to characterize and quote from various of CareDx's 10-Ks, which speak for themselves, Defendants respectfully refer the Court to CareDx's 10-Ks for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

297.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph purport to characterize and quote from the Stark Law, which speaks for itself, and Defendants respectfully

37

refer the Court to the Stark Law for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

298.  The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph, including the allegation that Defendants sought to hide alleged misconduct.

299.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

300.  The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

301.  The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

302.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-11 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

303.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-21 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

304.  The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

305.  Defendants admit that, during the Class Period, CareDx's testing services segment was its largest business segment, that the majority of testing services revenue came from AlloSure, and that Medicare was a significant payor.  To the extent the allegations in this paragraph purport to characterize and quote from CareDx's April 30, 2020 earnings call transcript and Dr. Maag's trial testimony, which speak for themselves, Defendants respectfully refer the Court to CareDx's April

30, 2020 earnings call transcript and Dr. Maag's trial testimony transcript for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

306. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that CareDx common stock was listed on NASDAQ, but otherwise deny the allegations in this paragraph.

307. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

308. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

309. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

310. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph purport to characterize CareDx's 10-Q filed on October 28, 2021 (the "3Q 2021 10-Q"), which speaks for itself, and Defendants respectfully refer the Court to CareDx's 10-Q filed on October 28, 2021 for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

311. The allegations in this paragraph purport to characterize and quote from CareDx's 3Q 2021 10-Q, which speaks for itself, and Defendants respectfully refer the Court to CareDx's 3Q 2021 10-Q for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

312. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios and FE-3 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

313. The allegations in this paragraph purport to characterize CareDx's 3Q 2021 10-Q, which speaks for itself, and Defendants respectfully refer the Court to CareDx's 3Q 2021 10-Q for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

314.    Defendants deny the allegations in this paragraph.

315.    The allegations in this paragraph purport to characterize and quote from CareDx's October 28, 2021 earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript from CareDx's October 28, 2021 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

316.    The allegations in this paragraph purport to characterize and quote from CareDx's October 28, 2021 earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript from CareDx's October 28, 2021 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

317.    The allegations in this paragraph purport to characterize and quote from CareDx's October 28, 2021 earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript from CareDx's October 28, 2021 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

318.    This paragraph purports to characterize analyst reports from BTIG, Craig-Hallum, and Raymond James on or around October 29, 2021, which speak for themselves.  Defendants respectfully refer the Court to the analyst reports from BTIG, Craig-Hallum, and Raymond James on or around October 29, 2021 for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

319.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Dr. Olymbios allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them.

320.    The allegations in this paragraph purport to characterize and quote from CareDx's 10-Q filed on May 5, 2022, which speaks for itself.  Defendants respectfully refer the Court to CareDx's 10-Q filed on May 5, 2022 for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

321.    The allegations in this paragraph purport to characterize and quote from CareDx's 10-Q filed on May 5, 2022, which speaks for itself.  Defendants respectfully refer the Court to CareDx's

10-Q filed on May 5, 2022 for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

322.   This paragraph purports to characterize May 6, 2022 analyst reports from BTIG and Craig-Hallum, which speak for themselves.  Defendants respectfully refer the Court to the May 6, 2022 analyst reports from BTIG and Craig-Hallum for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

323.   Defendants deny the allegations in this paragraph.

324.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FE-10 allegedly told Lead Plaintiffs in this paragraph, and on that basis deny them, and otherwise deny the allegations in this paragraph.

