**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East
Suite 100 - #3425
San Francisco, CA 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
Email: aapton@zlk.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (SBN 319767)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com

*Counsel for Plaintiffs*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL UNION #295 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CAREDX, INC., PETER MAAG, and REGINALD SEETO, <br><br> Defendants, | Case No.  3:22-cv-03023-TLT <br><br> <u>CLASS ACTION</u> |
| In re CAREDX, INC. DERIVATIVE LITIGATION <br><br><br><br> [Captions continued on next page] | Lead Case No.:  3:22-cv-05379-TLT <br><br> Date Filed:  September 21, 2022 <br><br> Judge:  Honorable Trina L. Thompson |

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO.  3:22-cv-03023-TLT

JEFFREY EDELMAN, JAYSEN STEVENSON, and CHRISTIAN JACOBSEN, Derivatively on Behalf of CareDx, Inc.,

Plaintiffs,

v.

GEORGE BICKERSTAFF, FRED COHEN, CHRISTINE COURNOYER, GRACE E. COLÓN, ANKUR DHINGRA, MICHAEL D. GOLDBERG, WILLIAM HAGSTROM, PETER MAAG, REGINALD SEETO, RALPH SNYDERMAN, ARTHUR A. TORRES, and HANNAH VALANTINE,

Individual Defendants,

-and-

CAREDX, INC.,

Nominal Defendant.

Case No.: 3:25-cv-02036-SK

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

Date Filed: February 26, 2025

Judge:  Honorable Sallie Kim

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs Jeffrey Edelman, Jaysen Stevenson, and Christian Jacobsen (collectively, "Plaintiffs") respectfully request that this Court deem the matter, *Edelman, et al. v. Bickerstaff, et al.*, Case No. 3:25-cv-02036 ("*Edelman* Action"), related to both *Plumbers & Pipefitters Local Union #295 Pension Fund, et al. v. CareDx, Inc., et al.*, Case No. 3:22-cv-03023-TLT ("Securities Action") and *In re: CareDx, Inc. Derivative Litigation*, Lead Case No. 3:22-cv-05379-TLT ("Former Derivative Action").

As discussed below, the criteria for relation are met here.  These actions "concern substantially the same parties, property, transaction, or event" and therefore, relation is proper under Civil L.R. 3-12(a).

**<u>RELATED ACTIONS</u>**:

The following actions were filed in the following order:

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 3:22-cv-03023-TLT

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Plumbers & Pipefitters Local Union #295 Pension Fund, et al. v. CareDx, Inc., et al.* | 3-22-cv-03023 | 5/23/22 |
| *In re: CareDx, Inc. Derivative Litigation* | 3-22-cv-05379 | 9/21/22 |
| *Edelman v. Bickerstaff, et al.* | 3:25-cv-02036 | 2/26/25 |

## LEGAL STANDARD

Pursuant to Civil L.R. 3-12(a), actions are defined as related when: (1) they "concern substantially the same parties, property, transaction or event;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil  L.R. 3-12(a).

## ARGUMENT

Both criteria for relation are met here.  The *Edelman* Action, the Securities Action, and the Former Derivative Action arise, at least in part, from the same allegedly false and misleading statements made by executives of CareDx, Inc. ("CareDx").  The Securities Action alleges violations of the federal securities laws by CareDx, as well as Peter Maag ("Maag") and Reginald Seeto ("Seeto").  The *Edelman* Action (like the Former Derivative Action) alleges that Maag, Seeto, and others breached the fiduciary duties they owe to CareDx and its shareholders in connection with, *inter alia*, the same statements that are alleged to be materially false and misleading in the Securities Action.  Specifically, all three actions allege that the individual defendants engaged in schemes to inflate CareDx's testing revenue by, *inter alia*: (i) pushing protocols for surveillance of organ rejection through inaccurate marketing materials and in violation of Medicare standards; (ii) offering extravagant inducements or kickbacks to physicians and other providers; and (iii) improperly bundling expensive testing services with other blood tests as part of the RemoTraC service. The Former Derivative Action, a consolidated derivative action filed by Plaintiffs and voluntarily dismissed without prejudice in November 2024, involves the same parties as the pending *Edelman* Action.

Given the similarities among these cases and the fact that these cases are pending in this District, treating them as related would serve the interests of judicial economy and avoid the potential for conflicting rulings on common issues. Because the requirements of Civil L.R. 3-12(a) are met, relation is appropriate. *See, e.g.*, *Gorsline v. Nutanix, Inc.*, 2023 U.S. Dist. LEXIS 119913, at *1-2 (N.D. Cal. July 12, 2023) (relating a securities action and a derivative action where the cases concerned substantially the same parties and the same statements violated securities laws).

Pursuant to Civil L.R. 7-11(a) and 7-12, submitted herewith is a stipulation whereby counsel for the parties to the Securities Action, the Former Derivative Action, and the *Edelman* Action have agreed that the *Edelman* Action should be related to the Securities Action and the Former Derivative Action. All such counsel further agree that the *Edelman* Action should be reassigned to this Court.

**CONCLUSION**

For the above stated reasons, Plaintiffs respectfully request that the Court enter the proposed order administratively relating the *Edelman* Action to the Securities Action and the Former Derivative Action.

Dated: March 19, 2025                    Respectfully Submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

*/s/ Melissa A. Fortunato*
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
          passmore@bespc.com

**LEVI & KORSINSKY, LLP**
Correy A. Suk (*pro hac vice* forthcoming)
Gregory M. Nespole (*pro hac vice* forthcoming)

4
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 3:22-cv-03023-TLT

Daniel Tepper (*pro hac vice* forthcoming*)*
33 Whitehall Street, 17th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-1294
Email: csuk@zlk.com
        gnespole@zlk.com
        dtepper@zlk.com

Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100 - #3425
San Francisco, CA 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
Email: aapton@zlk.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Erica L. Stone (*pro hac vice forthcoming*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: estone@rosenlegal.com

*Counsel to Plaintiffs*

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 19, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the Electronic Mail Notice for this action.

*/s/ Melissa A. Fortunato*
Melissa A. Fortunato

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 3:22-cv-03023-TLT