1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

PLUMBERS & PIPEFITTERS LOCAL
UNION #295 PENSION FUND, et al.,

Case No. 22-cv-03023-TLT

8

Plaintiffs,

9

v.

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

10

CAREDX, INC., et al.,

Re: ECF 177

11

Defendants.

12

13          On May 16, 2025, Lead Plaintiffs Oklahoma Police Pension and Retirement System, Sheet

14   Metal Workers Local 19 Pension Fund, Local 353, I.B.E.W. Pension Fund, and Beaumont

15   Firemen's Relief & Retirement Fund (collectively, "Lead Plaintiffs") and Defendants CareDx, Inc.

16   ("CareDx"), Reginald Seeto, and Peter Maag (collectively, "Defendants,") informed the Court that

17   they had reached an agreement-in-principle to settle the case with the assistance of the Hon. Gary

18   Feess (Ret.).  ECF 175.  Before the Court is Plaintiff's unopposed motion for preliminary approval

19   of class action settlement.  ECF 177.

20          The parties submit the motion on the papers and request resolution with oral argument.  *Id.*

21   app. A.  The parties provided responses to the Court's inquiries.  *See* ECF 182, 183.  The Court

22   finds this matter appropriate for resolution without oral argument.  *See* Civ. L. R. 7-1(b)

23   (authorizing courts to dispense with oral argument on any motion except where an oral hearing is

24   required by statute).

25          Having considered the motion briefing, statement of non-opposition, the relevant law, the

26   terms of the settlement agreement and the class notice, as well as the record in this case, and based

27   on the reasons and terms set forth herein, the Court **GRANTS** the parties' motion for preliminary

28   approval of class action settlement.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    BACKGROUND

### A.    Procedural History

On May 23, 2022, the initial complaint in this Action was filed.  ECF 1.  On July 22, 2022, Plaintiffs filed their unopposed motion for an order appointing them as lead plaintiffs and approving their selection of lead counsel.  ECF 31.  On August 25, 2022, the Court granted Lead Plaintiffs' motion, appointing Lead Plaintiffs and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Saxena White P.A. ("Saxena White") as lead counsel.  ECF 43.

On November 28, 2022, Plaintiffs filed their first amended complaint ("FAC").  ECF 53. On January 27, 2023, Defendants filed a motion to dismiss and to strike portions of the FAC, and a request for judicial notice.  ECF 58–60.  On May 16 and May 24, 2023, the Court held a hearing and granted Defendants' motions, striking some paragraphs from the FAC and dismissing the FAC entirely, with leave to amend. ECF 74–75.

On June 28, 2023, Plaintiffs filed their second amended complaint ("SAC").  ECF 81.  On July 26, 2023, Defendants again moved to dismiss and to strike portions of the SAC, with an accompanying request for judicial notice.  ECF 89–91.  On September 18, 2024, the Court issued an order granting in part and denying in part Defendants' motion to dismiss the SAC and motion to strike portions of the SAC.  ECF 123.  The Court granted the motion to dismiss on scienter grounds, with leave to amend. However, the Court found that Plaintiffs had sufficiently alleged falsity as to statements regarding underwriting representations and statements regarding testing services revenue and historical RemoTraC data.  *Id.* at 43.  The Court also found that Plaintiffs had sufficiently alleged loss causation.  *Id.*

On November 1, 2024, Plaintiffs filed their third amended complaint ("TAC").  ECF 133. Plaintiffs alleged that Defendants CareDx, Dr. Maag, and Dr. Seeto violated: (1) Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder; and (2) Section 20(a) of the Exchange Act.  *Id.* ¶¶ 367–80.  On November 15, 2024, Defendants filed a motion to dismiss the TAC, accompanied by a request for judicial notice.  ECF 136–137.  The Court heard oral argument on Defendants' motion to dismiss the TAC on January 28, 2025, and on February 18, 2025, denied Defendants' motion.  ECF 154.

On April 18, 2025, Plaintiffs filed their Motion to Certify Class, Appoint Class Representatives, and Appoint Class Counsel. ECF 170. On May 16, 2025, the parties stipulated to vacate the class certification motion, notifying the Court that they had reached a settlement in principle. ECF 175. The Court granted the stipulation. ECF 176.

On May 23, 2025, Plaintiffs filed a motion for preliminary approval of class action settlement. ECF 177. Defendants filed a statement of non-opposition. ECF 180.

## B.    Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, without admitting liability, Defendants will pay $20,250,000 into the Escrow Account, which amount, plus any interest accrued thereon, comprises the Settlement Fund. This amount includes attorneys' fees and costs, the cost of class notice and settlement administration, and the class representatives' service award.

### 1.    Attorneys' Fees and Costs

Under the Settlement Agreement, Plaintiffs' counsel agreed to seek up to $6,075,000 in attorneys' fees (30% of the settlement fund)[1] and no more than $450,000 in litigation costs. The common settlement fund also includes a provision for up to $7,500 each to be paid to each Lead Plaintiff as an incentive award, totaling $15,000. The class administrator estimates that that total notice and administration costs will be approximately $285,000. ECF 177-3, ¶ 27.

### 2.    Class Relief

After deductions from the common fund for fees, costs, and service incentive awards, approximately $13,425,000 will remain to be distributed among the participating class members. The Claims Administrator will send to each Authorized Claimant his, her, or its pro rata share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least $10.00. ECF 177-2, ¶ 5.11. Assuming all potential Class Members elect to participate, the estimated average recovery is $0.32 per damaged share before fees and expenses. *Id.* Exhibit ("Ex.") A-1, at 1. The

---

[1] The Court notes that Plaintiffs intend to seek attorneys' fees greater than the Ninth Circuit benchmark of 25 percent. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). Plaintiffs must provide "special circumstances" to justify departure from the benchmark. *Id.*

Agreement provides that no amount will revert to defendant.  The agreement does not provide for injunctive relief.

### 3.  Cy Pres/Remainder

The Settlement Agreement provides that if there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion.  ECF 177-2, ¶ 5.12.  The Settlement Agreement selects the Council of Institutional Investors as the cy pres.  *Id.*  Settlement Counsel are ordered to provide the Court with a declaration indicating that no member of either firm is on the board of Council of Institutional Investors and that there is no actual conflict or appearance of conflict between the parties and the chosen cy pres *no later than* **September 30, 2025**.

## II.    LEGAL STANDARD

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification.  Fed. R. Civ. P. 23(e)(2).  In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class.  *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1027.  The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement.  *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

1     Settlements that occur before formal class certification also "require a higher standard of

2  fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such

3  settlements, in addition to considering the above factors, a court also must ensure that "the

4  settlement is not the product of collusion among the negotiating parties*." In re Bluetooth Headset*

5  *Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011).

6  **III.    PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

7      **A.    Class Definition and Basis for Conditional Certification**

8      The Settlement Agreement, attached hereto as **Exhibit 1**, defines the class as:

9      [A]ll persons or entities who purchased CareDx, Inc. common stock
       between May 1, 2020 and November 3, 2022, inclusive ("Class
10     Period"), and were damaged thereby. Excluded from the Class are
       Defendants, the officers and directors of the Company, at all relevant
11     times, members of their immediate families, and their legal
       representatives, heirs, successors, or assigns, and any entity in which
12     Defendants have or had a controlling interest. Also excluded from the
       Class are those persons and entities who timely and validly request
13     exclusion from the Class pursuant to the Notice.

14  ECF 177-2, ¶ 1.5. This definition is consistent with the definition from the third amended

15  complaint. *See* ECF 133, ¶ 353.

16     A class may be properly certified only if "the class is so numerous that joinder of all

17  members is impracticable." Fed. R. Civ. P. 23(a)(1). With respect to numerosity, the Settlement

18  Class includes "hundreds, if not thousands" of putative class members., making it so numerous

19  that joinder of all members is impracticable. ECF 177, at 18–19.

20     Rule 23(a)(2) commonality requires "questions of fact or law common to the class,"

21  though all questions of fact and law need not be in common. Fed. R. Civ. P. 23(a)(2); *Hanlon*,

22  150 F.3d at 1026. Here, this action presents numerous factual questions common to the Class,

23  including: (i) whether Defendants omitted or misrepresented material facts; (ii) whether

24  Defendants acted with scienter; (iii) whether the price of CareDx's common stock was artificially

25  inflated or maintained during the Class Period; and (iv) whether disclosure of the truth caused

26  Class Members to suffer economic loss and damages. ECF 177, at 19.

27     Under Rule 23(a)(3), "the claims or defenses of the representative parties [must be] typical

28  of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). As with the other members of the

United States District Court
Northern District of California

5

1    Class, Lead Plaintiffs allege that they purchased CareDx common stock during the Class Period

2    and were subsequently damaged due to Defendants' conduct. Lead Plaintiffs "share[] identical

3    interests with the Settlement Class in obtaining a fair, reasonable, and adequate settlement of the

4    claims asserted," and "will receive the same pro rata share of the Settlement Fund as the rest of the

5    Settlement Class." ECF 177, at 19 (quoting *Baron v. HyreCar Inc.*, No. 2:21-CV-06918-FWS-JC,

6    2024 WL 3504234, at *12 (C.D. Cal. July 19, 2024)) (internal quotations omitted).

7           With respect to the final element of Fed. R. Civ. P. 23(a), "the representative parties" in a

8    class action must "fairly and adequately protect the interests of the class" they represent. Fed. R.

9    Civ. P. 23(a)(4). Here, based upon their purchases of CareDx common stock during the Class

10   Period and their alleged losses, Lead Plaintiffs' interests are directly aligned with the interests of

11   other Class Members, who were injured by the same alleged materially false and misleading

12   statements and omissions as Lead Plaintiffs. Further, no conflicts of interest appear as between

13   Lead Plaintiff and the members of the Settlement Class. Class Counsel Robbins Geller and Saxena

14   White have demonstrated that they are experienced in class action litigation, certification, trial,

15   and therefore adequate to represent the Settlement Class as well.

16          Rule 23(b)(3) requires that common questions of law or fact predominate over individual

17   questions, and that a class action is superior to other available methods of adjudication. *See Erica

18   P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). Here, there are common

19   questions of law and fact that predominate, including whether Defendants' statements were false

20   or misleading, whether Defendants acted with scienter, and whether, and to what extent, Class

21   Members suffered damages caused by the revelation of Defendants' alleged fraud. Moreover, a

22   class action is the superior method available to fairly and efficiently adjudicate this Action. The

23   geographically dispersed nature of the Class, the inefficiency of multiple lawsuits, and the size of

24   individual recoveries in comparison to the cost of litigation strongly support a finding of

25   superiority here.

26          The Court finds that, for purposes of settlement, Lead Plaintiffs have satisfied the

27   requirements of Rule 23(a) as well as the requirements for certification under one or more

28   subsections of Rule 23(b).

United States District Court
Northern District of California

United States District Court
Northern District of California

### B. Settlement Agreement Appears Fair and Reasonable

The settlement agreement, a copy of which is attached hereto as **Exhibit 1** ("Settlement Agreement"), is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate, and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing. ECF 177-2.

Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals. It is extremely unlikely that the Class could have recovered anything close to Plaintiffs' damages estimates (or, indeed, anything meaningfully above the Settlement Amount) had they continued litigating, especially given the increase in attorney's fees and expenses with continued litigation, including class certification.

The settlement occurred after a motion to dismiss, filing of an amended complaint, document production, investigation, and extensive negotiation through private mediation. Counsel for both parties are sophisticated and experienced. The record does not indicate collusion or self-dealing. The Settlement Agreement appears to have been the product of arm's length and informed negotiations with the assistance of an experienced mediator. Here, counsel engaged in a mediation process supervised by Judge Feess. The relief provided for the Class appears to be adequate, taking into account:

      (i)     the costs, risks, and delay of trial and appeal;

      (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

      (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

      (iv)   any agreements required to be identified under Rule 23(e)(3), including the Settlement and Release Agreement, attached as Exhibit 1. ECF 177-2.

Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.

The Parties have entered into a confidential supplemental agreement pursuant to which Defendants may terminate the Settlement if requests for exclusion from the Class reach a certain threshold— generally called a "blow provision." Courts have found that such an agreement does not render the Settlement unfair. *See, e.g., Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 4207245, at *11 (N.D. Cal. Sept. 4, 2018) ("The existence of a termination option triggered by the number of class members who opt out of the Settlement does not by itself render the Settlement unfair."). Having reviewed the supplemental agreement under seal, the Court concludes that the termination provision is fair and reasonable. *See* ECF 183-2.

The parties have requested the motion be resolved on the papers under submission. The parties have provided responses to the Court's inquiries. ECF 182. The Court will evaluate the Settlement Agreement fully at the hearing for final approval. Based on the foregoing, the Court conditionally certifies the class and provisionally appoints Lead Plaintiffs as class representatives, and Lead Counsel as class counsel for the class.

## IV.    PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION

### A.    Notice Plan

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

1    CareDx shall provide or cause to be provided to the Settlement Administrator in electronic

2    format records reasonably available to CareDx or its transfer agent (consisting of names, mailing

3    addresses, and, if available, email addresses) of the record purchasers of CareDx common stock

4    during the Class Period. ECF 177-3, ¶ 9. The Settlement Administrator will mail, or email, to the

5    extent email addresses are made available, the Postcard Notice to all Class Members who can be

6    identified with reasonable effort. *Id.* ¶ 8. To effectuate notice to the majority of the Class, the

7    Settlement Administrator will mail a Postcard Notice to its list of the largest and most common

8    Nominees who may have purchased CareDx common stock for the beneficial ownership of other

9    persons and entities. *Id.* ¶ 10. The Settlement Administrator will also submit the Notice to the

10   Depository Trust Company ("DTC") to post on the DTC Legal Notice System ("LENS"). *Id.* ¶

11   12.

12   To supplement direct mailed or emailed notice to potential Class Members, the Settlement

13   Administrator will cause the Summary Notice to be published in The Wall Street Journal and be

14   transmitted over PR Newswire. *Id.* ¶ 14. The Settlement Administrator will establish a

15   settlement-specific website, www.CareDxSecuritiesLitigation.com ("Settlement Website"), where

16   Class Members can access and download copies of the Notice, the Proof of Claim, the Stipulation,

17   and other documents related to the Settlement. *Id.* ¶ 15. A toll-free telephone number, 1-877-423-

18   0707, and dedicated email address, info@CareDxSecuritiesLitigation.com, will also be established

19   and staffed with customer service representatives trained to answer questions about the Settlement.

20   *Id.* ¶ 16.

21   The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs

22   have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated,

23   under the circumstances, to apprise the Class members of the proposed settlement and of their

24   right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable

25   and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv)

26   meet all applicable requirements of due process and any other applicable requirements under

27   federal law.

28

United States District Court
Northern District of California

The Court approves the long form Notice of Proposed Class Action Settlement attached as **Exhibit A-1** to this Order.  ECF 177-2, Ex. A-1.  The Court also approves of the summary notice attached as **Exhibit A-3** to this Order, *id.* Ex. A-3, and post-card notice attached as **Exhibit A-4** to this Order, *id.* Ex. A-4.  The proposed notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing.  The forms of plan of notice are therefore approved.

### B.    Plan of Allocation

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and the class notices.  In connection therewith, the Court approves the Proof of Claim form, attached hereto as **Exhibit A-2**.  ECF 177-2, Ex. A-2.

