ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
JASON C. DAVIS (253370)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jdavis@rgrdlaw.com
        – and –
SPENCER A. BURKHOLZ (147029)
THEODORE J. PINTAR (131372)
HEATHER G. GEIGER (322937)
NICOLE Q. GILLILAND (335132)
EVELYN SANCHEZ GONZALEZ (360232)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
tedp@rgrdlaw.com
hgeiger@rgrdlaw.com
ngilliland@rgrdlaw.com
egonzalez@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL UNION #295 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CAREDX, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:22-cv-03023-TLT (Securities Case)<br><br>CLASS ACTION<br><br>REPLY MEMORANDUM AND STATEMENT OF NON-OPPOSITION IN FURTHER SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION, AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)<br><br>DATE:　　December 2, 2025<br>TIME:　　2:00 p.m.<br>DEPT:　　Courtroom 9, 19th Floor<br>JUDGE:　　Honorable Trina L. Thompson |

Lead Plaintiffs Oklahoma Police Pension and Retirement System, Sheet Metal Workers Local 19 Pension Fund, Local 353, I.B.E.W. Pension Fund, and Beaumont Firemen's Relief & Retirement Fund ("Lead Plaintiffs") and Lead Counsel Robbins Geller Rudman & Dowd LLP and Saxena White P.A. ("Lead Counsel") respectfully submit this reply memorandum in further support of Lead Plaintiffs' motion for final approval of the class action settlement and approval of the Plan of Allocation (ECF 189), and Lead Counsel's motion for an award of attorneys' fees and expenses and awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 190).[1]

## I.    INTRODUCTION

Although class actions regularly elicit objections to either the settlement terms or requested fees, the period of time to object in this case has passed, and ***not a single Class Member has objected to the Settlement or fee request, nor has any Class Member opted out***.  This complete lack of objection "'is perhaps the most significant factor to be weighed in considering [the Settlement's] adequacy.'" *In re Rambus Inc. Derivative Litig.*, 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009); *see also In re ImmunityBio, Inc. Sec. Litig.*, 2025 WL 1686263, at *11 (S.D. Cal. June 16, 2025) ("An overwhelmingly positive reaction of class members to a proposed settlement significantly weighs in favor of the settlement's adequacy.").[2]  It is a testament to the fairness, adequacy, and reasonableness of the proposed Settlement, the proposed Plan of Allocation, and the requested fee and expense awards, and further underscores why each warrants the Court's approval.

## II.    ARGUMENT

### A.    The Notice Provided to the Class Met All Due Process Requirements

As detailed in prior submissions, the comprehensive notice program approved by the Court and implemented here was "the best notice that [was] practicable under the circumstances, including individual notice to all members who [could] be identified through reasonable effort."  Fed. R. Civ.

---

[1]    Unless otherwise noted, all capitalized terms not defined herein have the same meaning set forth in the Stipulation of Settlement dated May 16, 2025 (ECF 177-2).

[2]    Citations are omitted throughout unless otherwise indicated.

P. 23(c)(2)(B); *see* ECF 177, §VII; ECF 189, §V.  To date, the Claims Administrator has mailed or emailed a total of 31,210 Postcard Notices to potential Class Members and Nominees; the Summary Notice was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and all pertinent information has been posted and made available on the website dedicated to the Settlement.[3] *See* Declaration of Kathleen Brauns Regarding: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; (C) Establishment of Settlement Website and Call Center Services; and (D) Report on Exclusions and Objections dated September 30, 2025 ("Brauns Decl.") (ECF 191-5, ¶¶12-16), and Supplemental Declaration of Kathleen Brauns Regarding: (A) Continued Mailing of the Postcard Notice; (B) Update on Settlement Website and Call Center Services; (C) Report on Exclusions and Objections; and (D) Claims Received to Date, dated October 28, 2025 ("Brauns Suppl. Decl."), ¶¶4-5, filed herewith.