325.   Defendants deny the allegations in this paragraph.

326.   The allegations in this paragraph purport to characterize and quote from CareDx's February 24, 2022 earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript from CareDx's February 24, 2022 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

327.   The allegations in this paragraph purport to characterize and quote from CareDx's May 23, 2022 press release announcing Dhingra's resignation and a Jefferies analyst report, which speak for themselves.  Defendants respectfully refer the Court to CareDx's May 23, 2022 press release and the Jefferies analyst report for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

328.   The allegations in this paragraph purport to characterize and quote from CareDx's September 1, 2022 press release, which speaks for itself.  Defendants respectfully refer the Court to CareDx's September 1, 2022 press release for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

329.   The allegations in this paragraph purport to characterize and quote from CareDx's 10-Q filed on November 3, 2022, which speaks for itself.  Defendants respectfully refer the Court to CareDx's 10-Q filed on November 3, 2022 for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

41

330.   The allegations in this paragraph purport to characterize and quote from CareDx's November 3, 2022 earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to CareDx's November 3, 2022 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

331.   The allegations in this paragraph purport to characterize and quote from CareDx's November 3, 2022 earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to CareDx's November 3, 2022 earnings call transcript for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

332.   The allegations in this paragraph purport to characterize and quote from CareDx's 10-Q filed on November 3, 2022, which speaks for itself.  Defendants respectfully refer the Court to CareDx's 10-Q filed on November 3, 2022 for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

333.   Defendants deny the allegations in this paragraph.

334.   This paragraph purports to characterize a November 4, 2022 Craig-Hallum analyst report, which speaks for itself.  Defendants respectfully refer the Court to the November 4, 2022 Craig-Hallum analyst report for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

335.   This paragraph purports to characterize a November 4, 2022 Craig-Hallum analyst report, which speaks for itself.  Defendants respectfully refer the Court to the November 4, 2022 Craig-Hallum analyst report for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

336.   Defendants deny the allegations in this paragraph.

337.   Defendants deny the allegations directed at CareDx in this paragraph, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Natera, and on that basis deny them.

338.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Natera, and on that basis deny them.  To the extent the allegations in this paragraph purport to characterize a Natera earnings call transcript and Craig-Hallum analyst

42

report on or around November 8, 2022, which speak for themselves, Defendants respectfully refer the Court to the Natera earnings call transcript and Craig-Hallum analyst report issued on or around November 8, 2022 for a complete and accurate description of their contents, and otherwise deny the allegations in this paragraph.

339.    This paragraph purports to characterize statements made on November 15, 2022 at the Jefferies London Healthcare Conference, which speak for themselves.  Defendants respectfully refer the Court to the transcript from the November 15, 2022 Jefferies London Healthcare Conference for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

340.    This paragraph purports to characterize statements made on November 15, 2022 at the Jefferies London Healthcare Conference, which speak for themselves.  Defendants respectfully refer the Court to the transcript from the November 15, 2022 Jefferies London Healthcare Conference for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

341.    Defendants deny the allegations in this paragraph.

342.    This paragraph purports to characterize a November 17, 2022 Craig-Hallum analyst report, which speaks for itself.  Defendants respectfully refer the Court to the November 17, 2022 Craig-Hallum analyst report for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

343.    Defendants deny the allegations in this paragraph.

344.    The allegations in this paragraph purport to characterize and quote from a September 25, 2023 press release from CMS, entitled "CMS Statement on Current Status of Blood Tests for Organ Transplant Rejection," which speaks for itself.  Defendants respectfully refer the Court to the September 25, 2023 CMS press release for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

345.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

346.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

347.    Defendants deny the allegations in this paragraph.

348.    The allegations in this paragraph purport to characterize and quote from CareDx's 2020 Annual Report, filed on February 24, 2021, which speaks for itself.  Defendants respectfully refer the Court to CareDx's 2020 Annual Report for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

349.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

350.    Defendants deny the allegations in this paragraph.

351.    Defendants deny the allegations in this paragraph.

352.    The allegations in this paragraph purport to characterize and quote from CareDx's November 1, 2023 press release, which speaks for itself.  Defendants respectfully refer the Court to CareDx's November 1, 2023 press release for a complete and accurate description of its contents, and otherwise deny the allegations in this paragraph.

353.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

354.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that CareDx stock is listed on NASDAQ and there were more than 53 million shares outstanding as of May 3, 2022, but otherwise deny the allegations in this paragraph.

355.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

356.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

357.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

358. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

359. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

360. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

361. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

362. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

363. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

364. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that CareDx common stock was listed on NASDAQ, that CareDx filed reports with the SEC, that CareDx has communicated with public investors via various market communication mechanisms, and that CareDx was followed by certain securities analysts, but otherwise deny the allegations in this paragraph.