### C.    Settlement Administrator

A.B. Data, Ltd. ("A.B. Data") is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than **August 14, 2025** ("Notice Date").  Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

### D.    Exclusion/Opt-Out

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator no later than **October 14, 2025**.  Requests for exclusion must be in writing and set forth the name and address of the person who wishes to be excluded and must be signed by the class member seeking exclusion.  No later than **October 28, 2025**, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class as provided in the Settlement Agreement.

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final

United States District Court
Northern District of California

approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

### E.    Objections

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards by mailing to the Settlement Administrator a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than **October 14, 2025**. Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

### F.    Attorneys' Fees and Class Representative Awards

Plaintiffs and their counsel shall file their motion for attorneys' fees and for Class Representative awards no later than **September 30, 2025**.  Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court no later than **October 14, 2025**.   Plaintiffs shall file a reply brief responding to any timely objection no later than **October 28, 2025**.

### G.    Fairness and Final Approval Hearing

All briefs, memoranda, and papers in support of final approval of the settlement shall be filed no later than **September 30, 2025**.  The Court will conduct a Fairness and Final Approval Hearing on Tuesday, **December 2, 2025**, at 2:00 p.m., to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than **October 14, 2025**.

United States District Court
Northern District of California

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

### H.    Post-Distribution Accounting

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing. Counsel should prepare accordingly.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** the parties' motion for preliminary approval of class action settlement.

The proposed order attached to this Order as **Exhibit A** is hereby adopted, except as modified herein. ECF 177-2, Ex. A. The Court **MODIFIES** deadlines set in its prior order. The summary of key dates is below.

//

//

//

//

//

//

//

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | August 1, 2025 |
| Class Notice to be sent by | August 14, 2025 |
| Motion for Final Approval to be filed by | September 30, 2025 |
| Class Counsel to file their motion for fees and costs and Class Representative awards | September 30, 2025 |
| Postmark deadline to submit objection or request for exclusion | October 14, 2025 |
| Class counsel and settlement administrator to submit supplemental statements regarding status of notice | October 28, 2025 |
| Fairness and Final Approval Hearing | December 2, 2025, 2:00 p.m., in-person<br><br>NOTE: Subject to change without further notice to the Class. |

This Order resolves ECF 177.

**IT IS SO ORDERED.**

Dated: July 22, 2025

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

# EXHIBIT 1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
JASON C. DAVIS (253370)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jdavis@rgrdlaw.com
     – and –
SPENCER A. BURKHOLZ (147029)
THEODORE J. PINTAR (131372)
HEATHER G. GEIGER (322937)
NICOLE Q. GILLILAND (335132)
EVELYN SANCHEZ GONZALEZ (360232)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
tedp@rgrdlaw.com
hgeiger@rgrdlaw.com
ngilliland@rgrdlaw.com
egonzalez@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL UNION #295 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CAREDX, INC., et al., <br><br> Defendants. | Case No. 3:22-cv-03023-TLT (Securities Case) <br><br> <u>CLASS ACTION</u> <br><br> STIPULATION OF SETTLEMENT |

This Stipulation of Settlement (the "Stipulation") is made and entered into by and between: (i) lead plaintiffs Oklahoma Police Pension and Retirement System, Sheet Metal Workers Local 19 Pension Fund, Local 353, I.B.E.W. Pension Fund, and Beaumont Firemen's Relief & Retirement Fund ("Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Class (defined in ¶1.5, *infra*); and (ii) defendants CareDx, Inc. ("CareDx" or the "Company") and Peter Maag and Reginald Seeto ("Individual Defendants" and together with CareDx, "Defendants," and, together with Lead Plaintiffs, the "Parties" or "Settling Parties"), by and through their respective counsel of record in the above-captioned litigation (the "Action") pending in the United States District Court for the Northern District of California (the "Court"). This Stipulation is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, dismiss with prejudice, and release the Released Claims, upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

All capitalized terms not otherwise defined shall have the meanings ascribed to them in Section IV.1., below, entitled "Definitions."

# I.    THE LITIGATION

The original securities class action complaint in the Action was filed in this District on May 23, 2022. ECF 1. Plaintiffs then moved for an order appointing them as lead plaintiffs in the case and approving their selection of lead counsel for the class. ECF 31. The Court subsequently granted Plaintiffs' motion and appointed Plaintiffs as Lead Plaintiffs for the case and the firms of Robbins Geller Rudman & Dowd LLP and Saxena White P.A. as Lead Counsel. ECF 43.

On November 28, 2022, Plaintiffs filed their first amended complaint ("FAC"). ECF 53. Defendants moved to dismiss and to strike portions of the FAC. ECF 58, 60. The Court struck some paragraphs from the FAC and dismissed the FAC entirely, with leave to amend. ECF 75.

On June 28, 2023, Plaintiffs filed their second amended complaint ("SAC"). ECF 81. Defendants again moved to dismiss and to strike portions of the SAC. ECF 89, 91. The Court again struck certain paragraphs from the SAC and dismissed the SAC entirely, with leave to amend. ECF 123. However, the Court found that for their Section 10(b) and Rule 10b-5 claim, Plaintiffs had sufficiently alleged falsity as to statements regarding underwriting representations and statements

1  regarding testing services revenue and historical RemoTraC data. *Id.* at 43. The Court also found

2  that Plaintiffs had sufficiently alleged loss causation. *Id.*

3      On November 1, 2024, Plaintiffs filed their corrected third amended complaint ("TAC").

4  ECF 133. Plaintiffs allege that Defendants CareDx, Dr. Maag, and Dr. Seeto violated: (1) Section

5  10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder; and (2) Section 20(a) of the

6  Exchange Act. *Id.*, ¶¶367-380. Defendants subsequently moved to dismiss the TAC. ECF 136.

7  Plaintiffs timely filed an opposition, and Defendants timely filed a reply. ECF 138, 144. The Court

8  heard oral argument on January 28, 2025. ECF 150. On February 18, 2025, the Court denied

9  Defendants' motion to dismiss the TAC. ECF 154.

10     The Parties thereafter exchanged Initial Disclosures pursuant to Fed. R. Civ. P. 26 and began

11  formal fact discovery and negotiations regarding an ESI Protocol and Protective Order. Plaintiffs

12  served two sets of Requests for Production of Documents, Interrogatories and several deposition

13  subpoenas and notices, and Defendants served Interrogatories, Requests for Production of

14  Documents and notices for the depositions of all Plaintiffs. During this time, Defendants produced

15  over 2.4 million pages of documents to Plaintiffs in response to Plaintiffs' First Requests for

16  Production. Plaintiffs commenced reviewing and analyzing those materials.

17     During the course of the Action, the Parties engaged a neutral, third-party mediator, the Hon.

18  Gary A. Feess (Ret.), to aid in settlement negotiations. Judge Feess has extensive experience

19  mediating complex class action litigations such as this Action. The Parties engaged in an in-person

20  mediation session and numerous teleconferences with Judge Feess in an effort to resolve the Action

21  throughout April. The Parties also exchanged mediation briefs ahead of their in-person mediation

22  session, setting forth their respective arguments concerning liability and damages and respective

23  views of the merits of the Action. Though the Parties' initial mediation session on April 1, 2025 was

24  unsuccessful in resolving the case, the Parties continued to have telephonic and email exchanges

25  with Judge Feess regarding a potential resolution.

26     On April 21, 2025, Judge Feess issued a mediator's proposal to resolve the Action for

27  $20,250,000, which the Settling Parties accepted as an agreement in principle, subject to the

28

1    negotiation of the terms of a stipulation of settlement and approval by the Court.  This Stipulation

2    (together with the Exhibits hereto) reflects the final and binding agreement of the Parties.

3    **II.    LEAD PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT**

4           Lead Plaintiffs believe that the claims asserted in the Action have merit and that the evidence

5    and record developed to date support the claims asserted.  Nonetheless, Lead Plaintiffs and Lead

6    Counsel recognize and acknowledge the expense and length of continued proceedings necessary to

7    prosecute the Action through trial and any possible appeals.  Lead Plaintiffs and Lead Counsel have

8    also taken into account the uncertain outcome and risk of any litigation, especially in complex

9    actions such as this Action, as well as the difficulties and delays inherent in such litigation.  Lead

10   Counsel is mindful of the inherent problems of proof and the possible defenses to the claims alleged

11   in the Action.  Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this

12   Stipulation confers substantial benefits upon the Class in light of the circumstances present.  Based

13   on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth

14   in this Stipulation is in the best interests of the Class.

15   **III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

16          Defendants have denied, and continue to deny, that they have engaged in any wrongdoing of

17   any kind, including, without limitation, that they committed any act or omission giving rise to any

18   liability or violation of law.  Specifically, Defendants expressly have denied, and continue to deny,

19   each and all of the claims alleged by Lead Plaintiffs in the Action, along with all the charges of

20   wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions

21   alleged, or that could have been alleged, in the Action.  Defendants also have denied, and continue to

22   deny, among other allegations, the allegations that Lead Plaintiffs or the Class have suffered any

23   damages, or that Lead Plaintiffs or the Class were harmed by the conduct alleged in the Action or

24   that could have been alleged as part of the Action.  Defendants have asserted, and continue to assert,

25   that the conduct was at all times proper and in compliance with all applicable provisions of law, and

26   believe the evidence developed to date supports their position that they acted properly at all times

27   and that the Action is without merit.  In addition, Defendants maintain that they have meritorious

28   defenses to all claims alleged in the Action.

1    As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be

2    construed as, deemed to be evidence of, or constitute an admission or finding of any fault, liability,

3    wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could

4    have, asserted. Defendants are entering into this Stipulation solely to eliminate the burden and

5    expense of further litigation. Defendants have determined that it is desirable and beneficial to them

6    that the Action be settled in the manner and upon the terms and conditions set forth in this

7    Stipulation.

8    **IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

9    NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead

10    Plaintiffs (for themselves and members of the Class), on the one hand, and Defendants, on the other

11    hand, by and through their respective counsel of record, that, subject to the approval of the Court,

12    pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits

13    flowing to the Parties from the Settlement set forth herein, the Released Claims and the Released

14    Defendants' Claims shall be finally and fully compromised, settled, and released, and the Action

15    shall be dismissed with prejudice as to Plaintiffs and Defendants, with each party to bear its own

16    fees, costs, and expenses (except as expressly provided by this Stipulation), upon and subject to the

17    terms and conditions of this Stipulation, as follows.

18    **1.    Definitions**

19    As used in this Stipulation the following terms have the meanings specified below:

20    1.1    "Action" or "Litigation" means *Plumbers & Pipefitters Local Union #295 Pension*

21    *Fund v. CareDx, Inc., et al.*, No. 3:22-cv-03023-TLT (N.D. Cal.), and all prior proceedings therein.

22    1.2    "Authorized Claimant" means any member of the Class who submits a valid Proof of

23    Claim and Release that is approved by the Claims Administrator or Court for payment from the Net

24    Settlement Fund.

25    1.3    "CareDx" or the "Company" means CareDx, Inc.

26    1.4    "Claims Administrator" means the firm retained by Lead Counsel as claims

27    administrator for purposes of this Settlement.

28

---

1          1.5      "Class" means all persons or entities who purchased CareDx, Inc. common stock

2     between May 1, 2020 and November 3, 2022, inclusive ("Class Period"), and were damaged thereby.

3     Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant

4     times, members of their immediate families, and their legal representatives, heirs, successors, or

5     assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from

6     the Class are those persons and entities who timely and validly request exclusion from the Class

7     pursuant to the Notice.

8          1.6      "Class Member" or "Class Members" means any Person(s) who falls within the

9     definition of the Class as set forth in ¶1.5 of this Stipulation.

10         1.7      "Court" means the United States District Court for the Northern District of California.

11         1.8      "Defendants" means CareDx and the Individual Defendants.

12         1.9      "Effective Date" means the first date by which all of the events and conditions

13    specified in ¶7.1 of this Stipulation have been met and have occurred.

14         1.10     "Escrow Account" means the account controlled by the Escrow Agent.

15         1.11     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and Saxena White

16    P.A. or their successor(s).

17         1.12     "Final" means when the last of the following with respect to the Judgment approving

18    this Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration

19    of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure

20    59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has

21    passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an

22    appeal is taken, immediately after the determination of that motion or appeal so that it is no longer

23    subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a

24    court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such manner as to

25    permit the consummation of the Settlement, substantially in accordance with the terms and

26    conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any motion

27    for reconsideration or rehearing or petition for a writ of certiorari or other writ that may be filed in

28    connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking

1   subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees,

2   costs, or expenses or an award to Lead Plaintiffs; (ii) the Plan of Allocation (as submitted or

3   subsequently modified); or (iii) the procedures for determining Authorized Claimants' recognized

4   claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to

5   become Final, or otherwise preclude the Judgment from becoming Final.

6       1.13    "Judgment" means the judgment and order of dismissal with prejudice to be rendered

7   by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B,

8   as well as any form of final judgment that may be entered by the Court in a form other than the form

9   attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this

10  Settlement by reason of such variance, consistent with the terms of this Stipulation.

11      1.14    "Individual Defendants" means Peter Maag and Reginald Seeto.

12      1.15    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Saxena White P.A.

13      1.16    "Lead Plaintiffs" or "Plaintiffs" means Oklahoma Police Pension and Retirement

14  System, Sheet Metal Workers Local 19 Pension Fund, Local 353, I.B.E.W. Pension Fund, and

15  Beaumont Firemen's Relief & Retirement Fund.

16      1.17    "Net Settlement Fund" means the portion of the Settlement Fund that shall be

17  distributed to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the

18  Court, after provision for the amounts set forth in ¶5.4(a)-(c) of this Stipulation.

19      1.18    "Notice" means the Notice of: (i) Pendency of Class Action, Certification of Class,

20  and Proposed Settlement and Plan of Allocation; (ii) Settlement Fairness Hearing; and (iii) Motion

21  for an Award of Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto

22  as Exhibit A-1, or in such other form as may be approved in writing by all of the Parties acting by

23  and through their respective counsel of record in the Action and approved by the Court, which shall

24  be made available online at a website maintained by the Claims Administrator or mailed to Class

25  Members upon request.

26      1.19    "Parties" means Plaintiffs and Defendants.  "Party" means one of the Parties.

27      1.20    "Person" means an individual, corporation, partnership, limited partnership,

28  association, joint stock company, estate, legal representative, trust, unincorporated association,

1   government or any political subdivision or agency thereof, and any business or legal entity and his,

2   her, or its spouses, heirs, predecessors, successors, representatives, or assignees.

3       1.21   "Plan of Allocation" means a plan or formula of allocation of the Net Settlement

4   Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of

5   Allocation is not part of this Stipulation and the Released Parties shall have no responsibility or

6   liability with respect to the Plan of Allocation.