This notice program is very similar to those approved and employed in other securities class actions in this District.  *See, e.g.*, *In re Alphabet, Inc. Sec. Litig.*, 2024 WL 4354988, at *4 (N.D. Cal. Sept. 30, 2024) (Thompson, J.); *Lamartina v. VMWare, Inc.*, 2025 WL 1085566, at *1 (N.D. Cal. Mar. 31, 2025).  The Court here should likewise conclude that Lead Counsel here has provided the best notice practicable, as Rule 23 requires and due process demands.

### B.   The Reaction of the Class Strongly Supports Approval of the Settlement and Plan of Allocation

In determining whether to approve the Settlement and Plan of Allocation, the Court may now assess the final factor provided in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), given that the October 14, 2025 objection deadline has passed: "the reaction of the class members to the proposed settlement."  *Id.* at 1026.  That reaction – as measured by objections – has been wholly

---

[3]   Regarding claims received to date, through October 28, 2025, A.B. Data has received 1,102 Claims.  Brauns Suppl. Decl., ¶12.  The Notice informed potential Class Members that to receive a payment under the Settlement, they needed to submit a Proof of Claim to A.B. Data such that it was postmarked or submitted online by November 12, 2025.  Notably, the majority of institutional investors, brokers, and nominees typically file claims at or near the claims deadline.  *Id.*, ¶12, n.2.  And given that all claims require a comprehensive review, it is not possible at this time to report the number of valid and invalid Claims that have been received to date.  *Id.*

REPLY MEMO & STATEMENT OF NON-OPPOSITION IN FURTHER SUPPORT OF LEAD PLAINTIFFS' MOT FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT & APPROVAL OF PLAN OF ALLOCATION, & LEAD COUNSEL'S MOT FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES & AWARD TO CLASS REPRESENTATIVE PURSUANT TO 15 U.S.C. §78u-4(a)(4)- 3:22-cv-03023-TLT (Securities Case)

positive and further supports final approval of the Settlement.  *See id.*

Indeed, ***no*** Class Member has objected to any aspect of the Settlement, satisfying "'perhaps the most significant factor to be weighed in considering [the Settlement's] adequacy.'" *Rambus*, 2009 WL 166689, at *3; *see also Fleming v. Impax Laboratories Inc.*, 2022 WL 2789496, at *7 (N.D. Cal. July 15, 2022) ("the absence of objections indicates strong support among the Class Members and weighs in favor of approval").  And of particular significance, no institutional investors, those Class Members typically with the largest amounts at stake, objected to either the Settlement or the Plan of Allocation, indicating a full endorsement from sophisticated institutional investors.  *In re Regulus Therapeutics Inc. Sec. Litig.*, 2020 WL 6381898, at *6 (S.D. Cal. Oct. 30, 2020) ("the "lack of objections from such institutions indicates that the settlement is fair and reasonable"); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *14 (N.D. Cal. Feb. 11, 2016) (finding that lack of opt-outs from institutional investors "strongly supports" final approval of settlement).  This "unanimous, positive reaction to the Proposed Settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate."  *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004).  Similarly, the lack of objections to the proposed Plan of Allocation provides firm support for its approval.  *See, e.g.*, *In re Stable Rd. Acquisition Corp.*, 2024 WL 3643393, at *10 (C.D. Cal. Apr. 23, 2024) ("Moreover, to date, no Settlement Class Members have objected to the Plan of Allocation."); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *11-*12 (C.D. Cal. June 10, 2005) (reaction of the class supported approval of the plan of allocation).  Accordingly, the Court should approve the Settlement and Plan of Allocation here as fair, adequate, and reasonable.

**C.    The Settlement Class's Unanimous Endorsement of the Fee and Expense Application Strongly Supports Final Approval**

The Notice indicated that Lead Counsel intended to seek a fee not to exceed 30% of the Settlement Amount, payment of litigation expenses not to exceed $450,000, and Lead Plaintiffs would each seek up to $7,500 as an award pursuant to 15 U.S.C. §78u-4(a)(4).  The fee award of 25% of the Settlement Fund (the Settlement Amount, plus all interest accrued thereon) that Lead

Counsel now seeks (*see* ECF 190) has the support of Lead Plaintiffs and, based on the lack of any objection, the entire Class. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) ("The reaction of the class may also be a determining factor in . . . determining the fee award."). Given the frequency of objections, that there are no objections here, particularly from any sophisticated institutional investor, weighs strongly in favor of granting the requested attorneys' fees and expenses. *See Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *15 (N.D. Cal. Dec. 18, 2018) ("As with the Settlement itself, the lack of objections from institutional investors 'who presumably had the means, the motive, and the sophistication to raise objections' [to the attorneys' fee] weighs in favor of approval.").