365. Defendants deny the allegations in this paragraph.

366. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

367. Defendants deny the allegations in this paragraph.

368. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

369. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

370. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

371.   This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

372.   This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

373.   This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

374.   This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

375.   This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

376.   This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

377.   Defendants deny the allegations in this paragraph.

378.   This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

379.   This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

380.   This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

The TAC contains an unnumbered paragraph with subparts A through D containing a prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Lead Plaintiffs are entitled to any relief in this action.

The TAC contains an unnumbered paragraph containing Lead Plaintiffs' jury demand, to which no response is required.  To the extent a response is required, Defendants also demand a trial by jury.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

## AFFIRMATIVE DEFENSES

As separate defenses to the TAC and the causes of action asserted against Defendants therein (the "Causes of Action"), and without assuming the burden of proof on matters as to which it has no such burden, Defendants state as follows:

### FIRST DEFENSE

**(Failure to State a Cause of Action Upon Which Relief May Be Granted)**

The TAC and the Causes of Action asserted therein fail to state facts sufficient to constitute a cause of action against Defendants.

### SECOND DEFENSE

**(No False or Misleading Statements of Material Fact or Omissions)**

Lead Plaintiffs and putative class members are not entitled to any recovery because the documents and statements quoted in the TAC did not contain any untrue statement of material fact, and did not omit to state any material fact required to be stated or necessary to make the statements made not misleading.

### THIRD DEFENSE

**(Lack of Scienter)**

Defendants lacked the requisite scienter, including specific intent to deceive, and/or willfulness, necessary to establish violations of the securities laws.

### FOURTH DEFENSE

**(Good Faith)**

Lead Plaintiffs' and putative class members' claims are barred, in whole or in part, because Defendants acted in good faith, including reasonably relying upon the advice of others.

### FIFTH DEFENSE

**(Lack of Knowledge Regarding Omission)**

Defendants did not know, and in the exercise of reasonable care could not have known, that any statement made by Defendants contained an untrue statement of material fact or an omission of a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

**SIXTH DEFENSE**

**(No Reliance)**

Lead Plaintiffs' and putative class members' claims are barred, in whole or in part, because Lead Plaintiffs and putative class members did not and could not have reasonably and/or justifiably relied on the alleged misstatements or omissions alleged in the TAC.

**SEVENTH DEFENSE**

**(Lead Plaintiff Not Adequate or Typical)**

The claims and Causes of Action brought on behalf of a putative class are barred, in whole or in part, because the Lead Plaintiffs do not meet the adequacy or typicality requirements of Rule 23.

**EIGHTH DEFENSE**

**(Class Action Improper under Rule 23)**

Lead Plaintiffs' claims are improperly brought, and cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**NINTH DEFENSE**

**(Lack of Standing)**

Lead Plaintiffs' and putative class members' claims are barred, in whole or in part, because Lead Plaintiffs and putative class members lack standing to pursue some or all of their claims against Defendants.

**TENTH DEFENSE**

**(No Duty)**

Lead Plaintiffs' and putative class members' claims are barred, in whole or in part, because Defendants neither owed nor breached any duty to Lead Plaintiffs or putative class members to disclose information allegedly omitted from any statement alleged in the TAC, and had no duty to verify, opine upon, audit, review, or correct such information.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

## ELEVENTH DEFENSE

### (Immateriality)

Lead Plaintiffs' and putative class members' claims are barred, in whole or in part, because the allegedly untrue statements of material fact and/or omissions of material fact were not material to the investment decisions of a reasonable investor.

## TWELFTH DEFENSE

### (Non-Actionable Statements)

Lead Plaintiffs' and putative class members' claims are barred, in whole or in part, because the alleged misstatements are non-actionable statements that contain expressions of opinion that were truly held at the time they were made and/or had a reasonable basis in belief.