7       1.22   "Postcard Notice" means the Postcard Notice of: (i) Pendency of Class Action,

8   Certification of Class, and Proposed Settlement and Plan of Allocation; (ii) Settlement Fairness

9   Hearing; and (iii) Motion for an Award of Attorneys' Fees and Litigation Expenses, substantially in

10  the form attached hereto as Exhibit A-4, or in such other form as may be approved in writing by all

11  of the Parties acting by and through their respective counsel of record in the Action and approved by

12  the Court, which is to be mailed or emailed to Class Members.  The Postcard Notice shall direct

13  Class Members to the Settlement website to access the Proof of Claim and Release form and the

14  Notice, which shall contain the general terms of the Settlement set forth in this Stipulation, the

15  proposed Plan of Allocation, the general terms of the fee and expense application, and the date of the

16  Settlement Hearing.

17      1.23   "Proof of Claim and Release" means the Proof of Claim and Release form for

18  submitting a claim, which, subject to approval of the Court, shall be substantially in the form

19  attached hereto as Exhibit A-2.  A Class Member must complete and submit the Proof of Claim and

20  Release should that Class Member seek to share in a distribution of the Net Settlement Fund.

21      1.24   "Released Claims" means all claims (including, but not limited to, Unknown Claims),

22  demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have

23  been asserted in the Action or could in the future be asserted in any forum, whether foreign or

24  domestic, whether arising under federal, state, common or foreign law, by Plaintiffs, any member of

25  the Class, or their successors, assigns, executors, administrators, representatives, attorneys and

26  agents, whether brought directly or indirectly against any of the Released Defendants Parties, which

27  arise out of, are based on, or relate in any way to, directly or indirectly: (i) any of the allegations,

28  acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set

1  forth, alleged or referred to, in the Action, or which could have been alleged in the Action; and (ii)

2  the purchase or acquisition of CareDx common stock by any member of the Class during the Class

3  Period. For the avoidance of doubt, "Released Claims" does not include claims to enforce the

4  Settlement.

5       1.25 "Released Defendants Parties" means: (i) each and all of the Defendants; (ii) each of

6  their respective family members (for individuals) and past, present, and future direct and indirect

7  parent entities, subsidiaries, related entities, and affiliates; and (iii) for any of the entities listed in

8  parts (i) and (ii), their respective past and present general partners, limited partners, principals,

9  shareholders, investors (however denominated), insurers, joint ventures, members, officers,

10  directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors,

11  accountants, financial advisors, professional advisors, investment bankers, representatives, trustees,

12  trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors,

13  administrators, and any controlling person thereof.

14       1.26 "Released Defendants' Claims" means all claims (including, but not limited to,

15  Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have

16  been or could have been asserted in the Action by the Released Defendants Parties or any of them

17  against any of the Released Plaintiffs Parties, which arise out or relate in any way to the institution,

18  prosecution, assertion, settlement, or resolution of the Action (except for claims to enforce the

19  Settlement). Excluded from this definition are any claims by the Released Defendants Parties

20  against Dr. Michael Olymbios, the relator in the action captioned *United States of America, ex. rel.*

21  *Olymbios v. CareDx, Inc., et al.*, No. 21-CV-00774 (E.D.N.Y.).

22       1.27 "Released Parties" means the Released Defendants Parties and the Released Plaintiffs

23  Parties.

24       1.28 "Released Plaintiffs Parties" means: (i) each and all of the Plaintiffs and members of

25  the Class; (ii) each of their respective family members, and their respective past, present, and future

26  general partners, limited partners, principals, shareholders, investors (however denominated), joint

27  ventures, members, officers, directors, managers, managing directors, supervisors, employees,

28  contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment

STIPULATION OF SETTLEMENT - 3:22-cv-03023-TLT (Securities Case)    - 8 -
4925-6289-9002.v10

bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and (iii) Lead Counsel and other counsel representing Plaintiffs and the Class. Excluded from this definition is Dr. Michael Olymbios, the relator in the action captioned *United States of America, ex. rel. Olymbios v. CareDx, Inc., et al.*, No. 21-CV-00774 (E.D.N.Y.).

1.29   "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

1.30   "Settlement Amount" means the principal amount of Twenty Million Two Hundred Fifty Thousand Dollars ($20,250,000.00), to be paid pursuant to ¶2.1 of this Stipulation.

1.31   "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent, and which may be reduced by payments or deductions as provided for herein or by Court order.

1.32   "Settlement Hearing" means the hearing to be held by the Court to determine whether: (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses and an award to Lead Plaintiffs should be approved.

1.33   "Settling Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and Class Members.

1.34   "Summary Notice" means the Summary Notice for publication, which shall be substantially in the form attached hereto as Exhibit A-3.

1.35   "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.8.

1.36   "Taxes" means all taxes of any kind (including any estimated taxes, interest, or penalties) arising with respect to any income earned by the Settlement Fund as described in ¶2.8.

1.37   "Unknown Claims" means any and all Released Claims that Lead Plaintiffs or any other Class Members do not know or suspect to exist in their favor at the time of the release of the

Released Defendants Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it, might have affected his, her, or its decision(s) to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, or its decision(s) not to object to this Settlement or not exclude himself, herself, or itself from the Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**.

The Settling Parties may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but such person or entity shall expressly settle and release, and each member of the Class, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty,

1  law or rule, without regard to the subsequent discovery or existence of such different or additional

2  facts.  Lead Plaintiffs and Defendants acknowledge and the members of the Class by operation of the

3  Judgment shall be deemed to have acknowledged that the waivers contained in this paragraph, and

4  the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants'

5  Claims, were separately bargained for and are material elements of the Settlement.

6       **2.**    **The Settlement**

7           **a.**    **The Settlement Fund**

8       2.1    The Settlement Amount shall be paid as follows:  CareDx shall deposit or cause to be

9  deposited Twenty Million Two Hundred Fifty Thousand Dollars ($20,250,000) into an interest-

10  bearing escrow account controlled by Lead Counsel pursuant to the following schedule: (i) within

11  twelve (12) calendar days following the date of entry of the Preliminary Approval Order by the

12  Court, CareDx shall deposit or cause to deposited Five Million Three Hundred Fifty-Nine Thousand

13  Four Hundred Sixty One Dollars and Eighty Nine Cents ($5,359,461.89) into the Escrow Account;

14  and (ii) within twenty (20) business days following the date of entry of the Preliminary Approval

15  Order by the Court, CareDx shall deposit or cause to be deposited Fourteen Million Eight Hundred

16  Ninety Thousand Five Hundred Thirty Eight Dollars and Eleven Cents ($14,890,538.11) into the

17  Escrow Account.  These deadlines are expressly subject to and conditioned upon CareDx receiving

18  by no later than the date of preliminary approval by the Court wire transfer instructions, ACH

19  instructions, and a check payee for the Settlement Amount, a contact person's name and telephone

20  number for confirmation, the name of the individual to whom any check should be directed and their

21  address, phone number, and e-mail address, and a signed W-9 reflecting a valid taxpayer

22  identification number for the Escrow Account.  These funds, together with any interest and income

23  earned thereon once transferred, shall constitute the Settlement Fund.  Such amount is paid as

24  consideration for full and complete settlement of all the Released Claims.  Other than the obligation

25  of CareDx to pay or cause to be paid the Settlement Amount into the Settlement Fund, CareDx shall

26  have no obligation to make any other payment into the Settlement Fund pursuant to this Stipulation

27  and shall have no responsibility in any respect for the Settlement Fund after paying or causing to be

28  paid the Settlement Amount into the Settlement Fund.

2.2      If the entire Settlement Amount is not deposited into the Escrow Account in accordance with ¶2.1, Lead Counsel may terminate the Settlement, but only if: (i) Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within three (3) business days after Lead Counsel has provided such written notice.

### b.      The Escrow Agent

2.3      The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund shall be borne entirely by the Settlement Fund, and the Released Defendants Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.4      The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in this Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for all of the Settling Parties.

2.5      Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are provided for under the terms of this Stipulation.  The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.6      All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.7      Notwithstanding that the Effective Date of the Settlement has not yet occurred, Lead Counsel, without further approval of Defendants or the Court, may pay from the Settlement Fund

reasonable costs of notice and settlement administration ("Notice and Administration Costs") associated with the administration of the Settlement. Such Notice and Administration Costs include, without limitation: the cost of identifying and locating members of the Class, emailing (and mailing where no email is available) the Postcard Notice and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Postcard Notice, and reimbursement to nominee owners of the reasonable costs of identifying and forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim and Release, and paying bank fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims. The Released Defendants Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Costs, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto. After the Effective Date, Lead Counsel may pay all further reasonable Notice and Administration Costs, regardless of amount, without further order of the Court.

### c.    Taxes

2.8    (a)    The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns

1  described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in

2  ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes

3  (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund

4  shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

5          (c)    All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising

6  with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

7  may be imposed upon the Released Parties with respect to any income earned by the Settlement

8  Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement

9  Fund" for federal or state income tax purposes; and (ii) Tax Expenses, including expenses and costs

10  incurred in connection with the operation and implementation of this ¶2.8 (including, without

11  limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and

12  expenses relating to filing (or failing to file) the returns described in this ¶2.8), shall be paid out of

13  the Settlement Fund. In no event shall the Released Parties or their counsel have any liability or

14  responsibility whatsoever for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall

15  be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be

16  timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.

17  Notwithstanding anything herein to the contrary, the Escrow Agent shall be obligated to withhold

18  from distribution to Authorized Claimants any funds necessary to pay such Tax and Tax Expenses,

19  including to establish adequate reserves for any Taxes and Tax Expenses and any amounts that may

20  be required to be withheld under Treasury Regulation §1.468B-2(l)(2). Neither Released Defendants

21  Parties nor their counsel are responsible nor shall they have any liability therefor for the withholding

22  of funds for tax-related purposes. The Settling Parties hereto agree to cooperate with the Escrow

23  Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry

24  out the provisions of this ¶2.8.

25          **d.    Termination of Settlement**

26      2.9    In the event this Stipulation is not approved or is terminated, canceled, or fails to

27  become effective for any reason, including, without limitation, in the event this Stipulation is not

28  approved or the Judgment is reversed or vacated following any appeal taken therefrom, the

1   Settlement Fund (including the interest earned thereon), less expenses actually incurred or due and

2   owing for Notice and Administration Costs, Taxes or Tax Expenses, pursuant to ¶¶2.7 and 2.8, shall

3   be refunded pursuant to ¶¶6.2 and 7.4 and written instructions from Defendants' counsel to the party,

4   parties, or insurers that paid the Settlement within twenty-one (21) calendar days from the date of the

5   notice from counsel for Defendants pursuant to ¶7.4.

6   **3.    Preliminary Approval Order and Settlement Hearing**

7   3.1    Solely for the purposes of the Settlement and for no other purpose, the Parties

8   stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and

9   23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) certification of Lead

10  Plaintiffs as class representatives for the Class; and (c) appointment of Lead Counsel as class counsel

11  for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

12  3.2    Within thirty (30) calendar days of execution of this Stipulation, Lead Counsel shall

13  submit this Stipulation together with its exhibits (the "Exhibits") to the Court and shall move for

14  entry of an order (the "Preliminary Approval Order"), which Defendants shall not oppose,

15  requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation and

16  approval for the emailing (and mailing where no email is available) of the Postcard Notice and

17  publication of the Summary Notice, in the forms of Exhibits A-4 and A-3, respectively, attached

18  hereto.  The Postcard Notice shall direct Class Members to the Settlement website to access the

19  Notice, substantially in the form contained in Exhibit A-1 attached hereto, which shall contain the

20  general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the

21  general terms of the Fee and Expense Application (defined in ¶6.1 below), and the date of the

22  Settlement Hearing.

23  3.3    It shall be solely Lead Counsel's responsibility to disseminate the Postcard Notice,

24  Notice, and Summary Notice to the Class in accordance with this Stipulation and as ordered by the

25  Court.  Members of the Class shall have no recourse as to the Released Parties with respect to any

26  claims they may have that arise from any failure of the notice process.

27  3.4    No later than ten (10) calendar days following the filing of this Stipulation with the

28  Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C.

1   §1715, *et seq.* ("CAFA") on the appropriate Federal and State officials and shall provide Lead

2   Counsel with a copy of such notice within five (5) calendar days of such service.  Defendants are

3   solely responsible for the costs of the CAFA notice and administering the CAFA notice.  The

4   Settling Parties agree that any delay by Defendants in timely providing the CAFA notice shall not

5   provide grounds for delay of the Settlement Hearing or entry of the Judgment.  Lead Counsel shall

6   request that, after notice is given to the Class, and not earlier than ninety (90) calendar days after the

7   later of the dates on which the appropriate Federal official and the appropriate State officials are

8   provided with notice pursuant to CAFA, the Court hold the Settlement Hearing and approve the

9   Settlement of the Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel also

10  shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense

11  Application.

12      **4.    Releases**

13      4.1     Upon the Effective Date, Lead Plaintiffs and each of the Class Members (who have

14  not validly opted out of the Class), on behalf of themselves and their successors, assigns, executors,

15  administrators, representatives, attorneys, and agents in their capacity as such shall be deemed to

16  have, and by operation of law and of the Judgment shall have, fully, finally, and forever released,

17  relinquished, waived, and discharged against the Released Defendants Parties (whether or not such

18  Class Members execute and deliver the Proof of Claim and Release) any and all Released Claims

19  (including, without limitation, Unknown Claims).

20      4.2     Upon the Effective Date, Lead Plaintiffs and each of the Class Members (who have

21  not validly opted out of the Class), on behalf of themselves and their successors, assigns, executors,

22  administrators, representatives, attorneys, and agents in their capacity as such shall be permanently

23  barred and enjoined from the institution, maintenance, prosecution, or enforcement against any

24  Released Defendants Parties, in any state or federal court or arbitral forum, or in the court of any

25  foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown

26  Claims).

27      4.3     The Proof of Claim and Release to be executed by Class Members shall release all

28  Released Claims against the Released Defendants Parties and shall be substantially in the form

contained in Exhibit A-2 attached hereto; provided, however, that the failure of a Class Member to submit such Proof of Claim and Release shall have no effect on the provisions of the foregoing ¶¶4.1 and 4.2, inclusive, which shall remain in full force and effect as to each of the Class Members (who have not validly opted out of the Class) irrespective of any lack of submission of a Proof of Claim and Release.

4.4     Upon the Effective Date, each of the Released Defendants Parties shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiffs Parties, including Lead Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims); provided, for the avoidance of doubt, that such release, relinquishment, and discharge shall extend to Class Members solely in their capacity as members of the Class and shall not operate to release claims, counterclaims, or waive any other defenses on the part of the Released Defendants Parties arising against them in any other capacity.  For the avoidance of doubt, the releases, relinquishments, and discharges provided by the Released Defendants Parties in this Stipulation do not include the release, relinquishment, or discharge of any claim or cause of action that any of the Released Defendants Parties may have against an insurer for, arising out of or related to insurance coverage for, arising out of or related to the Action or any related matter or proceeding, including any derivative or ERISA action based on similar allegations.  For the avoidance of doubt, nothing in this Stipulation shall operate to release any claims against the relator in the action captioned *United States of America, ex. rel. Olymbios v. CareDx, Inc., et al.*, No. 21-CV-00774 (E.D.N.Y.), or release any counterclaims or waive any defenses in respect of such action.

**5.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     Within seven (7) calendar days after the Court enters the Preliminary Approval Order, CareDx shall use reasonable best efforts to: (i) locate record shareholder lists of CareDx

shareholders during the Class Period to the extent such lists exist; (ii) identify and provide contact information for CareDx's transfer agent(s) during the Class Period; and (iii) facilitate access to such information for Lead Counsel or the Claims Administrator, without any charge to Lead Plaintiffs or the Class, as for purposes of providing notice of the proposed Settlement to the Class.  The Parties shall determine an appropriate electronic format for provision of this information.