The lack of a single objection, in combination with other considerations, strongly supports the requested award of attorneys' fees and expenses. The 25% fee request is well within the range of (and indeed, below) the percentage fees awarded in similar securities class actions. *See, e.g.*, *Impax*, 2022 WL 2789496, at *8 (awarding 30% of $33 million settlement). The appropriateness of Lead Counsel's fee request is further confirmed with a cross check against their lodestar, which reflects a negative multiplier of 0.88 and thus is presumptively reasonable. *See Wong v. Arlo Techs., Inc.*, 2021 WL 1531171, at *11 (N.D. Cal. Apr. 19, 2021) ("a multiplier below 1.0 is below the range typically awarded by courts and is presumptively reasonable"). Moreover, Lead Plaintiffs' reimbursement awards are particularly appropriate here given Lead Plaintiffs' extensive participation in the Action and the lack of objections or oppositions to the request.

Accordingly, the Court should approve Lead Counsel's request for an award of attorneys' fees of 25% of the Settlement Amount, payment of $368,880.02 for litigation expenses, plus interest on both amounts at the same rate as earned by the Settlement Fund, and, pursuant to 15 U.S.C. §78u-4(a)(4), award $6,300 to Oklahoma Police Pension and Retirement System, $7,500 to Sheet Metal Workers Local 19 Pension Fund, $3,340 to Local 353, I.B.E.W. Pension Fund, and $3,500 to Beaumont Firemen's Relief & Retirement Fund in connection with their representation of the Class.

## III.    CONCLUSION

Lead Plaintiffs and Lead Counsel obtained an exceptional result for the Class, and the Class agrees.  For the reasons set forth above and in their previously filed briefs and declarations, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation, as well as the request for attorneys' fees, payment of expenses, and awards to Lead Plaintiffs.  Proposed orders are submitted herewith.

DATED:  October 28, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
JASON C. DAVIS

_s/Jason C. Davis_
JASON C. DAVIS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jdavis@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
THEODORE J. PINTAR
HEATHER G. GEIGER
NICOLE Q. GILLILAND
EVELYN SANCHEZ GONZALEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
tedp@rgrdlaw.com
hgeiger@rgrdlaw.com
ngilliland@rgrdlaw.com
egonzalez@rgrdlaw.com

SAXENA WHITE P.A.
DAVID R. KAPLAN
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA  92075
Telephone:  858/997-0860
858/369-0096 (fax)
dkaplan@saxenawhite.com

SAXENA WHITE P.A.
STEVEN B. SINGER
RACHEL A. AVAN
JOSHUA H. SALTZMAN (admitted *pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY  10606
Telephone:  914/437-8551
888/631-3611 (fax)
ssinger@saxenawhite.com
ravan@saxenawhite.com
jsaltzman@saxenawhite.com

SAXENA WHITE P.A.
LESTER R. HOOKER

7777 Glades Road, Suite 300
Boca Raton, FL  33434
Telephone:  561/394-3399
561/394-3382 (fax)
lhooker@saxenawhite.com

Lead Counsel for Lead Plaintiffs

REPLY MEMO & STATEMENT OF NON-OPPOSITION IN FURTHER SUPPORT OF LEAD PLAINTIFFS' MOT FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT & APPROVAL OF PLAN OF ALLOCATION, & LEAD COUNSEL'S MOT FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES & AWARD TO CLASS REPRESENTATIVE PURSUANT TO 15 U.S.C. §78u-4(a)(4)- 3:22-cv-03023-TLT (Securities Case)

- 6 -