## THIRTEENTH DEFENSE

### (Failure to Mitigate)

Lead Plaintiffs' and putative class members' claims are barred, in whole or in part, because Lead Plaintiffs and putative class members failed to make reasonable efforts to mitigate their alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

## FOURTEENTH DEFENSE

### (Equitable Defenses)

Lead Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of laches, equitable estoppel, waiver, or other equitable defenses.

## FIFTEENTH DEFENSE

### (Class Not Ascertainable)

This action cannot be maintained as a class action because the class is not ascertainable.

## SIXTEENTH DEFENSE

### (Class Lacks Commonality)

This action cannot be maintained as a class action because Lead Plaintiffs cannot satisfy the commonality requirement of Rule 23 of the Federal Rules of Civil Procedure.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

## SEVENTEENTH DEFENSE

### (Individual Issues Predominate)

This action cannot be maintained as a class action because individual issues predominate over issues common to the putative class.

## EIGHTEENTH DEFENSE

### (Class Conflict)

This action cannot be maintained as a class action because the interests of the putative class members are in conflict with each other.

## NINETEENTH DEFENSE

### (Class Action Not Superior)

This action cannot be maintained as a class action because a class action is not a superior means of adjudication.

## TWENTIETH DEFENSE

### (Overly Broad Class Period)

The putative class period is overly broad and, therefore, many, if not all, of the putative class members are not entitled to any recovery.

## TWENTY-FIRST DEFENSE

### (No Damages)

Lead Plaintiffs' and putative class members' claims are barred, in whole or in part, because they have suffered no damages as a result of any matters referred to in the TAC.  In the alternative, if Lead Plaintiffs and putative class members are found to have suffered damages, their claims are barred, in whole or in part, to the extent that their damages are speculative or impossible to ascertain.

## TWENTY-SECOND DEFENSE

### (No Loss Causation)

Lead Plaintiffs' and putative class members' claims are barred, in whole or in part, because of the lack of loss causation.  Any damages or injuries allegedly suffered by Lead Plaintiffs or putative class members were not legally caused by any act or omission by Defendants.

## TWENTY-THIRD DEFENSE

### (No Control Person Liability)

Dr. Maag and Dr. Seeto are not subject to control person liability under Section 20(a) of the Exchange Act because they did not serve as a controlling person of CareDx within the meaning of Section 20(a) of the Exchange Act, and because they acted in good faith, and/or they did not directly or indirectly induce, or culpably participate in, any of the alleged acts that supposedly violated the Exchange Act.

## TWENTY-FOURTH DEFENSE

### (Superseding or Intervening Acts)

Any recovery against Defendants is barred, in whole or in part, because any damages incurred by Lead Plaintiffs or putative class members were sustained as a direct and proximate result of intervening and superseding acts and/or omissions of persons or entities, other than Defendants, that were outside the control of Defendants, and/or by intervening and superseding events that were beyond the control of, and could not have been foreseen by, Defendants.

## TWENTY-FIFTH DEFENSE

### (Non-Entitlement to Fees)

Lead Plaintiffs and putative class members are not entitled to attorneys' fees or expert fees as a matter of law.

## TWENTY-SIXTH DEFENSE

### (Reservation of Rights)

Defendants reserve the right to raise any additional defenses, counterclaims, cross claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, and will amend or modify their answer accordingly. Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this action.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief and judgment, as follows:

A.    That judgment be entered in favor of Defendants;

B.    That Plaintiffs take nothing by reason of the claims and Causes of Action asserted herein;

C.    That the TAC and the Causes of Action against Defendants be dismissed with prejudice;

D.    For Defendants' costs of suit, including attorneys' fees, incurred in defense of this action; and

E.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 13, 2025                                  **WILLKIE FARR & GALLAGHER LLP**

By:    /s/ Laura Leigh Geist
         Laura Leigh Geist

Laura Leigh Geist
Barrington Dyer
Tariq Mundiya *(pro hac vice)*
Charles Cording *(pro hac vice)*
Brady Sullivan *(pro hac vice)*

Attorneys for Defendants
CAREDX, INC., REGINALD SEETO, and
PETER MAAG

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT
Case No. 22-cv-03023-TLT