5.3    In accordance with the schedule set forth in the Preliminary Approval Order, Lead Counsel will cause the Postcard Notice, substantially in the form of Exhibit A-4 attached hereto, to be emailed or mailed (in those instances where no email address is available) by the Claims Administrator to all shareholders of record, or their nominees.  The Notice and Proof of Claim and Release shall also be posted on the Settlement website.  In accordance with the schedule set forth in the Preliminary Approval Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

5.4    The Settlement Fund shall be applied as follows:

    (a)    to pay all Notice and Administration Costs;

    (b)    to pay all Taxes and Tax Expenses described in ¶2.8 hereof;

    (c)    to pay Lead Counsel's attorneys' fees and expenses, plus interest (the "Fee and Expense Award"), and to pay awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court; and

    (d)    to distribute the Net Settlement Fund to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

5.5    Upon the Effective Date and thereafter, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.6-5.12 below.

5.6    Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit

A-2 attached hereto, received by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.7     Except as provided herein or otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non exercise of such discretion.

5.8     Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.10 below.

5.9     Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.10 below.

1        5.10    If any claimant whose timely claim has been rejected in whole or in part for a curable

2    deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after

3    the date of mailing of the notice required in ¶5.9 above, or a lesser period of time if the Claim was

4    untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the

5    claimant's grounds for contesting the rejection along with any supporting documentation, and

6    requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise

7    resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

8        5.11    The Claims Administrator shall calculate the claims of Authorized Claimants in

9    accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Following

10    the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its

11    *pro rata* share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least

12    $10.00.

13        5.12    The Net Settlement Fund is non-reversionary and Defendants shall not have a

14    reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net

15    Settlement Fund after a reasonable amount of time following the date of the initial distribution of the

16    Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized

17    Claimants who negotiated the checks sent to them in the initial distribution and who would receive at

18    least $10.00 in an equitable and economical fashion.  These reallocations shall be repeated until the

19    balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then

20    be donated to the Council of Institutional Investors.

21        5.13    The Released Defendants Parties shall have no responsibility for, interest in, or

22    liability whatsoever with respect to the processing, review, determination, or calculation of any

23    claims, the distribution of the Net Settlement Fund, the Plan of Allocation, the payment or

24    withholding of Taxes, or any losses incurred in connection therewith.  No Person shall have any

25    claim of any kind against the Defendants, Released Defendants Parties, or counsel for Defendants

26    with respect to the matters set forth in ¶¶5.1-5.12 hereof; and the members of the Class, Lead

27    Plaintiffs, and Lead Counsel release the Defendants and Released Defendants Parties from any and

28

1  all liability and claims arising from or with respect to the administration, investment, or distribution

2  of the Settlement Fund.

3      5.14    It is understood and agreed by the Settling Parties that any proposed Plan of

4  Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an

5  Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered

6  by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy

7  of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of

8  Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's

9  Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered

10  pursuant to this Stipulation.  Class Members and Defendants shall be bound by the terms of this

11  Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

12      5.15    No Person shall have any claim against Lead Plaintiffs, the Class, Lead Counsel, or

13  the Claims Administrator based on determinations or distributions made substantially in accordance

14  with the Settlement, this Stipulation, and the Plan of Allocation, or otherwise as further ordered by

15  the Court.

16      **6.    Lead Counsel's Attorneys' Fees and Expenses**

17      6.1    Lead Counsel may submit an application or applications (the "Fee and Expense

18  Application") for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with

19  prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses at the same rate

20  and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the

21  Court.  Any and all such fees, expenses, and costs awarded by the Court shall be payable solely out

22  of the Settlement Fund.  In addition, Lead Plaintiffs may submit an application for awards from the

23  Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the

24  Class.

25      6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead

26  Counsel from the Settlement Fund, as ordered, immediately upon entry of the Court's order

27  awarding such fees and expenses.  This provision shall apply notwithstanding timely objection to,

28  potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses.

Any such awards shall be paid solely by the Settlement Fund.  In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and this ¶6.2 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal, modification, termination, or cancellation, refund such fees or expenses to the Settlement Fund pursuant to ¶2.9, plus the interest earned thereon, within twenty-one (21) calendar days from receiving notice from Defendants' counsel or from a court of competent jurisdiction.  Lead Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that it and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3    The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, with all amounts to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

6.4    Released Defendants Parties shall not have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel or any amount to Lead Plaintiffs apart from payment of the Settlement Amount pursuant to ¶2.1.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    execution of this Stipulation and such other documents as may be required to obtain final Court approval of this Stipulation in a form satisfactory to the Settling Parties;

(b)    the Settlement Amount has been deposited into the Escrow Account;

(c)    the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A hereto, as required by ¶3.2 hereof;

(d)    Defendants have not exercised their option to terminate this Stipulation pursuant to ¶7.3 hereof;

(e)    the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to the Lead Plaintiffs and other Class Members, and as against each of the Defendants, as set forth above; and

(f)    the Judgment has become Final, as defined in ¶1.12 hereof.

7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right to the Settlement Fund, if any, of Defendants or any persons who contributed to the Settlement Fund shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then this Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and Defendants' counsel mutually agree in writing to proceed with the Settlement.

7.3    Defendants shall have the option to terminate the Settlement in the event that Persons who otherwise would be members of the Class and timely choose to exclude themselves from the Class in accordance with the provisions of the Preliminary Approval Order and Notice given pursuant thereto purchased more than a certain number of shares of CareDx common stock during the Class Period ("Opt-Out Threshold"), as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Counsel and Defendants' counsel, which is incorporated by reference into this Stipulation.  The parties shall not file the Supplemental Agreement with the Court unless instructed to do so by the Court.  The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential.

7.4    Unless otherwise ordered by the Court, in the event this Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within twenty-one (21) calendar days after written notification of such event is sent by Defendants' counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.7 or 2.8 hereof, shall be refunded pursuant to written instructions from Defendants'

1  counsel to the party, parties, or insurers that paid the Settlement Amount.  At the request of

2  Defendants' counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the

3  Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with

4  such application(s) for refund, at the written direction of Defendants' counsel to the party, parties, or

5  insurers that paid the Settlement Amount.

6          7.5      In the event that this Stipulation is not approved by the Court or the Settlement set

7  forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the

8  Settling Parties shall be restored to their respective positions in the Action as of April 21, 2025.  In

9  such event, the terms and provisions of this Stipulation, with the exception of ¶¶2.7-2.9, 7.4, 8.1, 9.3,

10  9.5-9.6 (and ¶1 to the extent referenced therein) hereof, shall have no further force and effect with

11  respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any

12  purpose, and any Judgment or order entered by the Court in accordance with the terms of this

13  Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to

14  return to their status as of April 21, 2025.  No order of the Court or modification or reversal on

15  appeal of any such order of the Court concerning the Plan of Allocation or the amount of any

16  attorneys' fees and expenses, interest, or other payment awarded by the Court to Lead Counsel shall

17  constitute grounds for cancellation or termination of this Stipulation.

18          7.6      Each of the Defendants warrants and represents that, as of the time this Stipulation is

19  executed and as of the time the Settlement Amount is actually transferred or made as reflected in this

20  Stipulation, he or it is not "insolvent" within the meaning of 11 U.S.C. §101(32).  If, before the

21  Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code, or any

22  similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy, or

23  any similar law, and in the event of the entry of a final order of a court of competent jurisdiction

24  determining the transfer of money or any portion thereof to the Escrow Agent by or on behalf of any

25  Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any

26  portion thereof is required to be returned, and such amount is not promptly deposited with the

27  Escrow Agent by others, then, at the election of Lead Plaintiffs, the Settling Parties shall jointly

28  move the Court to vacate and set aside the release given and the Judgment entered in favor of the

Defendants and that the Defendants and Plaintiffs and the members of the Class shall be restored to their litigation positions as of April 21, 2025.

**8.    No Admission of Wrongdoing**

8.1    Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiffs or any member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered or received against or to the prejudice of any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiffs or any member of the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

(c)    shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is

1  approved by the Court, Defendants and the Released Defendants Parties may refer to it to effectuate

2  the release granted them hereunder; or

3        (d)    shall be construed against Defendants, Lead Plaintiffs, or the Class as

4  evidence of a presumption, concession, or admission that the consideration to be given hereunder

5  represents the amount which could be or would have been recovered after trial or in any proceeding

6  other than this Settlement.

7        **9.    Miscellaneous Provisions**

8        9.1    The Settling Parties (a) acknowledge that it is their intent to consummate this

9  Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

10  implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish

11  the foregoing terms and conditions of this Stipulation expeditiously.

12        9.2    The Settling Parties intend this Settlement to be a final and complete resolution of all

13  disputes between them with respect to the Action.  The Settlement shall not be deemed an admission

14  by any Settling Party or any of the Released Parties as to the merits of any claim or defense.  The

15  Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule

16  11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or

17  settlement of the Action, and the Final Judgment shall contain a finding that all Settling Parties and

18  their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution,

19  defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the

20  Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length

21  by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with

22  competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party

23  determines to be appropriate, any contention made in any public forum regarding the Action,

24  including that the Action was brought or defended in bad faith or without a reasonable basis or to

25  dispute or defend the merits of the allegations asserted in the Action or, for the avoidance of doubt,

26  in the action captioned *United States of America, ex. rel. Olymbios v. CareDx, Inc., et al.*, No. 21-

27  CV-00774 (E.D.N.Y.).

28

1    9.3     Neither this Stipulation, nor the Settlement contained herein, nor any act performed or

2    document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may

3    be deemed to be or may be used as an admission of, or evidence of, the validity of any Released

4    Claim, or of any wrongdoing or liability of the Released Defendants Parties; or (b) is or may be

5    deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the

6    Released Defendants Parties in any civil, criminal, or administrative proceeding in any court,

7    administrative agency, or other tribunal; or (c) is or may be deemed to be or may be used as an

8    admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount

9    recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative

10   proceeding in any court, administrative agency, or other tribunal.

11   9.4     The Released Defendants Parties may file this Stipulation and/or the Judgment in any

12   action that may be brought against them in order to support a defense or counterclaim based on

13   principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

14   reduction or any other theory of claim preclusion or issue preclusion or similar defense or

15   counterclaim.

16   9.5     Whether or not this Stipulation is approved by the Court and whether or not this

17   Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their

18   best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents

19   signed, and proceedings in connection with this Stipulation confidential.

20   9.6     All agreements made and orders entered during the course of the Action relating to

21   the confidentiality of documents and information shall survive this Stipulation.

22   9.7     All of the Exhibits to this Stipulation are material and integral parts hereof and are

23   fully incorporated herein by this reference.

24   9.8     This Stipulation may be amended or modified only by a written instrument signed by

25   or on behalf of all Settling Parties or their respective successors-in-interest.

26   9.9     No waiver of any term or provision of this Stipulation, or of any breach or default

27   hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all

28   Settling Parties or their respective successors-in-interest. No waiver of any term or provision of this

1  Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the

2  same or any other term or provision or of any previous or subsequent breach thereof.

3          9.10    This Stipulation and the Exhibits attached hereto (together with the Supplemental

4  Agreement referred to in ¶7.3) constitute the entire agreement among the Settling Parties and no

5  representations, warranties, or inducements have been made to any Settling Party concerning this

6  Stipulation or its Exhibits other than the representations, warranties, and covenants contained and

7  memorialized in such documents.  Except as otherwise provided herein (or, as between Defendants,

8  in any separate agreement(s) between them), each Settling Party shall bear its own costs.

9          9.11    The Settlement is not conditioned upon the settlement or approval of settlement of

10  any derivative lawsuits or other lawsuits.  Nor shall the Settlement be conditional upon the obtaining

11  of any judicial approval of any releases between or among Defendants and/or any third parties.

12          9.12    This Stipulation shall be construed and interpreted to effectuate the intent of the

13  Settling Parties, which is to resolve completely those claims and disputes, including in the Action,

14  and as more fully described herein.  If any provision of this Stipulation shall be determined to be

15  invalid, void, or illegal, such provision shall be construed and amended in a manner that would

16  permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other

17  provision hereof.

18          9.13    Neither the Class Members nor Defendants shall be bound by this Stipulation if the

19  Court modifies material terms thereof; provided, however, that it shall not be a basis for Class

20  Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or

21  criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of

22  Allocation is modified on appeal.  Nor shall it be a basis to terminate this Stipulation if the Court

23  disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or

24  the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or

25  Plan of Allocation or this Stipulation with respect to attorneys' fees or expenses, Defendants and

26  Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any

27  circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

28

9.14    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.15    Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.16    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid); or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Lead Plaintiffs or to Lead Counsel:

Jason C. Davis
Robbins Geller Rudman & Dowd LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104

Lester R. Hooker
Saxena White P.A.
7777 Glades Road, Suite 300
Boca Raton, FL 33434

If to Defendants or to Defendants' counsel:

Charles Cording
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019

9.17    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

9.18    This Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

1      9.19    The Court shall retain jurisdiction with respect to the implementation and

2  enforcement of the terms of this Stipulation, and all Settling Parties hereto submit to the jurisdiction

3  of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

4      9.20    Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in

5  this Action shall be stayed, and all members of the Class shall be barred and enjoined from

6  prosecuting any of the Released Claims against any of the Released Defendants Parties.

7      9.21    This Stipulation and the Exhibits hereto shall be considered to have been negotiated,

8  executed, and delivered, and to be wholly performed, in the State of California, and the rights and

9  obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and

10  governed by, the internal, substantive laws of the State of California, without giving effect to that

11  State's choice-of-law principles.

12      9.22    This Stipulation shall not be construed more strictly against one party than another

13  merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

14  the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the

15  Settling Parties and the Settling Parties have contributed substantially and materially to the

16  preparation of this Stipulation.

17      9.23    Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall

18  be deemed to constitute a waiver of any applicable privilege or immunity, including, without

19  limitation, attorney-client privilege, joint defense privilege, or work product protection.

20      9.24    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of

21  time to carry out any of the provisions of this Stipulation without further order of the Court.

22      IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed,

23  by their duly authorized attorneys, on May 16, 2025.

24                          ROBBINS GELLER RUDMAN
                              & DOWD LLP
25                          SHAWN A. WILLIAMS
                           JASON C. DAVIS
26

27                          _____
                                   JASON C. DAVIS
28

1

2  Post Montgomery Center
   One Montgomery Street, Suite 1800
3  San Francisco, CA  94104
   Telephone:  415/288-4545
4  415/288-4534 (fax)
   shawnw@rgrdlaw.com
5  jdavis@rgrdlaw.com

6  ROBBINS GELLER RUDMAN
     & DOWD LLP
7  SPENCER A. BURKHOLZ
   THEODORE J. PINTAR
8  HEATHER G. GEIGER
   NICOLE Q. GILLILAND
9  EVELYN SANCHEZ GONZALEZ
   655 West Broadway, Suite 1900
10 San Diego, CA  92101
   Telephone:  619/231-1058
11 619/231-7423 (fax)
   spenceb@rgrdlaw.com
12 tpintar@rgrdlaw.com
   hgeiger@rgrdlaw.com
13 ngilliland@rgrdlaw.com
   egonzalez@rgrdlaw.com

14 SAXENA WHITE P.A.
   DAVID R. KAPLAN
15 505 Lomas Santa Fe Drive, Suite 180
   Solana Beach, CA  92075
16 Telephone:  858/997-0860
   858/369-0096 (fax)
17 dkaplan@saxenawhite.com

18 SAXENA WHITE P.A.
   STEVEN B. SINGER
19 RACHEL A. AVAN
   JOSHUA H. SALTZMAN (admitted *pro hac vice*)
20 10 Bank Street, 8th Floor
   White Plains, NY  10606
21 Telephone:  914/437-8551
   888/631-3611 (fax)
22 ssinger@saxenawhite.com
   ravan@saxenawhite.com
23 jsaltzman@saxenawhite.com

24 SAXENA WHITE P.A.
   LESTER R. HOOKER
25

26

27 _____
                 LESTER R. HOOKER
28

1

2
7777 Glades Road, Suite 300
Boca Raton, FL 33434
3
Telephone: 561/394-3399
561/394-3382 (fax)
lhooker@saxenawhite.com
4

5
Lead Counsel for Lead Plaintiffs

6
WILLKIE FARR & GALLAGHER LLP
TARIQ MUNDIYA (*pro hac vice*)
CHARLES CORDING (*pro hac vice*)
7
BRADY SULLIVAN (*pro hac vice*)

8

9
_Charles Cording_

10
CHARLES CORDING

11
787 Seventh Avenue
New York, NY 10019-6099
Telephone: 619/231-1058
12
619/231-7423 (fax)
tmundiya@willkie.com
13
ccording@willkie.com
bsullivan@willkie.com
14

15
WILLKIE FARR & GALLAGHER LLP
LAURA LEIGH GEIST
BARRINGTON DYER
16
333 Bush Street, 34th Floor
San Francisco, CA 94104
17
Telephone: 415/858-7400
415/858-7599 (fax)
18
lgeist@willkie.com
bdyer@willkie.com
19

20
Attorneys for Defendants CareDx, Inc., Reginald
Seeto, and Peter Maag

21

22

23

24

25

26

27

28

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLUMBERS & PIPEFITTERS LOCAL
UNION #295 PENSION FUND, Individually
and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

CAREDX, INC., et al.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:22-cv-03023-TLT (Securities
Case)

CLASS ACTION

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE

EXHIBIT A

WHEREAS, a securities class action is pending before this Court titled *Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDx, Inc., et al.*, No. 3:22-cv-03023-TLT (N.D. Cal.) (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Stipulation of Settlement dated May 16, 2025 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Class of all persons or entities who purchased CareDx, Inc. common stock between May 1, 2020 and November 3, 2022, inclusive, and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those persons and entities who timely and validly request exclusion from the Class pursuant to the Notice.

2. With respect to the Class, this Court preliminarily finds, for purposes of effectuating this Settlement only, that: (i) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Class which predominate over any individual questions; (iii) the claims of the Lead Plaintiffs are typical of the claims of the Class; (iv) Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy,

EX. A [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE - 3:22-cv-03023-TLT (Securities Case)                                      - 1 -

1  considering: (a) the interests of the members of the Class in individually controlling the

2  prosecution of the separate actions; (b) the extent and nature of any litigation concerning the

3  controversy already commenced by Class Members; (c) the desirability or undesirability of

4  continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to

5  be encountered in the management of the Action.

6       3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of

7  the Settlement only, Oklahoma Police Pension and Retirement System, Sheet Metal Workers Local

8  19 Pension Fund, Local 353, I.B.E.W. Pension Fund, and Beaumont Firemen's Relief &

9  Retirement Fund are appointed as representatives of the Class, and Lead Counsel Robbins Geller

10 Rudman & Dowd LLP and Saxena White P.A. are appointed as Class Counsel.

11      4.     After a preliminary review, the Settlement appears to be fair, reasonable, and

12 adequate. The Settlement: (i) resulted from arm's-length negotiations overseen by an experienced

13 mediator; (ii) eliminates the risks to the Parties of continued litigation; (iii) does not provide undue

14 preferential treatment to Lead Plaintiffs or to segments of the Class; (iv) does not provide excessive

15 compensation to counsel for the Class; and (v) appears to fall within the range of possible approval

16 and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the

17 Settlement to the Class. Accordingly, the Court hereby preliminarily approves the Stipulation and

18 the Settlement set forth therein, subject to further consideration at the Settlement Hearing

19 described below.

20      5.     A hearing (the "Settlement Hearing") shall be held before this Court on

21 _____, 2025, at _:__ _.m. [a date that is at least 100 days from the date of this Order], at the

22 United States District Court for the Northern District of California, Philip Burton Federal Building

23 & United States Courthouse, Courtroom 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco,

24 CA 94102, for the following purposes:

25           (a)     to determine whether the Class should be finally certified pursuant to Rule

26 23;

27           (b)     to determine whether the Settlement is fair, reasonable, and adequate, and

28 should be approved by the Court;

1    (c)    to finally determine whether Judgment as provided under the Stipulation

2    should be entered, dismissing the Action on the merits and with prejudice, and to determine

3    whether the release by the Class of the Released Defendants Parties as set forth in the Stipulation,

4    should be ordered, along with a permanent injunction barring efforts to bring any Released Claims

5    or Released Defendants' Claims extinguished by the Settlement;

6    (d)    to finally determine whether the proposed Plan of Allocation for the

7    distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

8    (e)    to consider the application of Lead Counsel for an award of attorneys' fees

9    and expenses and awards to Lead Plaintiffs;

10    (f)    to consider Class Members' objections to the Settlement, Plan of

11    Allocation, or application for fees and expenses; and

12    (g)    to rule upon such other matters as the Court may deem appropriate.

13    6.    The Court may adjourn the Settlement Hearing without further notice to the

14    members of the Class, and reserves the right to approve the Settlement with such modifications as

15    may be agreed upon or consented to by the Parties and without further notice to the Class where

16    to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 of the

17    Federal Rules of Civil Procedure and due process of law.  The Court further reserves the right to

18    enter its Judgment approving the Settlement and dismissing the Action, on the merits and with

19    prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees

20    and expenses.

21    7.    The Court approves, as to form and content, the Notice of: (i) Pendency of Class

22    Action, Certification of Class, and Proposed Settlement and Plan of Allocation; (ii) Settlement

23    Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees and Litigation Expenses (the

24    "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice, and

25    the Postcard Notice of: (i) Pendency of Class Action, Certification of Class, and Proposed

26    Settlement and Plan of Allocation; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award

27    of Attorneys' Fees and Litigation Expenses ("Postcard Notice"), attached to the Stipulation as

28    Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that the distribution of the Postcard Notice

by email or regular mail (where an email is unavailable) and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶10-11 of this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.    The firm of A.B. Data, Ltd. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

9.    Within seven (7) calendar days after the Court enters this Order, CareDx shall use reasonable best efforts to: (i) locate record shareholder lists of CareDx shareholders during the Class Period to the extent such lists exist; (ii) identify and provide contact information for CareDx's transfer agent(s) during the Class Period; and (iii) facilitate access to such information for Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiffs of the Class, for purposes of providing notice of the proposed Settlement to the Class.  The Parties shall determine an appropriate electronic format for provision of this information.

10.    Lead Counsel, through the Claims Administrator, shall commence emailing or mailing (where an email is unavailable) the Postcard Notice, substantially in the form attached to the Stipulation, within twenty (20) calendar days after the Court signs this Order (the "Notice Date"), by email or by first-class mail to all Class Members who can be identified with reasonable effort.  Contemporaneously with the emailing or mailing of the Postcard Notice, the Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms attached to the Stipulation, to be posted on the Settlement website at www.CareDxSecuritiesLitigation.com, from which copies of the documents can be downloaded.

11.    Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

12.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

13.     Nominees who purchased CareDx common stock for the beneficial ownership of Class Members during the Class Period shall: (i) within seven (7) calendar days of receipt of the Postcard Notice request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those documents forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses, including email addresses where available, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail (where an email is unavailable) the Postcard Notice to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

14.     As provided in the Stipulation, CareDx shall be responsible for the provision of notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), and shall bear all costs and expenses of providing such notice.

15.     In order to be entitled to participate in the recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, received[1] no later than ninety (90) calendar days from the Notice Date.  Such

---

[1]     Claims, objections, requests for exclusion, and other correspondence that are legibly postmarked will be treated as received on the postmark date.  The documents providing notice

EX. A [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE - 3:22-cv-03023-TLT (Securities Case)                                                    - 5 -

1    deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to

2    have been submitted when received (if properly addressed and mailed by first-class mail). Any

3    Proof of Claim submitted in any other manner shall be deemed to have been submitted when it

4    was actually received by the Claims Administrator at the address designated in the Notice.

5            (b)    The Proof of Claim submitted by each Class Member must satisfy the

6    following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner

7    in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by

8    adequate supporting documentation for the transactions reported therein, in the form of broker

9    confirmation slips, broker account statements, an authorized statement from the broker containing

10   the transactional information found in a broker confirmation slip, or such other documentation as

11   is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the

12   Proof of Claim is acting in a representative capacity, a certification of their, his, or her current

13   authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv)

14   the Proof of Claim must be complete and contain no material deletions or modifications of any of

15   the printed matter contained therein and must be signed under penalty of perjury.

16           (c)    Once the Claims Administrator has considered a timely submitted Proof of

17   Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim

18   determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter

19   or rejection letter as appropriate, describing the basis on which the claim was so determined.

20   Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded

21   a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that

22   such deficiency may be cured.

23           (d)    For the filing of and all determinations concerning their Proof of Claim,

24   each Class Member shall submit to the jurisdiction of the Court.

25

26

27   _____

shall advise Class Members that the U.S. Postal Service may not postmark mail which is not
presented in person.

28

16.     Any Class Member who does not timely submit a valid and timely Proof of Claim within the time provided, or whose claim is not otherwise approved by the Court shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late-claims.

17.     Any member of the Class who or which does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing (electronically or in person), or sending by mail such notice with the Court such that it is filed or postmarked no later than twenty-one (21) calendar days before the Settlement Hearing or as the Court may otherwise direct.  Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

18.     All Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Class.  Any Class Members who wish to exclude themselves from the Class must request exclusion in writing within the time and in the manner set forth in the Notice.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is received[2] no later than _____, 2025 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing), to the address listed in the Notice and Settlement website. A Request for Exclusion must be signed and must legibly state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) state the number of shares of CareDx common stock that the person or entity requesting exclusion purchased/acquired and sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Class Period; and (iii) a statement that the Person

---

[2]     *See* n.1, above.

wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any Judgment.  Unless otherwise ordered by the Court, any Person who purchased CareDx common stock during the Class Period, and who fails to timely request exclusion from the Class in compliance with this paragraph shall be deemed to have waived their, his, her, or its right to be excluded from the Class and shall be barred from requesting exclusion from the Class.

19.    The Court will consider objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, only if such objections and any supporting papers are submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them electronically or in person at any location of the United States District Court for the Northern District of California.  Such objections must be filed or received[3] no later than twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2025.  Attendance at the Settlement Hearing is not necessary, but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses is required to indicate in their written objection whether they intend to appear at the Settlement Hearing.  The notice of objection must include adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, or an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The documentation must establish the objecting Person's membership in the Class, including the number of shares of CareDx common stock that the objecting Person: (i) owned as of the opening of trading on May 1, 2020; and (ii) purchased and/or sold during the Class Period, as well as the dates and prices for each such purchase or sale, and contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class,

---

[3]      *See* n.1, above.

or to the entire Class. The objection must identify all other class action settlements the objector and his, her, or its counsel has previously objected to and contain the objector's signature, even if represented by counsel. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel unless otherwise ordered by the Court. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

20.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and awards to Lead Plaintiffs shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 2025. Replies shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or _____, 2025.

22.     The Released Defendants Parties shall have no responsibility, interest in, or liability whatsoever for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action.

23.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses, including awards to Lead Plaintiffs shall be approved.

24.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

25.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

26.    All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the proposed Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and any Class Member, directly or indirectly, representatively, or in any other capacity, from commencing or prosecuting against any and all of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

27.    Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

28.    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective positions in the Action as of April 21, 2025, as provided for, and subjection to the exceptions contained in, ¶7.5 of the Stipulation.

29.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendants Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendants Parties; (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative

proceeding in any court, administrative agency, or other tribunal; or (d) shall operate to waive any defenses, claims, or counterclaims by the Released Defendants Parties except to the limited extent provided in ¶4.4 of the Stipulation.

30.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

31.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

IT IS SO ORDERED.

DATED: _____    _____
                                 THE HONORABLE TRINA L. THOMPSON
                                 UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
JASON C. DAVIS (253370)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jdavis@rgrdlaw.com
     – and –
SPENCER A. BURKHOLZ (147029)
THEODORE J. PINTAR (131372)
HEATHER G. GEIGER (322937)
NICOLE Q. GILLILAND (335132)
EVELYN SANCHEZ GONZALEZ (360232)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
tedp@rgrdlaw.com
hgeiger@rgrdlaw.com
ngilliland@rgrdlaw.com
egonzalez@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL UNION #295 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CAREDX, INC., et al., <br><br> Defendants. | Case No. 3:22-cv-03023-TLT (Securities Case) <br><br> <u>CLASS ACTION</u> <br><br> NOTICE OF: (i) PENDENCY OF CLASS ACTION, CERTIFICATION OF CLASS, AND PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (ii) SETTLEMENT FAIRNESS HEARING; AND (iii) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES <br><br> EXHIBIT A-1 |

*A Federal Court Authorized This Notice.  This Is Not a Solicitation from a Lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased common stock of CareDx, Inc. ("CareDx" or the "Company") between May 1, 2020 and November 3, 2022, inclusive (the "Class Period").**

**NOTICE OF SETTLEMENT:  Please also be advised that lead plaintiffs Oklahoma Police Pension and Retirement System, Sheet Metal Workers Local 19 Pension Fund, Local 353, I.B.E.W. Pension Fund, and Beaumont Firemen's Relief & Retirement Fund ("Lead Plaintiffs" or "Plaintiffs"), on behalf of the Class (as defined in ¶1 below), have reached a proposed settlement of the Action for a total of $20.25 million in cash that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully.  If you are a broker or custodian, please immediately review this Notice for instructions on providing timely notification to beneficial owners.**

     1.    **Description of the Action and the Class**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants: CareDx, Inc., Peter Maag, and Reginald Seeto ("Defendants") (collectively, with Lead Plaintiffs, the "Settling Parties" or "Parties").  The proposed Settlement, if approved by the Court, will apply to the following class (the "Class"): all persons or entities who purchased CareDx, Inc. common stock between May 1, 2020 and November 3, 2022, inclusive, and were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are those persons and entities who timely and validly request exclusion from the Class pursuant to this Notice.[1]

     2.    **Statement of Class Recovery**:  Subject to Court approval, and as described more fully in ¶¶3-6 below, Lead Plaintiffs, on behalf of the Class, have agreed to settle all Released Claims (as defined in ¶53 below) against Defendants and other Released Defendants Parties (as defined in ¶55 below) in exchange for a settlement payment of $20.25 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Costs, and attorneys' fees and litigation expenses) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Class.  The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

     3.    **Statement of Average Distribution Per Share**: The Settlement Fund consists of the $20.25 million Settlement Amount plus interest earned.  Assuming all potential Class Members elect to participate, the estimated average recovery is $0.32 per damaged share before fees and expenses.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated May 16, 2025 ("Stipulation"), which is available on the website www.CareDxSecuritiesLitigation.com.

Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Proof of Claim and Release forms (the "Claim Form" or "Proof of Claim") as explained in the Plan of Allocation; when their shares were purchased and the price at the time of purchase; and whether the shares were sold, and if so, when they were sold and for how much. In addition, the actual recovery of Class Members may be further reduced by the payment of fees and expenses from the Settlement Fund, as approved by the Court.

4.    **Statement of the Parties' Position on Damages**:  Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Lead Plaintiffs and/or the Class, and that Lead Plaintiffs or other members of the Class suffered any injury. Moreover, the Parties do not agree on the amount of recoverable damages if Lead Plaintiffs were to prevail on each of the claims. The issues on which the Parties disagree include, but are not limited to, whether: (i) the statements made or facts allegedly omitted were material, false, or misleading; (ii) Defendants are otherwise liable under the securities laws for those statements or omissions; and (iii) all or part of the damages allegedly suffered by members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.    **Statement of Attorneys' Fees and Expenses Sought**:  Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 30% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Lead Counsel's litigation expenses (reasonable expenses or charges of Lead Counsel in connection with commencing and prosecuting the Action), in a total amount not to exceed $450,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.10. In addition, Lead Plaintiffs may each seek an award in an amount not to exceed $7,500, pursuant to 15 U.S.C. §78u-4(a)(4), in connection with their representation of the Class.

6.    **Identification of Attorneys' Representatives**:  Lead Plaintiffs and the Class are represented by Robbins Geller Rudman & Dowd LLP and Saxena White P.A. ("Lead Counsel"): Jason C. Davis at Robbins Geller Rudman & Dowd LLP, Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, CA 94104, 1-800-449-4900, settlementinfo@rgrdlaw.com and Lester R. Hooker at Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, lhooker@saxenawhite.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment. Remain a Class Member. Give up your rights. |

| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM *RECEIVED²* *OR SUBMITTED ONLINE* NO LATER THAN [            ], 2025 | This is the only way to be *potentially* eligible to receive a payment. If you wish to obtain a payment as a member of the Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), received no later than _____ __, 2025. |
|---|---|
| EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A REQUEST FOR EXCLUSION THAT IS *RECEIVED* NO LATER THAN [_____], 2025 | Get no payment. This is the only option that potentially allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendants Parties about the legal claims being resolved by this Settlement.<br><br>You cannot object to the proposed Settlement and cannot submit a Claim Form if you exclude yourself. |
| OBJECT TO THE SETTLEMENT SO THAT IT IS *FILED OR RECEIVED* NO LATER THAN [_____], 2025 | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. You do not need to submit a Claim Form to object. However, if you object, you must still submit a Claim Form in order to be potentially eligible to receive any money from the Net Settlement Fund. If you submit a written objection, you may (but do not have to) attend the hearing. |
| GO TO THE HEARING ON [            ], 2025, AT     :     .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2025 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

| **WHAT THIS NOTICE CONTAINS** | |
|---|---|
| What Is The Purpose Of This Notice? | Page |
| What Is This Case About? What Has Happened So Far? | Page |
| How Do I Know If I Am Affected By The Settlement? | Page |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page |
| What Might Happen If There Were No Settlement? | Page |
| How Much Will My Payment Be? | Page |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page __ |
| How Do I Participate In The Settlement? | Page |

---

²     Claims, objections, requests for exclusion, and other correspondence that are legibly postmarked will be treated as received on the postmark date. Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

| What Do I Need To Do? | |
|---|---|
| When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing? May I Speak At The Hearing If I Do Not Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page |

## WHAT IS THE PURPOSE OF THIS NOTICE?

7.      The purpose of this Notice is to inform you about: (i) this Action; (ii) the terms of the proposed Settlement; and (iii) your rights in connection with a hearing to be held before the United States District Court for the Northern District of California (the "Court"), on _____, 2025, at____ _.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters.  This Notice also describes the steps to be taken by those who wish to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, one or more people, known as class representatives, sue on behalf of people who have similar claims.  All of the people with similar claims are referred to as a Class or Class Members.  One court resolves the issues for all Class Members, except for those Class Members who exclude themselves from the Class.  In this Action, the Court has preliminarily certified the Class for settlement purposes and appointed Lead Plaintiffs Oklahoma Police Pension and Retirement System, Sheet Metal Workers Local 19 Pension Fund, Local 353, I.B.E.W. Pension Fund, and Beaumont Firemen's Relief & Retirement Fund as the representatives of the Class and Lead Counsel as Class Counsel.

9.      The Court in charge of this case is the United States District Court for the Northern District of California, and the case is known as *Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDx, Inc., et al.*, No. 3:22-cv-03023-TLT (N.D. Cal.).  The judge presiding over this case is the Honorable Trina L. Thompson, United States District Judge.  The entities who are suing are called Lead Plaintiffs, and those who are being sued are called defendants.  In this case, the Defendants are CareDx, Peter Maag, and Reginald Seeto.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, and how you might be affected.  It also informs you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11.     The Settlement Hearing will be held on _____, 2025, at _____ _.m., before the Honorable Trina L. Thompson, at the United States District Court, Northern District of California, Philip Burton Federal Building & United States Courthouse, Courtroom 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes:

(a)    to determine whether the Class should finally be certified pursuant to Rule 23;

(b)    to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(c)    to determine whether the Judgment as provided for under the Stipulation should be entered;

(d)    to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to determine whether the application by Lead Counsel for an award of attorneys' fees and litigation expenses and awards to Lead Plaintiffs should be approved; and

(f)    to rule upon such other matters as the Court may deem appropriate.

12.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  This process takes time.  Please be patient.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

13.    Lead Plaintiffs allege that during the period between April 30, 2020 and November 3, 2022, Defendants purportedly made materially false or misleading statements in violation of §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, which caused the price of CareDx common stock to trade at allegedly inflated prices. Specifically, Lead Plaintiffs allege that Defendants purportedly made material misrepresentations and omissions, with scienter, in connection with the Company's compliance-with-law statements and statements about testing services revenue and historical RemoTraC data.  Lead Plaintiffs allege that persons who purchased CareDx common stock during the Class Period allegedly suffered economic losses when the price of CareDx common stock declined after the Company reported declining testing revenue, among other things, on certain dates in 2021 and 2022. Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiffs in the Action and have denied and continued to deny that they engaged in any wrongdoing whatsoever or that persons who purchased CareDx common stock during the relevant time period suffered any economic losses as a result of any purported wrongdoing by Defendants.

14.    The original securities class action complaint in the Action was filed in this District on May 23, 2022.  ECF 1.  Plaintiffs then moved for an order appointing them as Lead Plaintiffs in the case and approving their selection of lead counsel for the Class.  ECF 31.  The Court subsequently granted Plaintiffs' motion and appointed Plaintiffs as Lead Plaintiffs for the case and the firms of Robbins Geller Rudman & Dowd LLP and Saxena White P.A. as Lead Counsel.  ECF 43.

15.    On November 28, 2022, Plaintiffs filed their first amended complaint ("FAC").  ECF 53.  Defendants moved to dismiss and to strike portions of the FAC.  ECF 58, 60.  The Court

struck some paragraphs from the FAC and dismissed the FAC entirely, with leave to amend.  ECF 75.

16.    On June 28, 2023, Plaintiffs filed their second amended complaint ("SAC").  ECF 81.  Defendants again moved to dismiss and to strike portions of the SAC.  ECF 89, 91.  The Court again struck certain paragraphs from the SAC and dismissed the SAC entirely, with leave to amend.  ECF 123.  However, the Court found that for their Section 10(b) and Rule 10b-5 claim, Plaintiffs had sufficiently alleged falsity as to statements regarding underwriting representations and statements regarding testing services revenue and historical RemoTraC data.  *Id.* at 43.  The Court also found that Plaintiffs had sufficiently alleged loss causation.  *Id.*

17.    On November 1, 2024, Plaintiffs filed their corrected third amended complaint ("TAC").  ECF 133.  Plaintiffs allege that Defendants CareDx, Dr. Maag, and Dr. Seeto violated: (1) Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder; and (2) Section 20(a) of the Exchange Act.  *Id.*, ¶¶367-380.  Defendants subsequently moved to dismiss the TAC.  ECF 136.  Plaintiffs timely filed an opposition, and Defendants timely filed a reply.  ECF 138, 144.  The Court heard oral argument on January 28, 2025.  ECF 150.  On February 18, 2025, the Court denied Defendants' motion to dismiss the TAC.  ECF 154.

18.    The Parties thereafter exchanged Initial Disclosures pursuant to Fed. R. Civ. P. 26 and began formal fact discovery and negotiations regarding an ESI Protocol and Protective Order.  Plaintiffs served two sets of Requests for Production of Documents, Interrogatories and several deposition subpoenas and notices, and Defendants served Interrogatories, Requests for Production of Documents and notices for the depositions of all Plaintiffs.  During this time, Defendants produced over 2.4 million pages of documents to Plaintiffs in response to Plaintiffs' First Requests for Production.  Plaintiffs commenced reviewing and analyzing those materials.

19.    During the course of the Action, the Parties engaged a neutral, third-party mediator, the Hon. Gary A. Feess (Ret.), to aid in settlement negotiations.  Judge Feess has extensive experience mediating complex class action litigations such as this Action.  The Parties engaged in an in-person mediation session and numerous teleconferences with Judge Feess in an effort to resolve the Action throughout April 2025.  The Parties also exchanged mediation briefs ahead of their in-person mediation session, setting forth their respective arguments concerning liability and damages and respective views of the merits of the Action.  Though the Parties' initial mediation session on April 1, 2025 was unsuccessful in resolving the case, the Parties continued to have telephonic and email exchanges with Judge Feess regarding a potential resolution.

20.    On April 21, 2025, Judge Feess issued a mediator's proposal to resolve the Action for $20,250,000, which the Settling Parties accepted as an agreement in principle.

21.    On _____, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, provisionally certified the Class, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval of the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

22.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all persons or entities who purchased CareDx, Inc. common stock between May 1, 2020 and November 3, 2022, inclusive, and were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are those persons and entities who timely and validly request exclusion from the Class pursuant to this Notice.

RECEIPT OF THIS NOTICE OR POSTCARD NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN, AND SUBMIT THE CLAIM FORM TO BE RECEIVED NO LATER THAN [_____], 2025.  YOU MAY ALSO SUBMIT A CLAIM FORM ONLINE AT WWW.CAREDXSECURITIESLITIGATION.COM BY [_____], 2025.

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

23.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages.  Lead Plaintiffs and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one.  Such risks include, in particular, the risk that the anticipated motion(s) for summary judgment and challenges to Lead Plaintiffs' experts could be granted and the risk, among others, that Lead Plaintiffs could be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Class.

24.    In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $20.25 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery after resolution of Plaintiffs' motion for class certification, Defendants' anticipated summary judgment motion(s), trial and appeals, possibly years in the future.  Moreover, Lead Plaintiffs and Lead Counsel considered CareDx's current financial condition and limited available resources to fund a settlement, including CareDx's finite available D&O insurance policies.  Further litigation, given its likely length and intensity, would have rapidly depleted these insurance policies and Lead Plaintiffs and Lead Counsel believe there was a very real risk (if not a virtual certainty) that the Class would have recovered less than the $20.25 million settlement amount, or nothing at all.

25.    Defendants have denied and continue to deny each and all of the claims alleged by

Lead Plaintiffs in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiffs or the Class have suffered any damage, and that Lead Plaintiffs or the Class were harmed by the conduct alleged in the Action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

26.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of the alleged claims, neither Lead Plaintiffs nor the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.  Furthermore, even if Lead Plaintiffs successfully continued litigation (including at summary judgment, at trial, or on appeal), given CareDx's limited available resources to fund any such recovery, there was a significant risk that the Action would produce a smaller, or no, recovery.

## HOW MUCH WILL MY PAYMENT BE?

27.    Defendants have agreed to cause to be paid $20,250,000.00 in cash into escrow for the benefit of the Class.  At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.  Lead Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proofs of Claim.  The Plan of Allocation proposed by Lead Plaintiffs is set forth below, and additional information is available on the case-specific website, www.CareDxSecuritiesLitigation.com.

28.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

29.    The Plan of Allocation set forth below is the proposed plan submitted by Lead Plaintiffs and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

30.    Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California, with respect to their, his, her, or its Claim Form.

31.    Persons and entities that request to exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and shall not submit a Claim Form.

## PLAN OF ALLOCATION

32.    The Settlement Amount of $20.25 million and any interest earned thereon shall be the "Settlement Fund."   The Settlement Fund, less all taxes, tax expenses, notice and administration expenses, approved attorneys' fees and expenses, and any other fees or expenses

approved by the Court is the "Net Settlement Fund."  The Net Settlement Fund shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants").

33.     The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and their counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.CareDxSecuritiesLitigation.com.

34.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

35.     The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of CareDx common stock to be artificially inflated throughout the Class Period.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in CareDx common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

36.     In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of CareDx common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between April 30, 2020 through November 3, 2022, which had the effect of artificially inflating the price of CareDx common stock.  Lead Plaintiffs further allege that relevant information was released to the market on October 28, 2021 (after market close), January 10, 2022 (before market open), May 5, 2022 (after market close), May 23, 2022 (before market open), September 1, 2022 (after market close), and November 3, 2022 (after market close), which removed the artificial inflation from the price of CareDx common stock on October 29, 2021, May 6, 2022, May 23, 2022, September 2, 2022, and November 4, 2022, while also causing artificial inflation to increase on January 10, 2022.

37.     Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of CareDx common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized Loss under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired CareDx common stock during the Class Period must have held those shares through at least October 29, 2021.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

38.     Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of publicly traded CareDx common stock made in the United States that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

39.     For each share of publicly traded CareDx common stock purchased or otherwise acquired in the United States during the Class Period (*i.e.*, during the period from May 1, 2020 through and including the close of trading on November 3, 2022), and:

    i.    sold before October 29, 2021, the Recognized Loss Amount will be $0.00.

    ii.    sold from October 29, 2021 through the close of trading on November 3, 2022, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition, as shown in Table A below, minus the amount of artificial inflation per share on the date of sale as shown in Table A below; or (ii) the purchase/acquisition price minus the sale price.

    iii.    sold from November 4, 2022 through and including the close of trading on February 1, 2023, the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition, as shown in Table A below; (ii) the purchase/acquisition price minus the average closing price between November 4, 2022 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price.

    iv.    held as of the close of trading on February 1, 2023, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as shown in Table A; or (ii) the purchase/acquisition price minus $13.21.[3]

## ADDITIONAL PROVISIONS

40.     **Calculation of Claimant's "Recognized Claim"**:  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with

---

[3]     Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of CareDx common stock during the "90-day look-back period," November 4, 2022 through and including February 1, 2023. The mean (average) closing price for CareDx common stock during this 90-day look-back period was $13.21.

respect to CareDx common stock.

41.    **FIFO Matching**: If a Class Member made more than one purchase/acquisition or sale of CareDx common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

42.    **"Purchase/Sale" Dates**: Purchases or acquisitions and sales of CareDx common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of CareDx common stock during the Class Period shall not be deemed a purchase, acquisition or sale of CareDx common stock for the calculation of a claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of CareDx common stock unless (i) the donor or decedent purchased or otherwise acquired or sold CareDx common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of CareDx common stock.

43.    **Short Sales**: The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the CareDx common stock. The date of a "short sale" is deemed to be the date of sale of the CareDx common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

44.    In the event that a claimant has an opening short position in CareDx common stock, the earliest purchases or acquisitions of CareDx common stock during the Class Period will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

45.    **Common Stock Purchased/Sold Through the Exercise of Options**: With respect to CareDx common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

46.    **Determination of Distribution Amount**: If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

47.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

48.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

49.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. If there is any balance remaining in the Net Settlement Fund after a reasonable amount of

time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion. These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Council of Institutional Investors.

50.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages expert, Lead Plaintiffs' consulting experts, Defendants, Defendants' counsel, or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, the Defendants and their respective counsel, and all other Released Defendants Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes, or any losses incurred in connection therewith.

51.     The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.CareDxSecuritiesLitigation.com.

**TABLE A**
**Estimated Artificial Inflation with Respect to CareDx Common Stock Transactions**
**May 1, 2020 Through and Including November 3, 2022**

| Date Range of Transaction | Artificial Inflation Per Share |
|---|---|
| 5/1/2020 - 10/28/2021 | $19.65 |
| 10/29/2021 - 1/9/2022 | $0.42 |
| 1/10/2022 - 5/5/2022 | $7.42 |
| 5/6/2022 - 5/22/2022 | $5.57 |
| 5/23/2022 - 9/1/2022 | $3.08 |
| 9/2/2022 - 11/3/2022 | $1.81 |
| 11/4/2022 - Present | $0.00 |

**TABLE B**
**90-Day Look-back Table for CareDx Common Stock**
**Closing Price and Average Closing Price**
**November 4, 2022 through February 1, 2023**

| Date | Closing Price | Average Closing Price Between November 04, 2022 and Date Shown | | Date | Closing Price | Average Closing Price Between November 04, 2022 and Date Shown |
|---|---|---|---|---|---|---|
| 11/4/2022 | $16.02 | $16.02 | | 12/19/2022 | $11.54 | $13.33 |
| 11/7/2022 | $15.86 | $15.94 | | 12/20/2022 | $11.61 | $13.27 |
| 11/8/2022 | $16.42 | $16.10 | | 12/21/2022 | $11.44 | $13.22 |
| 11/9/2022 | $14.84 | $15.79 | | 12/22/2022 | $11.67 | $13.17 |
| 11/10/2022 | $13.10 | $15.25 | | 12/23/2022 | $11.26 | $13.12 |
| 11/11/2022 | $15.34 | $15.26 | | 12/27/2022 | $10.88 | $13.06 |
| 11/14/2022 | $14.20 | $15.11 | | 12/28/2022 | $11.09 | $13.00 |
| 11/15/2022 | $13.81 | $14.95 | | 12/29/2022 | $11.42 | $12.96 |
| 11/16/2022 | $13.64 | $14.80 | | 12/30/2022 | $11.41 | $12.92 |
| 11/17/2022 | $14.56 | $14.78 | | 1/3/2023 | $11.10 | $12.88 |
| 11/18/2022 | $12.85 | $14.60 | | 1/4/2023 | $11.44 | $12.84 |
| 11/21/2022 | $12.46 | $14.43 | | 1/5/2023 | $11.07 | $12.80 |
| 11/22/2022 | $12.42 | $14.27 | | 1/6/2023 | $11.24 | $12.76 |
| 11/23/2022 | $12.71 | $14.16 | | 1/9/2023 | $11.87 | $12.74 |
| 11/25/2022 | $12.79 | $14.07 | | 1/10/2023 | $12.64 | $12.74 |
| 11/28/2022 | $12.39 | $13.96 | | 1/11/2023 | $13.68 | $12.76 |
| 11/29/2022 | $12.06 | $13.85 | | 1/12/2023 | $13.90 | $12.79 |
| 11/30/2022 | $12.95 | $13.80 | | 1/13/2023 | $14.24 | $12.82 |
| 12/1/2022 | $13.18 | $13.77 | | 1/17/2023 | $14.19 | $12.84 |
| 12/2/2022 | $13.22 | $13.74 | | 1/18/2023 | $14.14 | $12.87 |
| 12/5/2022 | $12.53 | $13.68 | | 1/19/2023 | $13.69 | $12.89 |
| 12/6/2022 | $13.19 | $13.66 | | 1/20/2023 | $14.33 | $12.91 |
| 12/7/2022 | $13.06 | $13.63 | | 1/23/2023 | $15.05 | $12.95 |
| 12/8/2022 | $12.71 | $13.60 | | 1/24/2023 | $15.16 | $12.99 |
| 12/9/2022 | $12.29 | $13.54 | | 1/25/2023 | $15.03 | $13.03 |
| 12/12/2022 | $12.65 | $13.51 | | 1/26/2023 | $15.20 | $13.07 |
| 12/13/2022 | $12.57 | $13.47 | | 1/27/2023 | $15.28 | $13.11 |
| 12/14/2022 | $12.85 | $13.45 | | 1/30/2023 | $14.65 | $13.14 |
| 12/15/2022 | $12.55 | $13.42 | | 1/31/2023 | $14.94 | $13.17 |
| 12/16/2022 | $12.42 | $13.39 | | 2/1/2023 | $15.66 | $13.21 |

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

52.    If the Settlement is approved, the Court will enter a judgment (the "Judgment").

The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiffs, and all other Released Plaintiffs Parties (as defined in ¶56 below) shall have waived, released, discharged, and relinquished each and every one of the Released Claims (as defined in ¶53 below), including Unknown Claims (as defined in ¶57 below), against each and every one of the Released Defendants Parties (as defined in ¶55 below) and shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendants Parties, whether or not they execute and deliver the Claim Form or share in the Net Settlement Fund. Claims to enforce the terms of the Settlement are not released.

53. "Released Claims" means all claims (including, but not limited to, Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common or foreign law, by Plaintiffs, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys and agents, whether brought directly or indirectly against any of the Released Defendants Parties, which arise out of, are based on, or relate in any way to, directly or indirectly: (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action; and (ii) the purchase or acquisition of CareDx common stock by any member of the Class during the Class Period. For the avoidance of doubt, "Released Claims" does not include claims to enforce the Settlement.

54. "Released Defendants' Claims" means all claims (including, but not limited to, Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action by the Released Defendants Parties or any of them against any of the Released Plaintiffs Parties, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action (except for claims to enforce the Settlement). Excluded from this definition are any claims by the Released Defendants Parties against Dr. Michael Olymbios, the relator in the action captioned *United States of America, ex. rel. Olymbios v. CareDx, Inc., et al.*, No. 21-CV-00774 (E.D.N.Y.).

55. "Released Defendants Parties" means: (i) each and all of the Defendants; (ii) each of their respective family members (for individuals) and past, present, and future direct and indirect parent entities, subsidiaries, related entities, and affiliates; and (iii) for any of the entities listed in parts (i) and (ii), their respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), insurers, joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof.

56. "Released Plaintiffs Parties" means: (i) each and all of the Plaintiffs and members of the Class; (ii) each of their respective family members, and their respective past, present, and future general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and

any controlling person thereof; and (iii) Lead Counsel and other counsel representing Plaintiffs and the Class.  Excluded from this definition is Dr. Michael Olymbios, the relator in the action captioned *United States of America, ex. rel. Olymbios v. CareDx, Inc., et al.*, No. 21-CV-00774 (E.D.N.Y.).

57.    "Unknown Claims" means any and all Released Claims that Lead Plaintiffs or any other Class Members do not know or suspect to exist in their favor at the time of the release of the Released Defendants Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it, might have affected his, her, or its decision(s) to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth therein, or might have affected his, her, or its decision(s) not to object to this Settlement or not exclude himself, herself, or itself from the Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but such person or entity shall expressly settle and release, and each member of the Class, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non- contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs and Defendants acknowledge and the members of the Class by operation of the Judgment shall be deemed to have acknowledged that the waivers contained in this paragraph, and the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims, were separately bargained for and are material elements of the Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

58.     Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been paid for its expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 30% of the Settlement Amount, plus interest.  At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund for counsel's litigation expenses in a total amount not to exceed $450,000, plus interest. The Court will determine the amount of the award of fees and expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

59.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class, and you must timely complete and return the Claim Form with adequate supporting documentation postmarked or submitted online no later than _____, 2025.  You may go to the website maintained by the Claims Administrator for the Settlement to download a Claim Form.  The website is www.CareDxSecuritiesLitigation.com.  You may also request a Claim Form by calling toll-free 1-_____.  Those who submit a valid and timely request to exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?  HOW DO I EXCLUDE MYSELF?

60.     To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *CareDx Securities Litigation*."  To be valid, your letter must include the number of shares of CareDx common stock purchased/acquired and sold during the Class Period and the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Class Period.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **received no later than _____, 2025** to:

*CareDx Securities Litigation*
c/o A.B. Data, Ltd.
Claims Administrator
EXCLUSIONS
P.O. Box _____
_____

61.     A request for exclusion shall not be effective unless it provides all the information called for in this Notice and is received within the time stated above, or is otherwise accepted by the Court.  If you ask to be excluded, you will not get any payment from the Settlement, and you

cannot object to the Settlement.  If you exclude yourself, you may not send in a Claim Form to ask for any money.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendants Parties about the Released Claims in the future.

62.    Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendants Parties for any and all Released Claims.  If you have a pending lawsuit against the Released Defendants Parties, speak to your lawyer in that case immediately.  You must exclude yourself from the Class in this Action to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2025.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

---

63.    **If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing.  You can object to or participate in the Settlement without attending the Settlement Hearing.**

64.    The Settlement Hearing will be held on _____, 2025, at _____ _.m., before the Honorable Trina L. Thompson, at the United States District Court, Northern District of California, Philip Burton Federal Building & United States Courthouse, Courtroom 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.  The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

65.    Any Class Member who has not submitted a request for exclusion may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[4]  You can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

66.    Any objection to the proposed Settlement must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must: (i) clearly identify the case name and number (*Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDx, Inc., et al.*, No. 3:22-cv-03023-TLT (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing

---

[4]    Lead Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before _____, 2025.

them electronically or in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or received on or before _____, 2025.

67.      The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of CareDx common stock that the objecting Person: (i) owned as of the opening of trading on May 1, 2020; and (ii) purchased and/or sold during the Class Period, as well as the dates and prices for each such purchase and sale, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition, the objector must identify all class action settlements to which the objector and his, her, or its counsel have previously objected.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

68.      You may not object to the Settlement or any aspect of it, if you exclude yourself from the Class.

69.      You may file a written objection without having to appear at the Settlement Hearing.  You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

70.      You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court so that the notice is received on or before ____, 2025.

71.      The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  Class Members should check the Court's PACER site or the Settlement website, www.CareDxSecuritiesLitigation.com.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, or updates regarding in-person, telephonic, or video conference appearances at the hearing, will be posted to the Settlement website.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

| **WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?** |
|---|

72.    If you purchased or otherwise acquired CareDx common stock during the Class Period for the beneficial interest of persons or organizations other than yourself, you must either: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely emailing or mailing of the Postcard Notice, if the nominee elected or elects to do so.  Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free 1-_____, and may be downloaded from the Settlement website, www.CareDxSecuritiesLitigation.com.

| **CAN I SEE THE COURT FILE?**<br>**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
|---|

73.    This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.CareDxSecuritiesLitigation.com, including, among other documents, copies of the Stipulation and Claim Form.  This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Stipulation available at www.CareDxSecuritiesLitigation.com, or by contacting the Claims Administrator at _____. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  All inquiries concerning this Notice or the Claim Form should be directed to:

*CareDx Securities Litigation*
c/o A.B. Data, Ltd.
Claims Administrator
P.O. Box

EX. A-1 NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION - 3:22-cv-03023-TLT (Securities Case)
4916-8575-5195.v5

- 19 -

_____

1-_____

**-or-**

Jason C. Davis
Robbins Geller Rudman & Dowd LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104

Lester R. Hooker
Saxena White P.A.
7777 Glades Road, Suite 300
Boca Raton, FL 33434

*Lead Counsel*

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS' COUNSEL, OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____                    By Order of the Court
                                      United States District Court
                                      Northern District of California

# EXHIBIT A-2

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
JASON C. DAVIS (253370)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jdavis@rgrdlaw.com
        – and –
SPENCER A. BURKHOLZ (147029)
THEODORE J. PINTAR (131372)
HEATHER G. GEIGER (322937)
NICOLE Q. GILLILAND (335132)
EVELYN SANCHEZ GONZALEZ (360232)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
tedp@rgrdlaw.com
hgeiger@rgrdlaw.com
ngilliland@rgrdlaw.com
egonzalez@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL UNION #295 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br>                                  Plaintiff, <br><br>    vs. <br><br> CAREDX, INC., et al., <br><br>                                  Defendants. | Case No. 3:22-cv-03023-TLT (Securities Case) <br><br> <u>CLASS ACTION</u> <br><br> PROOF OF CLAIM AND RELEASE FORM <br><br> EXHIBIT A-2 |

4909-7345-0043.v5

***CareDx Securities Litigation***

**c/o A.B. Data, Ltd.**
**P.O. Box _____**

_____

**Toll-Free Number:  1-_____**
**Email:  info@CareDxSecuritiesLitigation.com**
**Website:  www.CareDxSecuritiesLitigation.com**

### PROOF OF CLAIM AND RELEASE

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, ***received* no later than _____, 2025 or submit it online at the above website on or before _____, 2025**.[1]

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above**.

## PART I – INSTRUCTIONS

### A.    GENERAL INSTRUCTIONS

1.    This Claim Form is directed to all persons who purchased the publicly traded common stock of CareDx, Inc. ("CareDx" or the "Company") during the period from May 1, 2020 through November 3, 2022, inclusive (the "Class Period").[2]  To recover as a member of the Class based on your claims in the action entitled *Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDx, Inc., et al.*, No. 3:22-cv-03023-TLT (N.D. Cal.) (the "Action"), you must complete and, on page [__] hereof, sign this Proof of Claim and Release Form ("Claim Form").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be

---

[1]    This Claim Form incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.CareDxSecuritiesSettlement.com.

[2]    Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are those persons and entities who timely and validly request exclusion from the Class pursuant to the Notice.

rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action.

2.       Submission of this Claim Form, however, does not assure that you will share in the settlement proceeds.

3.       THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE MUST RECEIVE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, AT THE FOLLOWING ADDRESS OR WEBSITE:

*CareDx Securities Litigation*
c/o A.B. Data, Ltd.
Claims Administrator
__P.O. Box _____
_____
www.CareDxSecuritiesLitigation.com

YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR RECEIVED BY MAIL NO LATER THAN _____, 2025.[3]  If you are NOT a member of the Class, as defined below and in the Notice of: (i) Pendency of Class Action, Certification of Class, and Proposed Settlement and Plan of Allocation; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice"), DO NOT submit a Claim Form.

4.       If you are a member of the Class and you do not timely and validly request exclusion from the Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.       It is important that you completely read and understand the Notice that can be found on the Settlement website, www.CareDxSecuritiesLitigation.com, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement

---

[3]       Claim Forms that are legibly postmarked will be treated as received on the postmark date. Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

### B.    CLAIMANT IDENTIFICATION

1.    If you purchased or otherwise acquired CareDx common stock during the Class Period and held the common stock in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or otherwise acquired CareDx common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner, and the third party is the record owner.

2.    Use Part II of this form entitled "Claimant Information" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the CareDx common stock which forms the basis of this claim.  The complete name(s) of the beneficial owner(s) must be entered.   THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF CAREDX COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.    All joint purchasers or acquirers must sign this Claim Form and be identified in Part II.  Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this Claim Form and their titles or capacities must be stated.  The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may

be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.      **One Claim should be submitted for each separate legal entity**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity that includes all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own or owned the CareDx common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

## C.      CLAIM FORM

1.      Use Part III of this form entitled "Schedule of Transactions in CareDx Common Stock" to supply all required details of your transaction(s) in CareDx common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases and all of your sales of CareDx common stock that took place at any time on or between and including May 1, 2020 through February 1, 2023, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim. Also, list the number of shares of CareDx common stock held at the close of trading on April 30, 2020, November 3, 2022, and February 1, 2023.

3.    List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of CareDx common stock set forth in the Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.   THE PARTIES AND THE CLAIMS ADMINISTRATOR DO NOT INDEPENDENTLY HAVE INFORMATION ABOUT YOUR INVESTMENTS IN CAREDX COMMON STOCK.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.   DO NOT SEND ORIGINAL DOCUMENTS.   **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents**.

5.    **PLEASE NOTE**:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund, provided any such share is $10.00 or more.  If the prorated payment to any claimant calculates to less than $10.00, no payment shall be made to that claimant.

6.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, _____, at the address on the first page of the Claim Form, by email at info@CareDxSecuritiesLitigation.com, or by toll-free phone at 1-_____, or you can visit the website, www.CareDxSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

7.      NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the **mandatory** electronic filing requirements and file layout, you may visit the Settlement website at www.CareDxSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@CareDxSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection**.  Only one claim should be submitted for each separate legal entity (*see* above) and the **complete** name of the beneficial owner(s) of the securities must be entered where called for (*see* above).  **No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@CareDxSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**PART II:      CLAIMANT INFORMATION**

_____
Beneficial Owner's Name (First, Middle, Last) or Entity Name (if claimant is not an individual)

_____
Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

_____
Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

_____
Street Address

_____          _____
City                                        State or Province

_____          _____
Zip Code or Postal Code                     Country

_____    Individual
Last Four Digits of Social Security Number    _____    Corporation/Other
or
Taxpayer Identification Number

_____    _____
Area Code    Telephone Number (work)

_____    _____
Area Code    Telephone Number (home)

Email Address:_____
_____
Record Owner's Name (if different from beneficial owner listed above)

**PART III:    SCHEDULE OF TRANSACTIONS IN CAREDX COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information regarding securities other than CareDx common stock.

A.    Number of shares of CareDx common stock held at the close of trading on April 30, 2020.  (Must be documented.)  If none, write "zero": _____

B.    Purchases of CareDx common stock (May 1, 2020 through February 1, 2023, inclusive)[4] (Must be documented.):

| Date of Purchase (Trade Date) Mo. / Day / Year | Number of Shares Purchased | Total Purchase Price (excluding any taxes, commissions, and fees) |
|---|---|---|
| /    / | | $ |
| /    / | | $ |
| /    / | | $ |
| /    / | | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes:  ☐ Yes

_____

[4]    Information requested about your purchases or acquisitions on November 4, 2022, through and including the close of trading on February 1, 2023, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases or acquisitions during this period are not eligible for a recovery because they were made outside the Class Period.

C.    Sales of CareDx common stock (May 1, 2020 through February 1, 2023, inclusive) (Must be documented.):

| Trade Date<br>Mo. / Day / Year | Number of Shares Sold | Total Sales Price<br>(not deducting any taxes, commissions, and fees) |
|---|---|---|
| /      / | | $ |
| /      / | | $ |
| /      / | | $ |
| /      / | | $ |

D.    Number of shares of CareDx common stock held at the close of trading on November 3, 2022.  (Must be documented.)  If none, write "zero": _____

E.    Number of shares of CareDx common stock held at the close of trading on February 1, 2023.  (Must be documented.)  If none, write "zero": _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases or sales of CareDx common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## PART V – RELEASES, WARRANTIES, AND CERTIFICATION

1.      I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Stipulation and that I am (we are) not excluded from the Class.

2.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever release, relinquish, waive, and discharge all of the Released Claims (including Unknown Claims) against each and all of the Released Defendants Parties (as these terms are defined in the Stipulation).

3.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of CareDx common stock and know of no other person having done so on my (our) behalf.

5.      I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases of CareDx common stock during the Class Period, as well as the number of shares held at the close of trading on April 30, 2020, November 3, 2022, and February 1, 2023.

6.      The number(s) shown on this form is (are) the correct SSN/TIN(s).

7.      I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

8.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of §3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 20__,

(Month/Year)

in _____, _____.
      (City)                (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser,
Executor or Administrator)

For Joint Beneficial Purchaser, if any:

_____
(Sign your name here)

_____
(Type or print your name here)

ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.      Please sign the above release and acknowledgment.

2.      Remember to attach copies of supporting documentation.

3.      Do not send original stock certificates. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form and all supporting documentation for your records.

5.      If you move, please send us your new address.

6.      If you have any questions or concerns regarding your claim, contact the Claims Administrator at *CareDx Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box _____, _____, by email at info@CareDxSecuritiesLitigation.com, or by toll-free phone at 1-_____, or you may visit www.CareDxSecuritiesLitigation.com.  DO NOT call CareDx, the other Defendants, or their counsel with questions regarding your claim.

# EXHIBIT A-3

1    ROBBINS GELLER RUDMAN
        & DOWD LLP
2    SHAWN A. WILLIAMS (213113)
     JASON C. DAVIS (253370)
3    Post Montgomery Center
     One Montgomery Street, Suite 1800
4    San Francisco, CA  94104
     Telephone:  415/288-4545
5    415/288-4534 (fax)
     shawnw@rgrdlaw.com
6    jdavis@rgrdlaw.com
            – and –
7    SPENCER A. BURKHOLZ (147029)
     THEODORE J. PINTAR (131372)
8    HEATHER G. GEIGER (322937)
     NICOLE Q. GILLILAND (335132)
9    EVELYN SANCHEZ GONZALEZ (360232)
     655 West Broadway, Suite 1900
10   San Diego, CA  92101
     Telephone:  619/231-1058
11   619/231-7423 (fax)
     spenceb@rgrdlaw.com
12   tedp@rgrdlaw.com
     hgeiger@rgrdlaw.com
13   ngilliland@rgrdlaw.com
     egonzalez@rgrdlaw.com
14
     Lead Counsel for Lead Plaintiffs
15
                    UNITED STATES DISTRICT COURT
16
                 NORTHERN DISTRICT OF CALIFORNIA
17
                       SAN FRANCISCO DIVISION
18
     PLUMBERS & PIPEFITTERS LOCAL      )   Case No. 3:22-cv-03023-TLT (Securities
19   UNION #295 PENSION FUND, Individually )   Case)
     and on Behalf of All Others Similarly Situated, )
20                                       )   CLASS ACTION
                            Plaintiff,   )
21                                       )   SUMMARY NOTICE
             vs.                         )
22                                       )   EXHIBIT A-3
     CAREDX, INC., et al.,               )
23                                       )
                            Defendants.  )
24   _____ )
25
26
27
28

4911-9606-5596.v5

*IF YOU PURCHASED CAREDX, INC. ("CAREDX") COMMON STOCK DURING THE PERIOD BETWEEN MAY 1, 2020 AND NOVEMBER 3, 2022, INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.  CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.*[1]

THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Northern District of California, that in the above-captioned litigation (the "Action"), a settlement has been proposed for $20,250,000.00 in cash (the "Settlement").  A hearing will be held on _____, 2025, at __:__ _.m., before the Honorable Trina L. Thompson, at the United States District Court, Northern District of California, Philip Burton Federal Building & United States Courthouse, Courtroom 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, for the purpose of determining whether: (i) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; (iii) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, and awards to Lead Plaintiffs should be granted; and (iv) the judgment as provided under the Stipulation should be entered dismissing the Action with prejudice.

The Court may adjourn the Settlement Hearing without further written notice of any kind to the Class.  Class Members should check the Court's PACER site or the Settlement Website, www.CareDxSecuritiesLitigation.com.  Any updates regarding the Settlement Hearing, including

---

[1]    The capitalized terms not otherwise defined herein shall have the same meaning as they have in the Stipulation of Settlement ("Stipulation").  The Stipulation can be viewed and/or obtained at www.CareDxSecuritiesLitigation.com (the "Settlement Website"), the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, visiting the office of the Clerk of the Court, or by contacting the Claims Administrator or Lead Counsel as described herein.  For the precise terms of the Settlement, please see the Stipulation and/or the Notice.

1    any changes to the date or time of the hearing or updates regarding in-person, telephonic, or video

2    conference appearances at the hearing, will be posted to the Settlement Website.

3    **IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS**

4    **MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY**

5    **BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND**.  You may obtain a copy

6    of the Stipulation, the long form Notice, and the Proof of Claim and Release form ("Proof of

7    Claim") at www.CareDxSecuritiesLitigation.com or by contacting the Claims Administrator:

8    *CareDx Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box _____, _____; 1-

9    _____.  Copies of the Notice and the Proof of Claim are also available by accessing the Court

10   docket in this case, for a fee, through PACER or by visiting the Office of the Clerk of Court, United

11   States District Court for the Northern District of California, Philip Burton Federal Building &

12   United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 or any other

13   location of the Northern District of California between 9:00 a.m. and 4:00 p.m., Monday through

14   Friday, excluding Court holidays.

15   If you are a Class Member, to be eligible to share in the distribution of the Net Settlement

16   Fund, you must submit a Proof of Claim by mail received no later than _____, 2025, or

17   submit it online by that date.[2]  If you are a Class Member and do not submit a valid Proof of Claim,

18   you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be

19   bound by any judgment entered by the Court in this Action (including the releases provided for

20   therein).

21   To exclude yourself from the Class, you must mail a written request for exclusion such that

22   it is **received by ____, 2025**, in the manner and form explained in the Notice.  If you are a Class

23   Member and have not excluded yourself from the Class, you will be bound by any judgment

24   entered by the Court in this Action (including the releases provided for therein) whether or not you

25

26

27   [2]    Proofs of Claim, requests for exclusion, and objections that are legibly postmarked will be
28   treated as received on the postmark date.

1  submit a Proof of Claim.  If you submitted a valid request for exclusion, you will have no right to

2  recover money pursuant to the Settlement.

3      Any objection to the proposed Settlement, the Plan of Allocation, or the fee and expense

4  application must be filed with the Court no later than _____, 2025.[3]

5  **PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE,**

6  **DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**  If you

7  have any questions about the Settlement, or your eligibility to participate in the Settlement, you

8  may contact the Claims Administrator or Lead Counsel at the following addresses or by calling 1-

9  800-449-4900:

10

| | |
|---|---|
| ROBBINS GELLER RUDMAN & DOWD LLP<br>JASON C. DAVIS<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA  94104<br>settlementinfo@rgrdlaw.com | SAXENA WHITE P.A.<br>LESTER R. HOOKER<br>7777 Glades Road<br>Suite 300<br>Boca Raton, FL 33434<br>lhooker@saxenawhite.com |

15

16  DATED: _____    BY ORDER OF THE COURT
                                 UNITED STATES DISTRICT COURT
17                               NORTHERN DISTRICT OF CALIFORNIA

18

19

20

21

22

23

24

---

[3]    You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or deny the Settlement and cannot change the terms.  If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must clearly identify the case name and number (*Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDx, Inc., et al.*, No. 3:22-cv-03023-TLT (N.D. Cal.)), and include all information required by the Court as detailed in the Notice.

EX. A-3 SUMMARY NOTICE - 3:22-cv-03023-TLT (Securities Case)    - 3 -
4911-9606-5596.v5

# EXHIBIT A-4

**POSTCARD NOTICE OF: (i) PENDENCY OF CLASS ACTION, CERTIFICATION OF CLASS, AND PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (ii) SETTLEMENT FAIRNESS HEARING; AND (iii) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDx, Inc., et al.*,
No. 3:22-cv-03023-TLT (N.D. Cal.)
c/o  A.B. Data, Ltd.
P.O. Box _____
_____


www.CareDxSecuritiesLitigation.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read this notice carefully.

4919-7194-6556.v4

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.CAREDXSECURITIESLITIGATION.COM OR CALL 1-_____ FOR MORE INFORMATION.

If you purchased CareDx, Inc. ("CareDx" or the "Company") common stock between May 1, 2020 and November 3, 2022, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in this action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be held on _____, 2025, at _____ ("Settlement Hearing"), before the Honorable Trina L. Thompson at the United States District Court for the Northern District of California, Philip Burton Federal Building & United States Courthouse, Courtroom 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 to determine whether the proposed settlement of the Action against Defendants CareDx, Peter Maag, and Reginald Seeto for $20.25 million and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 30% of the Settlement Amount, plus interest, and expenses not to exceed $450,000, plus interest, and awards to Lead Plaintiffs, should be granted. All capitalized terms used herein that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the U.S. securities laws, Defendants made material misrepresentations and omissions, with scienter, in connection with the Company's compliance-with-law statements and statements about testing services revenue and historical RemoTraC data. Defendants deny these allegations. For a full description of the Settlement and your rights and to make a claim, you may obtain the Stipulation, long-form Notice; and the Proof of Claim and Release form ("Claim Form") by visiting the website: www.CareDxSecuritiesLitigation.com ("Settlement Website") or you may request copies from the Claims Administrator by: (i) mail: *CareDx Securities Litigation*, c/o _A.B. Data, Ltd., P.O. Box _____, _____; or (ii) call toll-free: 1-_____.

To qualify for payment, you must submit a valid Claim Form, with supporting documentation, received no later than _____, 2025.[1] You will be bound by any Judgment entered in the Action, regardless of whether you submit a Claim Form, unless you exclude yourself from the Class. If you exclude yourself from the Class, you cannot get money from this Settlement. If you want to exclude yourself from the Class, you must submit a request for exclusion, such that it is received no later than ____, 2025, to: *CareDx Securities Litigation*, Exclusions, c/o A.B. Data, Ltd., P.O. Box ___, _____. If you do not exclude yourself and stay in the Class, you may object to the Settlement, Plan of Allocation, and/or the request for an award of attorneys' fees and expenses and awards to Lead Plaintiffs no later than _____, 2025. The long-form Notice and the Settlement Website explain how to exclude yourself from the Class or how to object.

---

[1]    Proofs of Claim, requests for exclusion, and objections that are legibly postmarked will be treated as received on the postmark date.

4919-7194-6556.v4

Lead Plaintiffs and the Class are represented by Lead Counsel: Jason C. Davis at Robbins Geller Rudman & Dowd LLP, Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, CA  94104, settlementinfo@rgrdlaw.com, and Lester R. Hooker at Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, lhooker@saxenawhite.com.  You may, but do not have to, attend the Settlement Hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.  Please check the Settlement Website or the Court's PACER site to confirm that the date/or time has not been changed.  As detailed in the long-form Notice, you may access the case docket via PACER or in person at any of the Court's locations.

4919-7194-6556.v4